UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-3135, 22-1060

**Caption [use short title]**

**Motion for:** consolidation

Set forth below precise, complete statement of relief sought:

consolidate these two appeals, and place 22-1060 in abeyance on the same terms that 15-3135 is already in abeyance

Sokolow v. Palestine Liberation Org.

**MOVING PARTY:** United States (intervenor-appellant)    **OPPOSING PARTY:** Palestine Liberation Org.

☐ Plaintiff    ☐ Defendant
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Benjamin H. Torrance    **OPPOSING ATTORNEY:** Mitchell Berger

[name of attorney, with firm, address, phone number and e-mail]

US Attorney's Office, SDNY
86 Chambers St., New York NY 10007
212.637.2703; benjamin.torrance@usdoj.gov

Squire Patton Boggs LLP
2550 M St. NW, Washington DC 20037
202.457.5601; mitchell.berger@squirepb.com

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):_____

Opposing counsel's position on motion:
☑ Unopposed    ☐ Opposed    ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☑ No    ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Benjamin H. Torrance    Date: 7 June 2022    Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------x

Sokolow v. Palestine Liberation Organization,    Nos. 15-3135, 22-1060


------------------------------------------------------------x

### United States of America's Memorandum in Support of Uncontested Motion to Consolidate Appeals

With the consent of plaintiffs and defendants in the above-captioned appeals, intervenor-appellant the United States (the "government") respectfully moves the Court to consolidate these appeals, and then place appeal number 22-1060 on the same schedule as 15-3135, which is now held in abeyance. Consolidation of the above appeals would serve the interest of judicial economy because the appeals arise from the same decision of the district court and raise the same issue: whether the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e), is constitutional.

### Statement of the Case

Factual Background

Plaintiffs commenced this action in the district court under the Anti-Terrorism Act of 1992 in 2004. (S.D.N.Y. Docket No. 04-397 ("D. Ct.

ECF")). The case has generated much litigation over the course of eighteen years, but as relevant here: plaintiffs obtained a judgment against defendants in 2015 following a trial. (D. Ct. ECF 980). Defendants then appealed to this Court, which vacated that judgment for lack of personal jurisdiction. *Waldman v. Palestine Liberation Organization*, 835 F.3d 317 (2d Cir. 2016). Congress then enacted the Anti-Terrorism Clarification Act, which provided additional bases for plaintiffs to assert personal jurisdiction, but the Court again held that the district court lacked personal jurisdiction. *Waldman v. PLO*, 925 F.3d 570 (2d Cir. 2019). Congress responded by enacting the PSJVTA. In light of that statute, the Supreme Court vacated this Court's 2019 decision, and this Court in turn remanded to the district court for consideration of the applicability and constitutionality of the PSJVTA, while retaining jurisdiction for further proceedings on appeal. (No. 15-3135, ECF No. 366 (Sept. 8, 2020)).

While the case was pending before the district court on remand, the government intervened to defend the constitutionality of the PSJVTA. (D. Ct. ECF 1042). The district court then held the statute unconstitutional. (D. Ct. ECF 1054). Defendants then reinstated the

2

appeal in 15-3135 by informing the Court that the remand had been fulfilled. (No. 15-3135, ECF No. 371). Because a motion for reconsideration was pending in the district court, this Court placed the reinstated appeal in abeyance. (No. 15-3135, ECF No. 396). The government then filed its own appeal from the district court's order, docketed as No. 22-1060.

## Argument

The United States respectfully requests that the Court consolidate the above- captioned appeals, and place the appeal in 22-1060 in abeyance on the same terms that 15-3135 is already in abeyance, so that they will proceed on the same schedule.

The Court has authority to consolidate appeals under Federal Rule of Appellate Procedure 3(b)(2). Consolidation is appropriate when it is in the "interest of judicial economy" and may "avoid[] repetitive and potentially conflicting dispositions." *Jones v. Smith*, 784 F.2d 149, 151 (2d Cir. 1986); *accord* 16A Charles Alan Wright et al., *Federal Practice and Procedure* § 3949.2 (4th ed. 2009) ("A court of appeals may choose to consolidate appeals for the sake of efficiency and to promote consistent treatment.").

The sole issue now before this Court in both appeals is whether the district court's order of March 10, 2022, which held the PSJVTA unconstitutional, is correct. The appeal in 15-3135 is a reinstatement of the prior appeal, following this Court's instruction to the district court to consider the applicability and constitutionality of the PSJVTA; accordingly, that appeal as it now stands will review the district court's post-remand order of March 10, 2022. The appeal in 22-1060 is the government's appeal from the same order. They should accordingly be considered together, as they present the same question arising from the same order of the district court. Considering these appeals together would thus further judicial economy and avoid repetitive and potentially conflicting decisions.

Moreover, the two appeals should proceed on the same schedule. As noted above, 15-3135 has been placed in abeyance pending the district court's resolution of a motion for reconsideration. That same reason counsels in favor of placing the second appeal, 22-1060, in abeyance on the same terms, so that when the cases are briefed to this Court, they proceed on the same schedule.

4

# Conclusion

Accordingly, the Court should consolidate the above-captioned appeals, and place 22-1060 in abeyance on the same terms as 15-3135.

Dated: New York, New York
June 7, 2022

                                                          Respectfully submitted,

                                                          DAMIAN WILLIAMS,
                                                          United States Attorney for the
                                                          Southern District of New York,
                                                             Attorney for Intervenor-Appellant
                                                          86 Chambers Street
                                                          New York, New York 10007
                                                          Telephone: 212.637.2703
                                                          E-mail: benjamin.torrance@usdoj.gov

BENJAMIN H. TORRANCE,
Assistant United States Attorney,
      Of Counsel.

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 693 words.