UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **15-3135, 15-3151, 22-1060**                    _____ Caption [use short title] _____

Motion for: **Vacate Temporary Stay**

_____

_____

Set forth below precise, complete statement of relief sought:

**Now that the district court has denied Plaintiffs' motion for reconsideration, Defendants request that the Court vacate the temporary stay entered on April 15, 2022, and allow the parties to proceed with full merits briefing.**

**Sokolow v. Palestine Liberation Organization**

_____

MOVING PARTY: **Palestine Liberation Organization, et al.**   OPPOSING PARTY: **Sokolow, et al.**

☐ Plaintiff          ☑ Defendant

☐ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Gassan A. Baloul**   OPPOSING ATTORNEY: **Kent A. Yalowitz**

[name of attorney, with firm, address, phone number and e-mail]

**Squire Patton Boggs (US) LLP**          **Arnold & Porter Kaye Scholer LLP**

**2550 M Street, NW**                     **250 West 55th Street**

**Washington, DC  20037**                 **New York, NY  10019**

Court- Judge/ Agency appealed from: **Southern District of New York -- Judge George B. Daniels**

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☐ Unopposed   ☑ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes   ☐ No   ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:   _____
_____
_____
_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

Signature of Moving Attorney:

**/s/ Gassan A. Baloul**_____ Date: **6/27/22**_____   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 15-3135(L)

## 15-3151 (XAP); 22-1060

### United States Court of Appeals

#### FOR THE

### Second Circuit

◆◆

*MARK I. SOKOLOW, ET AL.,*

*Plaintiffs-Appellees-Cross-Appellants,*

*UNITED STATES OF AMERICA,*

*Intervenor-Appellant,*

v.

*PALESTINE LIBERATION ORGANIZATION, ET AL.,*

*Defendants-Appellants-Cross-Appellees.*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

## MOTION TO VACATE TEMPORARY STAY

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellants-
Cross-Appellees*

Defendants-Appellants the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") respectfully request that the Court lift the temporary stay entered in these consolidated appeals on April 15, 2022, and allow the parties to proceed with full briefing. This Court granted the temporary stay at Plaintiffs' request, "pending the district court's decision on [Plaintiffs'] motion for reconsideration." Order, ECF 397, Case No. 15-3135 (2d Cir. April 15, 2022). On June 15, 2022, the district court (Daniels, J.) denied Plaintiffs' motion for reconsideration, reaffirming its conclusion that the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA") (codified at 18 U.S.C. § 2334(e)) violates the Fifth Amendment's Due Process Clause. *See* Ex. A (attached). Accordingly, there is no longer any reason to stay proceedings in this Court, and proceedings in these consolidated appeals should now resume consistent with the Supreme Court's remand to this Court "for further consideration in light of the [PSJVTA]." 140 S. Ct. 2714 (April 27, 2020).

## BACKGROUND

This Court first addressed the constitutionality of exercising personal jurisdiction over Defendants in this case nearly 6 years ago. In *Waldman I*, this Court held that exercising personal jurisdiction over Defendants would violate the Due Process Clause, and remanded to the district court with instructions to dismiss Plaintiffs' claims for lack of personal jurisdiction. *See Waldman v. PLO* ("*Waldman*

*I*"), 835 F.3d 317, 322 (2d Cir. 2016). Congress attempted to undo *Waldman I* through the Anti-Terrorism Clarification Act of 2018 ("ATCA"), based on which Plaintiffs moved this Court unsuccessfully to recall the *Waldman I* mandate. *See Waldman v. PLO*, 925 F.3d 570 (2d Cir. 2019) ("*Waldman II*").

Yet again in 2020, Congress attempted to undo *Waldman I* (for the second time) by passing the PSJVTA. The PSJVTA mandates that Defendants shall be "deemed" to have "consented" to personal jurisdiction in the United States if they make certain payments in Palestine or engage in any non-exempt activities in the United States. 18 U.S.C. § 2334(e). On Plaintiffs' petition for certiorari, the Supreme Court vacated *Waldman II* and remanded for further consideration in light of the PSJVTA. This Court, in turn, remanded to the district court "for the limited purposes" of deciding: (1) "the applicability of the PSJVTA to this case" and (2) "any issues regarding its application to this case including its constitutionality." Remand Order, ECF 369, Case No. 15-3135, ECF 369 (2d Cir. Sept. 8, 2020). The panel further instructed, citing *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), that "[a]fter the district court has concluded its consideration, the case will be returned to this Court for further proceedings." *Id.*

On March 10, 2022, the district court issued a decision holding (1) the PSJVTA is applicable to this case, and (2) the PSJVTA violates the Fifth Amendment's Due Process Clause, and is therefore unconstitutional. *See* Mem.

Decision & Order, ECF 1054, Case No. 1:04-cv-00397 (S.D.N.Y. Mar. 10, 2022). Following the district court's decision, this Court issued an order recalling the mandate and reinstating the appeal. *See* Order, ECF 376, Case No. 15-3135 (2d Cir. Mar. 24, 2022). Plaintiffs then filed a motion to "stay proceedings in this case until the District Court completes its consideration of Plaintiffs' motion for reconsideration," arguing that reinstatement of the appeal was premature because their motion for reconsideration requested "additional findings of fact" from the district court. *See* Pls. Mot. to Stay at 1, ECF 382, Case No. 15-3135 (2d Cir. Mar. 25, 2022) (emphasis added).

On April 15, 2022, this Court granted Plaintiffs' request and stayed further proceedings on appeal "pending the district court's decision on [Plaintiffs'] motion for reconsideration." Order, ECF 397, Case No. 15-3135 (2d Cir. April 15, 2022) (emphasis added). Two months later, the district court denied Plaintiffs' motion for reconsideration, reaffirming its earlier conclusion that "the exercise of jurisdiction under either of the PSJVTA's two jurisdiction-triggering prongs would violate due process. The statute is therefore unconstitutional." Ex A at 6. Because the district court's decision satisfies the terms of the temporary stay issued by this Court, Defendants now move to vacate the stay and resume proceedings before this Court consistent with the Supreme Court's mandate.

3

# ARGUMENT

I. **The Denial of Plaintiffs' Motion for Reconsideration Indisputably Brought the District Court Proceedings to a Close, Eliminating the Need for a Stay.**

At Plaintiffs' request, this Court granted a temporary stay of appellate proceedings for the limited purpose of allowing the district court to consider Plaintiffs' motion for reconsideration. *See* Pls. Mot. to Stay at 1, ECF 382, Case No. 15-3135 (2d Cir. Mar. 25, 2022) (seeking a temporary stay "until the District Court completes its consideration of Plaintiffs' motion for reconsideration"); Order, ECF 397, Case No. 15-3135 (2d Cir. April 15, 2022) (granting stay "pending the district court's decision on [the reconsideration motion]"). The district court completed its consideration of Plaintiffs' motion for reconsideration on June 15, 2022, denying Plaintiffs' request for relief and reaffirming its earlier conclusion that the PSJVTA violates the Fifth Amendment's Due Process Clause. *See* Ex. A. That decision indisputably draws the district court proceedings in this case to a close, and resolves Plaintiffs' stated basis for seeking—and this Court's reason for granting—a stay in the first instance.

Any further delay in this case would frustrate both the Supreme Court's mandate and the objectives of this Court's limited remand to the district court. More than two years ago, the Supreme Court remanded *Waldman I* to this Court "for further consideration in light of the [PSJVTA]." 140 S. Ct. 2714 (April 27, 2020).

4

To facilitate compliance with the Supreme Court's mandate, this Court issued a limited *Jacobson* remand and instructed that "[a]fter the district court has concluded its consideration, the case will be returned to this Court for further proceedings." Remand Order, ECF 369, Case No. 15-3135, ECF 369 (2d Cir. Sept. 8, 2020). This Court resumed jurisdiction over the appeal on March 24, 2022 (*see* ECF 375 & 376), and only held proceedings in abeyance temporarily "pending" the district court's decision on reconsideration. Order, ECF 397, Case No. 15-3135 (2d Cir. April 15, 2022). Now that the lower court has denied reconsideration, there is no reason to delay the "further consideration" mandated by the Supreme Court.

## II. There Is No Reason to Further Delay Proceedings in this Case Pending the Outcome in *Fuld*.

Despite the fact that the district court's denial of their motion for reconsideration obviates Plaintiffs' stated basis for seeking a stay in the first instance, Plaintiffs have nonetheless indicated by letter (*see* ECF 411) that they now intend to seek an <u>indefinite</u> stay of proceedings in this case pending the outcome in a related case, *Fuld v. PLO* (2d Cir. Nos. 22-76 & 22-496). Notably, the U.S. Government, as Intervenor-Appellant, did <u>not</u> join in Plaintiffs' request, and has indicated through counsel that it does not oppose Defendants' Motion to Vacate the Temporary Stay and does not plan to file a response to Defendants' Motion.

Although Plaintiffs fail to acknowledge as much in their letter, their reason for seeking an indefinite stay pending the outcome in *Fuld* is transparent: in that

case, the *Fuld* plaintiffs—represented by the same counsel—have expressly asked the panel to "reconsider" this Court's prior decision <u>in this case</u> via the "mini *en banc*" process. *See* Pls. Br. at 48-63, *Fuld v. PLO*, Nos. 22-76 & 22-496 (2d Cir. June 21, 2022) (asking the Court to "reconsider *Waldman*"). Plaintiffs' counsel seek, in other words, an indefinite stay of further proceedings in this case, while they try to convince another panel to overrule this panel's prior ruling.

This Court should reject Plaintiffs' purely tactical request to delay further proceedings in this case, which has now been pending on this Court's docket—in one form or another—for seven years. As this Court apparently recognized in denying consolidation of these (*Sokolow*/*Waldman*) appeals with the *Fuld* appeal (*see* ECF 375), this case requires separate proceedings to fulfill the Supreme Court's mandate for further consideration in light of the PSJVTA. In *Waldman I*, this Court expressly held that the exercise of personal jurisdiction over Defendants in this case would violate the Due Process Clause of the Fifth Amendment. If Plaintiffs now wish to challenge that conclusion, such arguments are properly addressed to the *Waldman* panel—not to a separate panel in *Fuld*. To the extent Plaintiffs argue the result in *Fuld* will also determine the result in this case, Plaintiffs offer no reason why the panel in this case—which has now been on remand from the Supreme Court for more than two years—should not be given priority.

6

## CONCLUSION

For the foregoing reasons, this Court should lift the temporary stay entered in

this case on April 15, 2022, and allow the parties to proceed with merits briefing.

*/s/ Gassan A. Baloul*

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, D.C. 20037
(202) 626-6600

*Counsel for Defendants-Appellants-Cross-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1.     This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,461 words, excluding the parts exempted by Rule 32(f).

2.     This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.


*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellants-Cross-
Appellees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of June, 2022, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs-Appellees-Cross-Appellants.


*/s/ Gassan A. Baloul*
Gassan A. Baloul

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK I. SOKOLOW, et al.,                               :
                                                       :
                             Plaintiffs,       :
                                                       :
           -against-                                :       MEMORANDUM DECISION
                                                       :       AND ORDER
PALESTINE LIBERATION ORGANIZATION and                  :
PALESTINIAN AUTHORITY,                                 :       04 Civ. 397 (GBD)
                                                       :
                          Defendants.       :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

       Plaintiffs have moved for reconsideration of this Court's earlier ruling on the applicability

and constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019,

Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082, codified at 18 U.S.C. § 2334 (the

"PSJVTA"). An exercise of jurisdiction pursuant to the PSJVTA's "U.S. activities" prong, 18

U.S.C. § 2334(e)(1)(B)(iii), would breach the limits prescribed by the Due Process Clause. The

statute is therefore determined to be unconstitutional. Plaintiffs' motion for reconsideration, (ECF

No. 1056), is denied.

## BACKGROUND[1]

       Plaintiffs brought this action against Defendants in 2004, asserting causes of action for

international terrorism pursuant to the Anti-Terrorism Act ("ATA"), codified at 18 U.S.C. 2333,

and various state law claims. (ECF No. 1.) Defendants moved repeatedly to dismiss the complaint

for lack of personal jurisdiction. (ECF Nos. 45, 66, 93.) This Court denied their motions,

---

[1] The relevant factual and procedural background is set forth in greater detail in this Court's original
determination on the applicability and constitutionality of the PSJVTA, *see Sokolow v. Palestine Liberation
Org.*, No. 04 CIV. 397 (GBD), 2022 WL 719261 (S.D.N.Y. Mar. 10, 2022), and is incorporated by reference
herein.

reasoning that "the totality of activities in the United States by the PLO and the PA justifies the exercise of general personal jurisdiction." *Sokolow v. Palestine Liberation Org.*, No. 04-CV-397 (GBD), 2011 WL 1345086, at \*3 (S.D.N.Y. Mar. 30, 2011), *vacated sub nom. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 337 (2d Cir. 2016). Following the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Second Circuit vacated this Court's decision and held that exercise of personal jurisdiction over Defendants violated the Due Process Clause of the Fifth Amendment because neither defendant was "at home" in the United States, and the terrorist attacks at issue "were not sufficiently connected to the United States" to support specific personal jurisdiction. *Waldman*, 835 F.3d at 333–34, 337.

In response to the Second Circuit's decision in *Waldman*, Congress passed a series of statutes expanding the bases on which a defendant can be deemed to have consented to personal jurisdiction, including, as relevant here, the PSJVTA. Specifically, the PSJVTA states that a defendant is deemed to have consented to personal jurisdiction by (1) making payments to the designees of individuals imprisoned or killed as a result of committing any act of terrorism that injured or killed a U.S. citizen (the PSJVTA's "payments prong"), and (2) maintaining any premises in the United States or conducting any activity while physically present in the United States on behalf of the Palestinian Authority or the Palestinian Liberation Organization (the PSJVTA's "U.S. activities prong"). 18 U.S.C.A. § 2334(e)(1). Following the passage of the PSJVTA, the Second Circuit remanded this case to this Court "for the limited purpose of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality." (ECF No. 1006, at 3.) On March 10, 2022, this Court issued a Memorandum Decision and Order in which it held that the factual predicate for application of the PSJVTA's payments prong to this case had

2

been established, and that the exercise of personal jurisdiction pursuant to that prong would be unconstitutional. *Sokolow*, 2022 WL 719261, at \*2–6. Shortly after entry of this Court's order, Plaintiffs moved for reconsideration, requesting that this Court undertake a similar analysis with respect to the PSJVTA's U.S. activities prong. (ECF No. 1056.) This decision follows.

## THE PSJVTA DOES NOT CONSTITUTIONALLY PROVIDE FOR PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiffs point to three categories of conduct they contend meet the PSJVTA's test for consent to jurisdiction based on non-exempt (non-United Nations ("U.N.")) activities in the United States. (ECF No. 1057, at 20.) Specifically, Plaintiffs rely on Defendants' provision of consular services in the United States, their interviews with prominent media and social media activity, and their maintenance of an office in New York. (*Id.* at 20–23, 32.) Defendants do not dispute they have engaged in these types of activities. Rather, Defendants argue that their conduct falls within the PSJVTA's exclusions for official U.N. or U.N.-ancillary activities under 18 U.S.C. § 2334(e)(3). (ECF No. 1064, at 15–26.) Defendants also argue that the factual predicates of the U.S. activities prong of the PSJVTA, even if met, are not sufficient to support an exercise of personal jurisdiction consistent with the Due Process Clause of the Fifth Amendment. (*Id.* at 6– 12.) This Court agrees with Defendants' latter argument, and in doing so, joins two other courts in concluding that an exercise of jurisdiction under either of the PSJVTA's factual predicates is unconstitutional. *See Fuld v. Palestine Liberation Org.*, No. 20-CV-3374 (JMF), 2022 WL 62088, at \*7 (S.D.N.Y. Jan. 6, 2022); *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at \*5 (S.D.N.Y. Mar. 18, 2022).[2]

---

[2] Plaintiffs' claim that "[n]o court has addressed" the U.S. activities prong of the PSJVTA, (ECF No. 1057, at 13), is incorrect. Both the *Fuld* and *Shatsky* Courts specifically considered the U.S. activities prong and ultimately held it unconstitutional.

3

Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong—a finding this Court need not make in order to resolve the instant motion—these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States.[3]  As the Court explained in *Fuld*, in promulgating the PSJVTA, Congress "simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction in *Waldman* I and *Shatsky* I—and declared that such conduct shall be deemed to be consent." *Fuld*, 2022 WL 62088, at *7.  But Congress "cannot simply declare anything it wants to be consent." *Id.* at *12.  Consent is not "a legal fiction devoid of content" and neither the courts nor Congress may "engag[e] in circular reasoning that premises consent on the presumption that defendants know the law and then define[] the law so that anyone engaging in the defined conduct is deemed to have consented to personal jurisdiction." *M3 USA Corp. v. Qamoum*, No. CV 20-2903 (RDM), 2021 WL 2324753, at *12 (D.D.C. June 7, 2021). Constitutional due process "requires more than notice and the opportunity to conform ones conduct for effective consent to jurisdiction." *Shatsky*, 2022 WL 826409, at *5.  The activities at issue here—primarily the notarization of documents and a handful of interactions with the media—are insufficient to support any meaningful consent to jurisdiction by Defendants.[4]

---

[3] Both this Court in its March 10, 2022 decision and the *Fuld* Court discuss the history of the jurisprudence on jurisdiction by consent. *Sokolow*, 2022 WL 719261, at *2–6; *Fuld*, 2022 WL 62088, at *6. This Court will not belabor the discussion by repeating that history here.

[4] Plaintiffs rely on *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016), for their claim that "the Second Circuit has acknowledged the continued vitality of cases holding that 'a defendant may consent to personal jurisdiction without regard to what a due process analysis of its contacts would yield.'" (ECF No. 1057, at 15 (quoting *Brown*).)  *Brown* acknowledged no such theory.  To the contrary, the *Brown* Court only noted that other Circuits have so held, and then went on to reject that interpretation: "But as the Supreme Court recognized … the reach of that coercive power, even when exercised pursuant to a corporation's purported 'consent,' may be limited by the Due Process clause." *Brown*, 814 F.3d at 641.

The alternate personal jurisdiction theories Plaintiffs advance do not support their constitutional argument.[5] As Defendants correctly note, *Burnham*'s tag jurisdiction theory only applies to individuals.[6] *See e.g., Estate of Ungar v. Palestinian Auth.*, 400 F.Supp.2d 541, 553 (S.D.N.Y. 2005), *aff'd,* 332 P. App'x 643 (2d Cir. 2009) (citing *Burnham,* 495 U.S. 604); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1064 (9th Cir. 2014). Plaintiffs' secondary suggestion, that Defendants consented to jurisdiction solely by virtue of the fact that Congress permits their presence in the United States, relies heavily on pre-*International Shoe* case law from the nineteenth century that is now obsolete, and in any event, required some transaction of business in the forum that is absent here. *See e.g., Baltimore & Ohio Railroad Co. v. Harris*, 79 U.S. 65, 81 (1870) ("if it does business there, it will be presumed to have assented"); *Hess v. Pawloski*, 274 U.S. 352, 355 (1927) ("transaction of business in state" supports "consent to be bound by the process of its courts"); *Washington v. Superior Ct. of Wash.*, 289 U.S. 361, 364–65 (1933) (state "need not have admitted the corporation to do business within its borders"). Finally, Plaintiffs' argument that Defendants have consented to jurisdiction in the United States because they "receive substantial benefits" from their U.S. activities is misplaced, because a defendant's receipt of benefits is relevant to the issue of specific jurisdiction, not jurisdiction by consent. *C.f. Fuld*, 2022 WL 62088,

---

[5] This Court notes that Plaintiffs could have raised these theories, which rely on personal jurisdiction case law long predating the initiation of this suit, in their responses to any of Defendants' several motions to dismiss. Motions for reconsideration are not to reiterate previous arguments or raise new arguments that could have been raised earlier. *See e.g., Williams v. Romarm*, 751 F. App'x 20, 24 (2d Cir. 2018). This Court further notes that several of these theories have already been foreclosed by the Second Circuit's decision in *Waldman*. *Waldman*, 835 F.3d at 337.

[6] "Tag jurisdiction" refers to a court's exercise of personal jurisdiction over an individual who is served, and thus "tagged," while physically present in the forum. *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (citing *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604 (1990) (plurality opinion)); *see also Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir. 1995) ("Fed. R. Civ. P. 4(e)(2) specifically authorizes personal service of a summons and complaint upon an individual physically present within a judicial district of the United States, and such personal service comports with the requirements of due process for the assertion of personal jurisdiction.").

at \*12, n. 10 ("reciprocity" or receipt of benefits is not a component of the consent analysis) (collecting cases); *see also, Hess*, 274 U.S. at 356 ("the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved."). Even if Defendants reap benefits from their activities in the United States, jurisdiction is still lacking because, as the Second Circuit has already held, the conduct about which Plaintiffs complain in this suit did not involve (and, in fact, long predates) the PSJVTA's in-territory activities in which Defendants now engage. *Waldman*, 835 F.3d at 344 (jurisdiction does not exist in this case because the terror attacks at issue were not expressly aimed at the United States, death and injuries suffered by U.S. nationals were random, and lobbying activities regarding American policy toward Israel are insufficiently suit-related).

## CONCLUSION

For the reasons set forth above and in this Court's March 10, 2022 decision, *Sokolow*, 2022 WL 719261, at \*2-6, the exercise of jurisdiction under either of the PSJVTA's two jurisdiction-triggering prongs would violate due process. The statute is therefore unconstitutional.

The Clerk of the Court is directed to close the open motions at ECF Nos. 1056 and 1068.[7]

Dated: June 15, 2022
       New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[7] Defendants' request that the Court consider its sur-reply, (ECF No. 1068-1), is granted.