# 15-3135(L)

## 15-3151(XAP), 22-1060 (C)

**MARK I. SOKOLOW, *ET AL.*,**

*Plaintiffs-Appellees-Cross-Appellants,*

**UNITED STATES OF AMERICA,**

*Intervenor-Appellant,*

v.

**PALESTINE LIBERATION ORGANIZATION, *ET AL.*,**

*Defendants-Appellants-Cross-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 2004 CIV. 0397
HONORABLE GEORGE B. DANIELS

## OPPOSITION TO MOTION TO VACATE STAY

This case is one of three pending appeals before the Court which all address the same exact question—whether the Promoting Security and Justice for Victims of Terrorism Act (PSJVTA) is constitutional or not. The first case to present the constitutionality of the PSJVTA is being briefed. *Fuld v. Palestine Liberation Organization*, Nos. 22-76 and 22-496. The second case was stayed pending a decision in the *Fuld* case. *Shatsky v. Palestine Liberation Organization*, Nos. 22-791 and 22-1138.

All of the parties agree that the issues on appeal here mirror those in *Fuld* and *Shatsky*. The parallel issues in all three appeals previously justified a stay in

*Shatsky* (which Defendants affirmatively agreed to) and similarly justify continuing the stay in this case.

Lifting the stay in this case would waste judicial resources and cause duplication of effort not only by the parties, but also by numerous amici who have filed briefs in the *Fuld* case. The Court should treat this appeal consistent with *Shatsky*, the other related case, and continue the stay now in effect until a decision is reached in *Fuld*.

## BACKGROUND

### I. THE ORIGINAL APPEAL AND REMAND

This case came to this Court in Nos. 15-3135 and 15-3151 on appeal from a final judgment of the United States District Court for the Southern District of New York (Daniels, J.). This Court held that the District Court lacked personal jurisdiction and ordered the complaint dismissed. The Supreme Court denied Plaintiffs' petition for a writ of certiorari on April 2, 2018.

Congress then enacted the Anti-Terrorism Clarification Act (codified at 18 U.S.C. § 2334(e)), prompting Plaintiffs to move to recall this Court's mandate in light of the new statute. On June 3, 2019, this Court denied the motion. On April 20, 2020, the Supreme Court vacated this Court's judgment and remanded for further consideration in light of an amendment to the Anti-Terrorism Clarification Act—the PSJVTA.

On September 8, 2020, this Court remanded to the District Court for findings of fact and conclusions of law on the applicability and constitutionality of the PSJVTA. The Court's order also stated: "The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE." The United States intervened in the District Court, as of right.

## II. THE *FULD* CASE

The constitutionality of the PSJVTA also arose in *Fuld v. Palestine Liberation Organization*, filed in the United States District Court for the Southern District of New York. The United States intervened as of right. On January 6, 2022, the District Court (Furman, J.) held that the PSJVTA is unconstitutional and entered a final judgment dismissing the complaint for lack of personal jurisdiction.

The Plaintiffs and the United States appealed in *Fuld* and filed their principal briefs on June 21, 2022 in Nos. 22-76, 22-496. Four sets of amici moved for leave to file amicus briefs. These include a group of law professors led by Philip Bobbitt of Columbia law school; Abraham D. Sofaer and Louis Freeh, both former senior federal officials (and former judges of the United States District Court for the Southern District of New York); a bipartisan group of members of Congress including Senate Judiciary Committee Ranking Member Charles E. Grassley and

3

House Judiciary Committee Chair Jerrold L. Nadler; and the American Association for Justice.

## III. THE *SHATSKY* CASE

The constitutionality of the PSJVTA also arose in a third case, *Shatsky v. Palestine Liberation Organization*, also filed in the United States District Court for the Southern District of New York. There, too, the United States intervened as of right. On March 18, 2022, the District Court (Vyskocil, J.) followed *Fuld*, saying that the personal jurisdiction issue "is essentially identical to *Fuld* and *Sokolow*." Op. & Order at 8, *Shatsky v. Palestine Liberation Org.*, No. 18 Civ. 12355 (MKV) (Mar. 18, 2022).

## IV. THE CURRENT STAY IN THIS CASE

On March 10, 2022, the District Court issued a Memorandum Decision and Order making findings of fact and conclusions of law finding that Defendants had met at least one factual predicate to the PSJVTA but following *Fuld* to hold the statute unconstitutional. *See* Mem. Decision & Order, No. 04-397 (S.D.N.Y. Mar. 10, 2022), ECF 1054.

On March 14, 2022, Defendants wrote to the Court requesting that the Court (1) reinstate the appeal; and (2) consolidate this appeal with *Fuld*. *See* ECF 371. After considering the parties' positions, this Court issued orders denying the mo-

4

tion to consolidate and holding the appeal in abeyance pending the District Court's decision on the motion for reconsideration. *See* ECF Nos. 377, 396.

On May 9, 2022, the United States filed its notice of appeal in No. 22-1060, and on June 9, 2022, this Court issued an order consolidating the United States' appeal, No. 22-1060, with the other two cases, Nos. 15-3135 and 15-3151, and staying that case on the same terms. *See* ECF No. 396.

## V. THE STAY IN THE *SHATSKY* CASE

After this Court entered its current stay, the Court granted an unopposed motion by the *Shatsky* appellants to stay proceedings until the ultimate conclusion in *Fuld*. *See* Order, *Shatsky v. Palestine Liberation Org.*, No. 22-791 (Apr. 29, 2022) (ECF No. 18). The United States then moved to hold its appeal in abeyance. *See* Mot. to Hold Appeal in Abeyance, No. 22-791 (June 10, 2022), ECF No. 31. The Court granted that motion without opposition, as well. *See* Order, *Shatsky v. Palestine Liberation Org.*, No. 22-791 (June 13, 2022), ECF No. 34.

## VI. DEFENDANTS' CURRENT APPLICATION TO LIFT THE STAY

In the instant case, the District Court denied Plaintiffs' motion for reconsideration on June 9, 2022. Defendants have now moved this Court to lift the stay. *See* ECF No. 415.

## DISCUSSION

**I. THERE IS GOOD CAUSE TO CONTINUE TO STAY THIS CASE PENDING A DECISION IN *FULD***

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In order to conserve the resources of the Court and the parties, "in the exercise of a sound discretion [a Court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *accord Clinton v. Jones*, 520 U.S. 681, 706–08 (1997), *Mottolese v. Kaufman*, 176 F.2d 301, 303 (2d Cir. 1949).

Here, judicial economy and the conservation of the parties' resources weigh in favor of continuing to hold this appeal in abeyance. First, as in *Shatsky*, all of the parties agree that the constitutional issue in this case mirrors that in *Fuld*. Defendants themselves wrote to this Court that this case and *Fuld* "raise the same claims against Defendants, involve the same statute, and reached the same conclusion on the constitutionality of that statute." ECF No. 371-1 at 2. And in *Shatsky*, Judge Vyskocil found that the personal jurisdiction issue "is essentially identical" in all

6

three cases. Op. & Order at 8, *Shatsky v. Palestine Liberation Org.*, No. 18 Civ. 12355 (MKV) (Mar. 18, 2022).

As in *Shatsky*, if Defendants prevail in *Fuld* on their constitutional argument, that decision will resolve this case. Further, if the PSJVTA's constitutionality is upheld in *Fuld*, that decision will go a long way toward resolving this case, leaving a clear path for the Court to decide the remining issues without the added burden of considering the constitutional issue now being briefed and decided in *Fuld*.

Finally, Defendants will not be prejudiced in any way by a stay. They prevailed in the District Court and face no adverse consequences in the meantime. Their ability to litigate the PSJVTA's constitutionality is also unaffected by a continued stay here. Briefing in *Fuld* is ongoing and Defendants will have a full and fair opportunity to make their case. No benefit to them inures from lifting the stay in this case.

## II. DEFENDANTS' REASONS FOR LIFTING THE STAY ARE UNPERSUASIVE

Defendants offer two reasons for lifting the stay at this time. Neither is persuasive. *First*, they suggest that abiding the decision in *Fuld* would result in an "*indefinite*" stay, but that is obviously incorrect. The Court *will* decide *Fuld*, and when the *Fuld* case runs its course, the Court can resolve this case—just as in *Shatsky*.

7

*Second*, they argue that the request to continue the stay is "purely tactical." This accusation simply ignores the actual change in circumstance warranting continuation of the stay in this case—Defendants themselves agreed to a stay in *Shatsky*. In reality, Defendants' accusation of "tactical" gamesmanship is revealing of their own state of mind. Defendants appear to be panel shopping by seeking "priority" for this case (where the panel was long-ago assigned) over the *Fuld* case (where the panel has not yet been assigned). While the panel in this case has familiarity with the pre-remand issues, no efficiency is gained by having it review the Judge Daniels' constitutional decision, which simply followed *Fuld*.

As for the accusation that Plaintiffs are angling for a panel more receptive to their (and the Government's) alternative argument for reconsideration of the panel decision en banc, this too simply reflects *Defendants'* state of mind that that they prefer the assigned panel in this case over a randomly assigned panel. Unlike Defendants, we recognize that *any* panel of the Court will be bound by the original decision in this case absent en banc or mini-en banc review.

## CONCLUSION

This Court should deny Defendants' motion to vacate the stay and enter an order continuing to hold this case in abeyance pending a decision by the Court in *Fuld*.

Dated: July 6, 2022
     New York, New York

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:_____
Kent A. Yalowitz
Avishai D. Don
David C. Russell
250 West 55th Street
New York, NY 10019-9710
212-836-8000
kent.yalowitz@arnoldporter.com

– and –

Allon Kedem
Dirk C. Phillips
Stephen K. Wirth
601 Massachusetts Ave., NW
Washington, DC 20001-3743

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

9

## CERTIFICATE OF COMPLIANCE WITH FRAP 27

I hereby certify that the foregoing Opposition to Motion to Vacate Stay, excluding the caption, signature block, and this certificate, contains 1,648 words, according to the Word Count feature in Microsoft Word.

Dated: July 6, 2022
      New York, New York

                                                      _____
                                                       Kent A. Yalowitz