# 15-3135(L)

## 15-3151 (XAP); 22-1060

### United States Court of Appeals
#### FOR THE
### Second Circuit

◆━━━◆━━━◆

*MARK I. SOKOLOW, ET AL.,*

*Plaintiffs-Appellees-Cross-Appellants,*

*UNITED STATES OF AMERICA,*

*Intervenor-Appellant,*

v.

*PALESTINE LIBERATION ORGANIZATION, ET AL.,*

*Defendants-Appellants-Cross-Appellees.*

───────────────────────────────

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

**REPLY IN SUPPORT OF MOTION TO VACATE TEMPORARY STAY**

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellants-Cross-Appellees*

After the Supreme Court granted their petition for certiorari, Plaintiffs were the first to insist to this Court that the "Supreme Court's Mandate Requires Consideration of the PSJVTA in This Case." Pl. Br., Dkt 351 at 13 (June 17, 2020) (emphasis removed). This Court accepted their argument that "the case *must proceed* under the law as it exists now" and "[a]ny other course would depart from the Supreme Court's mandate." *Id*. at 10. Despite their recent about-face, Plaintiffs were right the first time. The Supreme Court's mandate compels the recommencement of further proceedings in this Court now that the district court has completed its work.

There is, of course, no mystery about why Plaintiffs now wish to put off proceedings in this action pending resolution of the *Fuld* appeal. Plaintiffs' counsel here are also plaintiffs' counsel in *Fuld*, where they have argued that *Waldman v. PLO*, 835 F.3d 317 (2d Cir. 2016), was wrongly decided and should be overturned. *See* Pl. Br. at 48-63, *Fuld v. PLO*, No. 22-76, Dkt 67 (June 21, 2022) (asking panel to "reconsider" *Waldman* "using its 'mini en banc' process"). In fact, *Waldman* issues dominate the *Fuld* Plaintiffs' brief, which cites *Waldman* no fewer than *40 times*. *Id*. If Plaintiffs want to challenge *Waldman I*, then they should do so before the panel that authored it, rather than attempting an end-run to whatever panel is assigned in *Fuld*.

1

When this case first returned to this Court following the Supreme Court's GVR, this Court promptly ordered initial briefing and then a limited remand to the district court, consistent with its duty to fulfill the Supreme Court's instructions. *See* Dkt 349, 362 & 366. Plaintiffs, in fact, argued that this Court had a *duty* to decide the PSJVTA issues in this case.[1] They convinced this Court that *this case* should move forward, and not a look-alike case, *Sokolow v. PLO*, No. 18-cv-12213 (S.D.N.Y.).[2] There is no reason to alter the trajectory that this Court established immediately after the Supreme Court's remand. The "burden of making out the justice and wisdom of a departure from the beaten track" lays "heavily" on the party seeking to stay an appeal. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

This Court already has denied consolidation of the appeals in this case with the *Fuld* appeals, apparently recognizing the unique obligations that the Supreme Court's mandate entails. Given the Supreme Court's express mandate for further consideration of the PSJVTA *in this case*, the equitable balancing under *Landis*, 299 U.S. at 254, easily favors proceeding in these appeals without unnecessary delay, now that it has received the results of the district court's further work. In a supplemental filing, Plaintiffs argue that this case should be stayed because

---

[1] Pl. Br., Dkt 356 at 9 (Aug. 6, 2020) ("Declining to ascertain the substantive effect of the statute identified in the GVR order, as Defendants urge, would frustrate the GVR order's purpose, not fulfill it.").

[2] *Id*. at 15 (rejecting argument that the PSJVTA should be litigated in "a *new* action from scratch").

2

Defendants requested 30 more days than usual (but less than the plaintiffs received) to file their opening brief in *Fuld*. This argument makes little sense, and does not affect the import of the Supreme Court's mandate or the impact of the *Waldman I* holding on jurisdiction under a federal statute like the PSJVTA.

Finally, Plaintiffs inaccurately claim that all constitutional issues in *Fuld* and *Sokolow* are identical. While some issues are the same, the final judgment entered in this case creates additional constitutional problems unique to *Sokolow*. Defendants argued below that applying "the PSJVTA to resurrect the prior judgment in this closed case would also be a legislative transgression on the Judiciary's power to have the final word," and that separation of powers prevents "the PSJVTA from reinstating the original judgment in this case after the Judiciary declared that judgment *void ab initio* for lack of jurisdiction." Dkt 1021 at 42-43. That issue obviously is not present in Plaintiffs' newly-filed action in *Fuld*. Briefing on that issue will be necessary regardless of the decision in *Fuld*.

## CONCLUSION

This Court should lift the temporary stay and allow the parties to proceed with merits briefing.

*/s/ Gassan A. Baloul*

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP

3

2550 M Street NW
Washington, D.C. 20037
(202) 626-6600

*Counsel for Defendants-Appellants-Cross-Appellees*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 701 words, excluding the parts exempted by Rule 32(f).

2. This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellants-Cross-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2022, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs-Appellees-Cross-Appellants.

*/s/ Gassan A. Baloul*
Gassan A. Baloul