UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 15-3135, 15-3151, 22-1060

Motion for: Conditional cross-motion for realignment of the parties and related relief.

Set forth below precise, complete statement of relief sought:

If the Court lifts its stay, it should also relaign the parties so that Plaintiffs are designated Appellants and Defendants are designated Appellees, and it should further specify that issues raised in Plaintiffs' and Defendants' briefs filed in 2015-2016 or 2020 must be presented in their upcoming princiapl briefs rather than incorporated by reference.

Caption [use short title]

Sokolow v. Palestine Liberation Organization

MOVING PARTY: Sokolow, et al.
OPPOSING PARTY: Palestine Liberation Organization, et al.

[✔] Plaintiff   [ ] Defendant
[ ] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: Kent A. Yalowitz
OPPOSING ATTORNEY: Mitchell R. Berger

[name of attorney, with firm, address, phone number and e-mail]

Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019

Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

Court- Judge/ Agency appealed from: Southern District of New York - Judge George B. Daniels

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes   [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed  [✔] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[✔] Yes   [ ] No   [ ] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below?   [ ] Yes  [ ] No
Has this relief been previously sought in this court?   [ ] Yes  [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes  [✔] No  If yes, enter date: _____

Signature of Moving Attorney:

s/ Kent A. Yalowitz   Date: July 12, 2022   Service by: [✔] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 15-3135(L)

## 15-3151(XAP), 22-1060 (C)

**MARK I. SOKOLOW, *ET AL.*,**

*Plaintiffs-Appellees-Cross-Appellants,*

**UNITED STATES OF AMERICA,**

*Intervenor-Appellant,*

v.

**PALESTINE LIBERATION ORGANIZATION, *ET AL.*,**

*Defendants-Appellants-Cross-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 2004 CIV. 0397
HONORABLE GEORGE B. DANIELS

---

### CONDITIONAL CROSS-MOTION TO REALIGN PARTIES AND FOR RELATED RELIEF

---

Plaintiffs-Appellees-Cross-Appellants (Plaintiffs) conditionally cross-move for an order realigning the parties and for related relief.

### INTRODUCTION

Defendants-Appellants-Cross-Appellees (Defendants) have moved to lift the current stay in this case and proceed with briefing all issues *instanter*. This Court should deny that motion for reasons stated in Plaintiffs' opposition to that motion.

However, if the Court lifts the stay at this juncture, the Court's scheduling order should also realign the parties and grant related relief.

This appeal involves three parties and three sets of issues. Plaintiffs were designated the Appellees by operation of Federal Rule of Appellate Procedure Rule

28.1(b); Defendants were designated the Appellants by operation of the same rule. The United States, which intervened in the District Court on remand and filed its own notice of appeal, is an Appellant.

The threshold issue is whether the governing statute in this case is unconstitutional, as the District Court held, following the district court's decision in *Fuld*. Plaintiffs are aggrieved by that decision. Thus if the case proceeds now, and without realignment, the United States will file a brief saying that the District Court's decision was incorrect at the same time that the Defendants will be filing a brief saying that the District Court's decision was correct and should be upheld. In the meantime, Plaintiffs (who are aligned with the United States) would await the filing of Defendants' principal brief before filing their own in due course. Defendants presumably would take the position that they had a right to respond to the United States at the same time that Plaintiffs were filing their principal brief. Defendants would then reply to Plaintiffs' principal brief. If the parties wish the Court to consider come of the issues raised previously in this appeal, there would be cross-appeals, meaning that Defendants would likely insist on their right to file a *fourth* briefs on the merits. *Amici* (there are four sets in the related *Fuld* case) would perhaps file shortly after the United States, or perhaps shortly after Plaintiffs, or perhaps at both stages. Simply put, the briefing would be duplicative and disorderly.

In addition, beyond the threshold issue, the parties have raised additional unresolved issues in letter-briefs following remand from the Supreme Court as well as in portions of principal briefs filed in the original appeal in 2015 and 2016. To the extent that Plaintiffs or Defendants wish the Court to consider issues raised in

those, they should present the issues in their upcoming principal briefs rather than incorporate their old briefs by reference. The Court should not have to comb through old briefs and letters to deduce what the issues are; and the parties should not incorporate by reference portions of other filings.

## BACKGROUND

This case came to this Court in Nos. 15-3135 and 15-3151 on cross-appeals from a final judgment of the United States District Court for the Southern District of New York (No. 04 Civ. 397) (Daniels, J.). The District Court dismissed the non-federal claims of all plaintiffs and all the claims of seven plaintiffs; the remaining forty plaintiffs tried their federal claims to verdict, and the District Court entered final judgment in favor of the remaining Plaintiffs based on the verdict.

Defendants appealed first; they were designated as Appellants by operation of FRAP 28.1(b). Defendants made two arguments. Primarily, they argued that the District Court lacked personal jurisdiction. Alternatively, they argued that the (seven-week) trial should be redone because the District Court abused its discretion by overruling some of Defendants' objections to expert testimony.

Plaintiffs also appealed; they were designated as Appellees by operation of FRAP 28.1(b). They also made two arguments. They argued that the District Court erred by granting summary judgment dismissing the non-federal claims of all Plaintiffs, and they argued that the District Court should have sent the case of one family to the jury rather than dismiss it on summary judgment.

This Court held that the District Court lacked personal jurisdiction and ordered the complaint dismissed. The Court did not address Defendants' alternative

3

request for a new trial, or Plaintiffs' appellate issues, stating that those issues were "either moot or without merit." The Supreme Court denied Plaintiffs' petition for a writ of certiorari.

Congress then enacted the Anti-Terrorism Clarification Act (codified at 18 U.S.C. § 2334(e)), prompting Plaintiffs to move to recall this Court's mandate in light of the new statute. After extensive motion practice, this Court denied the motion on June 3, 2019. Plaintiffs sought review in the Supreme Court.

On April 20, 2020, the Supreme Court vacated this Court's judgment and remanded for further consideration in light of an amendment to the Anti-Terrorism Clarification Act, called the Promoting Security and Justice for Victims of Terrorism Act (codified at 18 U.S.C. § 2334(e)) (PSJVTA).

A series of lengthy letter-briefs followed the Supreme Court's remand to this Court, with the parties disputing the effect of the Supreme Court's order, the constitutionality of the new statute, and the recommended course of proceedings.

On September 8, 2020, this Court remanded to the District Court for findings of fact and conclusions of law on the applicability and constitutionality of the PSJVTA. The remand was a so-called *Jacobson* remand, meaning that the panel would retain jurisdiction upon completion of the District Court's assignment. The panel's order also stated: "The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE."

In the District Court, the United States intervened as of right on September 7, 2021.

4

On March 10, 2022, the District Court issued a Memorandum Decision and Order making findings of fact and conclusions of law finding that Defendants had met at least one factual predicate to the PSJVTA but holding the PSJVTA unconstitutional under the Due Process Clause of the Fifth Amendment.

On May 9, 2022, the United States filed a notice of appeal in No. 22-1060, and on June 9, 2022, this Court issued an order consolidating the United States' appeal, No. 22-1060, with the other two cases, Nos. 15-3135 and 15-3151.

## DISCUSSION

**I.    IF THE COURT LIFTS THE STAY IT SHOULD REALIGN THE PARTIES**

The Court should continue to hold this case in abeyance. But if it lifts the stay, it should realign the parties. This appeal now involves three parties and three sets of issues. The issues are as follows:

1. The threshold issue is the constitutionality of the PSJVTA under the Due Process Clause—the issue being addressed in *Fuld*.

2. If the Court upholds the PSJVTA's constitutionality, the Court will next need to address the issues briefed in the motion to recall the mandate and on remand from the Supreme Court.

3. Finally, if the Court recalls its mandate, it will need to address the remaining matters from the original appeal.

The orderly disposition of this appeal calls for designating the Plaintiffs as the Appellants and the Defendants as the Appellees. The United States is an appellant. As an Appellant, the United States will file its principal brief first, on the threshold issue of the PSJVTA's constitutionality. Plaintiffs are aligned with the

5

United States on that threshold issue and should file their principal brief simultaneously with the United States. Thus, they should be designated as the Appellants. That way, Defendants may file a principal brief responding to *both* parties on the principal issue.

In addition, the second set of issues for the Court to decide concerns the recall of the mandate. Here, Plaintiffs are seeking relief from this Court; they bear the burden of persuasion. Plaintiffs filed first on the original motion to recall the mandate and filed first following the Supreme Court's remand. As with the original briefing on the motion to recall the mandate, Plaintiffs should brief their position first.

Finally, Plaintiffs and Defendants raised matters in the past that could affect the District Court's judgment if the Court recalls its mandate. This aspect of the case involves cross-appeals, so each party should have an opportunity to file briefs on those issues as contemplated in Rule 28.1.

## II. THE COURT SHOULD GRANT RELATED RELIEF CONCERNING BRIEFING

As noted above, the issues for decision (other than the threshold issue) are briefed in scattered portions of the parties' merits briefs from 2015 and 2016 as well as in letter-briefs written to the panel following the Supreme Court's remand in 2020.

The Court should specify that the briefs shall address in *one* place issues that Appellants-Cross-Appellees or Appellees-Cross-Appellants wish the Court to consider. The Court should not have to mentally cut and paste various briefs from various time periods in order to determine what is still germane. *See Bank v.*

*Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020); 16AA *Wright & Miller's Federal Practice & Procedure* § 3974 (5th ed) ("unauthorized attempts to incorporate documents by reference . . . at best betrays sloth and at worst represents an attempt to evade . . . limitations on the length of briefs").

## CONCLUSION

This Court should continue to hold this case in abeyance at this time. If the Court lifts the stay at this time, it should realign the parties so that Plaintiffs are designated Appellants and Defendants are designated Appellees. The Court should further order that, to the extent that Appellants-Cross-Appellees or Appellees-Cross-Appellants wish the Court to consider issues raised in their original briefs filed in 2015 and 2016 or their post-remand letter-briefs filed in 2020, those issues must be presented in their upcoming principal briefs rather than incorporated by reference to the old briefs or letters.

Dated: July 12, 2022
New York, New York

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____
Kent A. Yalowitz
Avishai D. Don
David C. Russell
250 West 55th Street
New York, NY 10019-9710
212-836-8000
kent.yalowitz@arnoldporter.com

– and –

7

Allon Kedem
Dirk C. Phillips
Stephen K. Wirth
601 Massachusetts Ave., NW
Washington, DC 20001-3743

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

8

## CERTIFICATE OF COMPLIANCE WITH FRAP 27

I hereby certify that the foregoing Conditional Cross-Motion to Realign Parties and For Related Relief, excluding the caption, signature block, and this certificate, contains 1,416 words, according to the Word Count feature in Microsoft Word.

_____
Kent A. Yalowitz

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, the foregoing Motion to Realign Parties and For Related Relief, was filed with the Clerk of the Court and served on all counsel through the CM/ECF system.

_____
Kent A. Yalowitz