# 15-3135(L)

**15-3151 (XAP); 22-1060**

## United States Court of Appeals

### FOR THE

## Second Circuit

◆◆◆

*MARK I. SOKOLOW, ET AL.,*

*Plaintiffs-Appellees-Cross-Appellants,*

*UNITED STATES OF AMERICA,*

*Intervenor-Appellant,*

v.

*PALESTINE LIBERATION ORGANIZATION, ET AL.,*

*Defendants-Appellants-Cross-Appellees.*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

**DEFENDANTS' RESPONSE TO PLAINTIFFS' CONDITIONAL CROSS-MOTION TO REALIGN PARTIES AND FOR RELATED RELIEF**

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellants-Cross-Appellees*

Plaintiffs paint an overly-complicated picture of this case. The issues presently before this Court were succinctly described in its September 8, 2020 Order directing the district court to "determin[e] the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality." Remand Order, ECF 369, Case No. 15-3135, ECF 369 (2d Cir. Sept. 8, 2020). The Remand Order further provided that, "[a]fter the district court has concluded its consideration, the case will be returned to this Court for further proceedings." The district court's now-completed work thus frames for this Court the questions whether the PSJVTA applies to this case (as the district court held that it did) and whether the PSJVTA as applied is unconstitutional (as the district court held that it was).

Given the parameters established for the return of this case to this Court under that order, there is no reason why the Court should be constrained by party designations devised for conventional appeals. With Plaintiffs and the Government defending the constitutionality of the PSJVTA, and Defendants arguing its unconstitutionality, the issues are better suited for simultaneous briefing and responses by each side, with equal word limits for each side, particularly when each side's position was fully ventilated in the district court.

This procedural path would vindicate the purposes of the Supreme Court's remand to this Court for "further consideration in light of the [PSJVTA]" (140 S. Ct.

2714 (2020)), and this Court's tailored remand to the district court. While the district court considered the issues this Court delineated, this Court simultaneously held in abeyance Plaintiffs' prior motion to recall the mandate. *Id*. This Court did not grant Plaintiffs' motion to recall the mandate, so the underlying judgment has not been brought up for review. As such, the constitutionality of the PSJVTA should be resolved by this Court (and the Supreme Court, if necessary) before this Court decides any of the contingent issues about what may or may not happen afterwards.

If this Court orders briefing only on the PSJVTA, then simultaneous briefing would provide each side the opportunity to respond to the arguments made and preserved by the other in the district court. The briefing targets in this Court accordingly are both well known and fixed. While the Government purports to have "appealed" the district court's decisions, those decisions are not final and appealable judgments given the terms of this Court's Remand Order such that there is a particular "appellant". In fact, there has been no actual appeal in this proceeding after this Court's original decision in *Waldman I*. As such, briefing through two rounds of simultaneous briefs is the most fair outcome, giving each set of parties a chance to fully respond to the arguments of the other. Defendants propose that each party be given 90 days from this Court's scheduling order to file an opening brief on the PSJVTA, and then 30 days to file a reply.

- 2 -

This Court need not decide whether to recall the mandate, and the related issues about reviving a void judgment made without personal jurisdiction, if it agrees with the district court below (and every other court to address the issue) that the PSJVTA violates the Fifth Amendment's Due Process Clause. Defendants agree with Plaintiffs that addressing all three sets of arguments (the constitutionality of the PSJVTA, whether to recall the mandate and the status of the long-vacated judgment, and additional arguments raised in the original appeal under that judgment) would require three or four sets of briefs on numerous issues—and would be both unwieldy and unnecessarily complicated  If this Court adheres to its prior ruling in *Waldman I* that exercising personal jurisdiction over Defendants would violate Due Process, the additional issues referenced in Plaintiffs' motion are entirely moot.

Finally, this Court should reject Plaintiffs' request for special rules for incorporation by reference that would apply only in this case. *See* Pl. Mot. at 6-7. Every party is represented by counsel with deep experience with the rules and procedure of this Court, unlike the befuddled *pro se* attorney in the case cited by Plaintiffs, *Bank v. Alarm.com Holding*, 828 F. App'x 5, 8 (2d Cir. 2020).  Counsel are fully prepared to present their arguments with the clarity and care expected under this Court's rules, in compliance with the path forward charted by the Court.

Accordingly, Defendants respectfully request that this Court order two rounds of simultaneous briefing limited to the questions identified by the Court's Remand

- 3 -

Order: the "application of the PSJVTA" and "any issues regarding its application including its constitutionality."

Respectfully submitted,

*/s/ Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, D.C. 20037
(202) 626-6600

*Counsel for Defendants-Appellants-Cross-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1.      This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 767 words, excluding the parts exempted by Rule 32(f).

2.      This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellants-Cross-Appellees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2022, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs-Appellees-Cross-Appellants.


*/s/ Gassan A. Baloul*
Gassan A. Baloul