# 15-3135(L)

## 15-3151(XAP), 22-1060(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆◆

Eva Waldman, Revital Bauer, individually and as natural guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer, Shaul Mandelkorn, Nurit Mandelkorn, Oz Joseph Guetta, minor, by his next friend and guardian Varda Guetta, Varda Guetta, individually and as natural guardian of plaintiff Oz Joseph Guetta, Norman Gritz, individually and as personal representative of the Estate of David Gritz, Mark I. Sokolow, individually and as a natural guardian of Plaintiff Jamie A. Sokolow, Rena M. Sokolow, individually and as a natural guardian of plaintiff Jaime A. Sokolow, Jamie A. Sokolow, minor, by her next friends and guardian

*(Caption continued on inside cover)*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SPECIAL APPENDIX

Damian Williams
United States Attorney
  for the Southern District
  of New York
86 Chambers Street
New York, New York 10007
(212) 637-2703

*Attorneys for Intervenor-Appellant*

Mitchell R. Berger
Gassan A. Baloul
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Attorneys for Defendants-Appellees*

Kent A. Yalowitz
Avishai D. Don
Arnold & Porter Kaye
  Scholer LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000

Allon Kedem
Dirk C. Phillips
Stephen K. Wirth
Arnold & Porter Kaye
  Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000

*Attorneys for Plaintiffs-Appellants*

Mark I. Sokolow and Rena M. Sokolow, Lauren M. Sokolow, Elana R. Sokolow, Shayna Eileen Gould, Ronald Allan Gould, Elise Janet Gould, Jessica Rine, Shmuel Waldman, Henna Novack Waldman, Morris Waldman, Alan J. Bauer, individually and as natural guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer, Yehonathon Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Binyamin Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Daniel Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Yehuda Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Rabbi Leonard Mandelkorn, Katherine Baker, individually and as personal representative of the Estate of Benjamin Blutstein, Rebekah Blutstein, Richard Blutstein, individually and as personal representative of the Estate of Benjamin Blutstein, Larry Carter, individually and as personal representative of the Estate of Diane ("Dina") Carter, Shaun Coffel, Dianne Coulter Miller, Robert L Coulter, Jr., Robert L. Coulter, Sr., individually and as personal representative of the Estate of Janis Ruth Coulter, Chana Bracha Goldberg, minor, by her next friend and guardian Karen Goldberg, Eliezer Simcha Goldberg, minor, by her next friend and guardian Karen Goldberg, Esther Zahava Goldberg, minor, by her next friend and guardian Karen Goldberg, Karen Goldberg, individually, as personal representative of the Estate of Stuart Scott Goldberg/ natural guardian of plaintiffs Chana Bracha Goldberg, Esther Zahava Goldberg, Yitzhak Shalom Goldberg, Shoshana Malka Goldberg, Eliezer Simcha Goldberg, Yaakov Moshe Goldberg,Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, minor, by her next friend and guardian Karen Goldberg, Tzvi Yehoshua Goldberg, minor, by her next friend and guardian Karen Goldberg, Yaakov Moshe Goldberg, minor, by her next friend and guardian Karen Goldberg, Yitzhak Shalom Goldberg, minor, by her next friend and guardian Karen Goldberg, Nevenka Gritz, sole heir of Norman Gritz, deceased,

*Plaintiffs-Appellants,*

United States of America,

*Intervenor-Appellant,*

—against—

Palestine Liberation Organization, Palestinian Authority, AKA Palestinian Interim Self-Government Authority and or Palestinian Council and or Palestinian National Authority,

*Defendants-Appellees,*

Yasser Arafat, Marwin Bin Khatib Barghouti, Ahmed Taleb Mustapha Barghouti, AKA Al-Faransi, Nasser Mahmoud Ahmed Aweis, Majid Al-Masri, AKA Abu Mojahed, Mahmoud Al-Titi, Mohammed Abdel Rahman Salam Masalah, AKA Abu Satkhah, Faras Sadak Mohammed Ghanem, AKA Hitawi, Mohammed Sami Ibrahim Abdullah, Esatate of Said Ramadan, deceased, Abdel Karim Ratab Yunis Aweis, Nasser Jamal Mousa Shawish, Toufik Tirawi, Hussein Al-Shaykh, Sana'a Muhammed Shehadeh, Kaira Said Ali Sadi, Estate of Mohammed Hashaika, deceased, Munzar Mahmoud Khalil Noor, Estate of Wafa Idris, deceased, Estate of Mazan Faritach, deceased, Estate of Muhanad Abu Halawa, deceased, John Does, 1-99, Hassan Abdel Rahman,

*Defendants.*

# TABLE OF CONTENTS

PAGE

Memorandum Decision (March 10, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . .  SPA-1

Memorandum Decision (June 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . .  SPA-13

U.S. Const. Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  SPA-19

Promoting Security and Justice for Victims of Terrorism Act, Pub. L.
    No. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082 (2019) . . . . . . . . . .  SPA-20

Notice of Appeal of Intervenor The United States (May 9, 2022) . . . . .  SPA-26

Docket Entries After October 15, 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . .  SPA-27

**SPA-1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK I. SOKOLOW et al.,

                                    Plaintiffs,

            -against-

PALESTINE LIBERATION ORGANIZATION and
PALESTINIAN AUTHORITY,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

04 Civ. 397 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 1 0 2022

GEORGE B. DANIELS, United States District Judge:

This action returns to this Court on remand from the Second Circuit for the "limited

purposes of determining the applicability of the Promoting Security and Justice for Victims of

Terrorism Act of 2019, Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082 (the "PSJVTA")"

and "any issues regarding its application to this case including its constitutionality." (Mandate of

the U.S.C.A., ECF No. 1006, at 3.)

Following remand, the parties, submitted briefing concerning: (1) whether the factual

predicates for application of the PSJVTA have been met; and (2) whether application of the statute

is unconstitutional.  On May 19, 2021, this Court heard argument from the parties.  After oral

argument, the parties filed supplementing briefing. (Defendants' Letter dated June 9, 2021, ECF

No. 1031; Plaintiff's Letter dated July 6, 2021, ECF No. 1035.)   On September 7, 2021, the

Government intervened in this action and filed a memorandum of law in support of the

constitutionality of the PSJVTA. (Government's Brief in Support of PSJVTA, ECF No. 1043).

Defendant responded to the Government's brief. (Defendants' Letter dated September 20, 2021,

1

ECF No. 146.) Having considered the parties' arguments, the Court finds (1) that the factual predicate for application of the PSJVTA to this case has been established, and (2) that the statute is unconstitutional.

## I.    BACKGROUND[1]

Plaintiffs brought this action against Defendants in 2004, asserting causes of action for international terrorism pursuant to the Anti-Terrorism Act ("ATA"), codified in 18 U.S.C. 2333, and various state law claims. Defendants moved to dismiss the Complaint for lack of personal jurisdiction in July 2007. (Notice of Mot. to Dismiss Complaint, ECF No. 45.) In a memorandum decision and order dated September 30, 2008, Defendants' motion was denied without prejudice; Plaintiffs' cross motion for jurisdictional discovery was granted. (ECF No. 58.) Defendants renewed their motion to dismiss the Complaint on May 29, 2009. (Notice of Renewed Mot. to Dismiss Complaint, ECF No. 66.) In a memorandum decision and order dated March 11, 2010, this Court denied Defendants' motion without prejudice to renew at the close of jurisdictional discovery. (ECF No. 79.) Following the close of jurisdictional discovery in April 2010, Defendants renewed their motion. (Notice of Mot. to Dismiss Complaint, ECF No. 81.) In a memorandum decision and order dated March 30, 2011, Defendants' motion was denied. (ECF No. 87.) Defendant next moved to transfer venue to the District of Columbia or, in the alternative, to dismiss the case for lack of personal jurisdiction. (Notice of Mot. to Transfer Venue, ECF No. 93.) That motion was denied in an Order dated June 2, 2011. (ECF No. 122.)

Following the Supreme Court's decision in *Daimler AG v. Bauman*, Defendants moved for reconsideration of this Court's March 2011 Memorandum Decision and Order. (Notice of Mot. for Reconsideration, ECF No. 421.) Defendants' motion was denied in an Order dated June 16,

---

[1] The Court references only the underlying facts and procedural history necessary to explain the Court's decision.

2

2014. (ECF No. 537.) Defendants moved for summary judgment, arguing that *Daimler* required

dismissal for lack of personal jurisdiction. (Notice of Mot. for Summary Judgment, ECF 496.)

Defendants' motion for summary judgment was denied. (Memorandum Decision and Order dated

December 1, 2014, ECF No. 657.) Defendants petitioned the Second Circuit for expedited review

of the decision and for a stay of all district court proceedings pending review, including of the trial

scheduled for January 1, 2015. (Notice of Motion for Stay of Proceedings, ECF No. 665.)

Defendants' petition and motion were denied. (Mandate dated January 28, 2015, ECF No., 777.)

Following a seven-week trial, a jury returned a verdict for Plaintiffs. (Judgment, ECF No.

980.) Defendants appealed the verdict. On appeal, the Second Circuit found that Defendants did

not have sufficient minimum contacts with the forum to allow the Court to exercise general or

specific personal jurisdiction over them. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 323

(2d Cir. 2016) ("Waldman I"). The Second Circuit vacated the judgment and remanded the case

with instructions to dismiss the action for lack of personal jurisdiction "over defendants with

respect to the claims in this action." (*Id.* at 4.)

In reaction to the Second Circuit's decision in *Waldman*, Congress passed the Anti-

Terrorism Clarification Act ("ATCA"). Pub. L. No. 115-253, 132 Stat. 3183 (2018). The ATCA

amended the ATA, providing that a defendant is deemed to have consented to personal jurisdiction

in a civil action under the ATA (1) by accepting US foreign assistance, or (2) by benefitting from

a waiver or suspension of 22 U.S.C. § 5205.[2]  After the passage of the law, Plaintiffs petitioned

the Second Circuit to recall its mandate in light of the ATCA. The Second Circuit denied the

petition, finding that the factual predicates of the ATCA had not been satisfied because, at the time

of the appeal, Defendants were not accepting U.S. foreign assistance, they were not benefitting

---

[2] Section 5202 forbids the PLO and its successors and agents from expending funds or maintaining facilities within the jurisdiction of the United States

3

**SPA-4**

from a waiver or suspension of Section 1003 of the ATA, nor were Defendants maintaining an office or facility within the jurisdiction of the United States. *Waldman v. Palestine Liberation Org.*, 925 F.3d 570, 573 (2d Cir. 2019) ("*Waldman II*"). Plaintiffs appealed Waldman II to the Supreme Court. While the appeal was pending, Congress passed the PSJVTA, expanding the bases on which a defendant can consent to personal jurisdiction. Specifically, the statute states that a defendant may consent to personal jurisdiction in cases under the ATA by (1) making payments to the designees of individuals imprisoned or killed as a result of committing any act of terrorism that injured or killed a U.S. citizen, and (2) maintaining any premises in the United States or conducting any activity while physically present in the United States on behalf of the Palestinian Authority or the Palestinian Liberation Organization. 18 U.S.C.A. § 2334(e)(1). Following the passage of the PSJVTA, the Supreme Court vacated and remanded the Second Circuit's decision in *Waldman II* for further consideration in light of the PSJVTA. *Sokolow v. Palestine Liberation Org.*, 140 S. Ct. 2714, 206 L. Ed. 2d 852 (2020).

## II.    THE PSJVTA APPLIES TO THIS CASE

The PSJVTA creates personal jurisdiction over defendants on the basis of deemed consent where a defendant makes payments that trigger the application of the statute, or where a defendant engages in certain activities in the United States. 18 U.S.C. § 2334(e)(1).

Plaintiffs argue that the PSJVTA is applicable to this case under 18 U.S.C §2334(e)(1)(A)(i) and (ii) because Defendants have made payments after April 18, 2020 to individuals convicted for, or killed while, committing acts of terrorism that harmed U.S. nationals. (Plaintiffs' Memorandum of Law ("Plaintiffs' Brief"), ECF No. 1018, at 8.) Plaintiffs also argue that the statute applies under 18 § 2334(e)(1)(B)(i) and (ii) because Defendants maintained an

**SPA-5**

office in New York City, provided counselor services, held press conferences, and updated social media accounts for "the State of Palestine" after January 4, 2020. (*Id.* at 17-18.)

In their opposition, Defendants argue that the office in New York City is not "in" the United States for the purpose of the statute because it is part of the Palestinian Liberation Organization's ("PLO") Mission to the United Nations ("U.N.") headquartered in New York. (Defendants Memorandum of Law ("Defendants' Opposition"), ECF No. 1021, at 11.) In support, Defendants point to 18 U.S.C. § 2334(e)(3)(B). (*Id.*) Defendants also argue that their U.S. activities may not be considered for the purpose of determining applicability of the PSJVTA because their activities have been undertaken exclusively for the purpose of conducting official business of the U.N. or, alternatively, fall under exemptions to the application of the statute in 18 U.S.C. § 2334(e)(3) because their activities are part of official UN business. (*Id.* at 13.) With regards to the payment prong of the statute, Defendants do not contest that they made payments triggering application of the PSJVTA under 18 § 2334(e)(1)(A). (Defendants' Opposition at 2.) Instead, Defendants argue that terrorism convictions that were obtained in Israeli military trials were not "fairly tried," as required for application of the statute based on 18 § 2334(e)(1)(A)(i). (*Id.*)

The PSJVTA is codified at 18 U.S.C. 2334(e)(1). The statute states that "for the purposes of any civil action under Section 2333 of this title, a defendant shall be deemed to have consented to personal jurisdiction in such civil action if, regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filled," defendant engages in certain conduct. *Id.* The statute has two factual predicates which, if established, triggers applicability. Under the first factual predicate, the statute will apply where a defendant,

> [A]fter the date that is 120 days after the date of enactment of the [PSJVTA], makes any payment directly or indirectly -- (i) to any payee designated by any individual who, after being fairly tried or pleading guilty, has been imprisoned for committing any act of

5

> terrorism that injured or killed a national of the United States, if such
> payment is made by reason of such imprisonment; or (ii) to any
> family member of any individual, following such individual's death
> while committing an act of terrorism that injured or killed a national
> of the United States, if such payment is made by reason of the death
> of such individual [.]

18 U.S.C. 2334(e)(1)(A). The second factual predicate states that the statute will

apply where a defendant,

> [A]fter 15 days after the date of enactment of the [PSJVTA] -- (i)
> continues to maintain any office, headquarters, premises, or other
> facilities or establishments in the United States; (ii) establishes or
> procures any office, headquarters, premises, or other facilities or
> establishments in the United States; or (iii) conducts any activity
> while physically present in the United States on behalf of the
> Palestine Liberation Organization or the Palestinian Authority.

18 U.S.C. 2334(e)(1)(A).

Plaintiffs have presented sufficient evidence to support the determination that Defendants

have made payments after April 18, 2020 to the families of individuals killed while committing

acts of terrorism, and that those payments were made because the individual engaged in terrorism,

and that the terrorism harmed U.S. nationals.

Defendants have a practice of making payments to the families of individuals who died

while committing acts of terrorism. The Palestinian Authority ("PA") has administered monthly

payments to the families of individuals who died while committing acts of terrorism since at least

1994. (Declaration of Arieh Spitzen ("Spitzen Declaration"), ECF No. 1020, at ¶ 8, 10.)

Defendants have control over the payment program and are responsible for its operation. (*Id.* at ¶

28.) These payments, known as "shahids," are administered by the Institution for Families of

Martyrs and the Injured (the "Institution"). (*Id.* at ¶ 12.) Payment of shahids is made pursuant to

a "Social Examination" form submitted by the families of the deceased terrorists and reviewed by

the Institution's staff. (*Id.* at ¶ 13.)

6

Defendants have continued making payments to the families of individuals killed while committing acts of terrorism after April 18, 2020. On June 8, 2020, the Prime Minister of Palestine stated "we continued to pay the prisoner and the families of the martyrs in full." (Middle East Research Institute Special Dispatch dated June 11, 2020, ECF No. 1020-7, at 1.) Additionally, reports from the State Department confirm that Defendants have continued making shahid payments since October 2020. (Article dated October 30, 2020, ECF No 1018-28, at 1.)

Defendants have made shahid payments to the families of individuals killed while committing acts of terrorism because of the death of the individual or "martyrdom." The families of individuals who died in terror attacks would not be eligible for shahid payments from the Institution absent the individual's death. (*Id*. at 12.) To receive shahid payments, the family of deceased terrorists must submit a Social Examination form with information about the deceased, the date, place, and circumstances of their death, and proof of their death. (*Id.* at ¶ 13.) In one such application, which was approved, the Institution staff wrote in a section titled "Department Recommendations" that the deceased "was martyred during a heroic martyrdom operation against the Zionists in the occupied city of Jerusalem" and "[t]herefore, we recommend that she is considered one of the al-Awsa Intifada martyrs according to the regulations." (*Id.* at 5.)

Defendants have made shahid payments on behalf of individuals who died during an act of terrorism that harmed injured U.S. nationals. For example, Wafa Idris died on January 27, 2020 while committing an act of terrorism. (Spitzen Declaration ¶ 45; Declaration of Kent A. Yalowitz ("Yalowitz Declaration"), ECF No. 1018, at ¶ 78.) The attack injured five U.S. nationals: Mark Sokolow, Elana Sokolow, Jamie Sokolow, Lauren Sokolow, and Rena Sokolow. (Yalowitz Declaration at ¶ 77.) An application for shahid was filed by Idris' mother with the Institution for Families of Martyrs and the Injured. (Wafa Idris Social Examination, ECF No. 1020-13, at 1.)

7

The application was approved. (*Id.* at 5.) A shahid payment of 600 shekels a month was allocated. (*Id.*)

As Plaintiffs presented sufficient evidence to show that Defendants conduct meets the factual predicate in 18 U.S.C. §2334(e)(1)(A)(ii) has been met, the PSJVTA is applicable to this case. [3]

### III. THE PSJVTA IS UNCONSTITUTIONAL

The PSJVTA states that Defendants are "deemed to consent to personal jurisdiction" if they meet any of the factual predicates identified in 18 U.S.C. 2334(e)(1)(A) or (B).

Defendant argues that "deemed consent" under the PSJVTA violates the due process clause of the Constitution because it does not reflect a free and voluntary relinquishment of Defendants' right to personal jurisdiction. (Defendants' Supplemental Brief on the PSJVTA in *Fuld et al. v. PLO et al.*, 20 Civ 3374, ECF No. 42, at 5.) Defendants contend that for the conduct identified in the PSJVTA to reflect an agreement to consent to the forum's exercise of personal jurisdiction over it, Defendants must receive a reciprocal benefit in exchange. (*Id.* at 6-7.) Since the statute does not confer any benefit on Defendants, Defendants argue that the PSJVTA represents an unconstitutional imposition of personal jurisdiction. (*Id.* at 7.)

In opposition, Plaintiffs argue that the PSJVTA's deemed consent provision establishes constitutionally valid personal jurisdiction over Defendants on the basis of implied consent. (Plaintiffs' Response to Defs.' Supp. Brief ("Plaintiffs' Response"), ECF No. 1035, at 4.) Plaintiffs argue that the doctrine of implied consent does not require that Defendants receive a reciprocal benefit for the Court's exercise of judicial power to be constitutional. (*Id.* at 6.)

---

[3] Having determined that the PSJVTA applies under 18 U.S.C. 2334(e)(1)(A)(ii), this Court does not reach the issue of whether the factual predicates in 18 U.S.C. 2334(e)(1)(A)(ii) or 18 U.S.C. 2334(e)(1)(B) have been met.

**SPA-9**

Plaintiffs also argue that Defendants' decision to engage in conduct identified by the statute was knowing and voluntary. (*Id.*) Plaintiffs contend that Defendants' decision to engage in the conduct that triggered the application of the PSJVTA amounts to a legal submission that Defendants have impliedly consented to personal jurisdiction. (Plaintiffs' Response at 4.)

Under the due process clause of the Constitution, courts may not exercise judicial power over a defendant where maintenance of the suit offends traditional notions of fair play and substantial justice. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). The requirement that courts have personal jurisdiction over defendants represents a restriction on judicial power as a matter of individual liberty. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). As an individual right, personal jurisdiction can be waived by a defendant. (*Id.*) A court's exercise of personal jurisdiction over a defendant comports with due process where defendant has sufficient contacts with the forum to support general or specific personal jurisdiction. *Daimler*, 571 U.S. at 126. A court may also exercise personal jurisdiction over a defendant, even absent minimum contacts, where the defendant consents to the court's personal jurisdiction. *Ins. Corp. of Ireland*, 456 U.S. at 704.

The conduct identified in the PSJVTA is insufficient to support a finding that Defendants have consented to personal jurisdiction. A defendant may consent to a court's jurisdiction expressly or by implication. *Id.* at 703-4. Courts have found that a defendant constructively consents to a court's personal jurisdiction where defendants refuses to comply with discovery orders regarding personal jurisdiction. *Hammond Packing Co. v. State of Ark.*, 212 U.S. 322, 351 (1909). Specifically, where a defendant violates court orders requiring them to produce evidence material to the issue of personal jurisdiction, courts have taken that conduct as a legal submission to support a presumption of the fact that "the refusal to produce evidence material to the

administration of due process was but an admission of the want of merit in the asserted defense."
*Id*. The *Hammond* Court found that this presumption was like "many other presumptions attached
by law to the failure of a party to a cause to specially set up or assert his supposed rights in the
mode prescribed by law." *Id.* The presumption did not violate due process because it was based
on the "undoubted right of the lawmaking power to create a presumption of fact as to the bad faith
and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered,
when such proof concerned the rightful decision of the cause." *Id.*

Here, the parties do not dispute that Defendants' conduct in making payments to
individuals killed while committing acts of terrorism that killed U.S. Nationals triggers application
of the PSJVTA. (*Supra* at II.) This conduct is wholly unrelated to any court order in this litigation.
Jurisdictional discovery took place in this case in 2008. Defendants did not violate any discovery
orders. Accordingly, Defendants actions in violation of the statute is insufficiently related to the
litigation to enable the court to exercise constitutionally valid personal jurisdiction over
Defendants on the basis of constructive or implied consent.[4]

Plaintiffs argue that Defendants' decision to make payments that trigger the application of
the PSJVTA represents a legal submission to this Court that Defendants have impliedly consented
to personal jurisdiction. (Plaintiffs' Response at 4.) In support of its argument, Plaintiffs cite *Ins.
Corp. of Ireland v. Compagnie des Bauxites de Guinee*. In *Ins. Corp. of Ireland*, the trial court

---

[4] *See also Fuld v. Palestine Liberation Org.*, No. 20-CV-3374 (JMF), 2022 WL 62088, at *7 (S.D.N.Y.
Jan. 6, 2022) (finding the PSJVTA did not constitutionally provide for personal jurisdiction over the
Palestine Liberation Organization and the Palestinian Authority on the basis of implied consent because
"the conduct to which Congress attached jurisdictional consequence in the PSJVTA is not 'of such a nature
as to justify the fiction' that [d]efendants actually consented to the jurisdiction of the Court" and inferring
consent from 'martyr payments' "that have no direct connection to the United States, let alone litigation in
a United States court – would strain the idea of consent beyond its breaking point").

# SPA-11

sanctioned the defendant for violating discovery orders under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure by taking as established the fact that the defendant in that case had sufficient contacts with the forum to support personal jurisdiction, which is what plaintiff was trying to prove through discovery. *Ins. Corp of Ireland*, 456 U.S. at 705-7. Affirming the trial court, the Supreme Court found that the sanction did not violate due process because the facts of the case supported a *Hammond Packing* presumption, and "the sanction was specifically related to the particular 'claim' at issue in the order to provide discovery." (*Id.* at 706.) The conduct Plaintiffs point to, making shahid payments, does not support a *Hammond Packing* presumption.[5] The conduct at issue is unrelated to the underlying issues in the litigation, nor would the sanction of finding personal jurisdiction be specifically related to any court order. *Contra Ins. Corp of Ireland*, 456 U.S. at 703-4 (no due process violation where personal jurisdiction is based on a presumption of fact resulting from defendant's refusal to comply with discovery orders). Accordingly, finding that Defendants have impliedly consented to personal jurisdiction based solely on their conduct in violation of the PSJVTA would violate the due process clause of the constitution.[6]

---

[5] Nor could this Court make such a finding, as the Second Circuit already held, that there were insufficient contacts to support general or specific jurisdiction in this case. *Waldman I*, 835 F.3d at 344 (finding that general jurisdiction did not exist over defendants because they were not at home in New York; specific jurisdiction did not exist because the terror attacks at issue were not expressly aimed at the United States, deaths and injuries suffered by U.S. nationals were random, and lobbying activities regarding American policy toward Israel are insufficiently suit-related).

[6] In addition to its support for Plaintiff's arguments, in its memorandum of law in intervention, the Government contends that federal courts must accord deference to the PSJVTA because the statute represents an enactment by Congress and the President in the field of foreign affairs. (Govt. Mem ISO PSJVTA at 13.) The Government cites *Bank Marzai v. Peterson* in support. In that case, the Supreme Court noted that "[i]n pursuit of foreign policy objectives, the political branches have regulated specific foreign-state assets by, inter alia, blocking them or governing their availability for attachment . . . Such measures have never been rejected as invasions of the Article III judicial power." *Bank Markazi v. Peterson*, 578 U.S. 212, 235 (2016). As this Court finds that the PSJVTA is unconstitutional for its violation

## IV.     CONCLUSION

The PSJVTA of 2019 is applicable to this case. The statute is unconstitutional.

Dated: March 10, 2022
       New York, New York

                                          SO ORDERED.

                                          GEORGE B. DANIELS
                                          United States District Judge

---

of the due process clause, not for its invasion of the separation of powers, the Government's argument is inapplicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK I. SOKOLOW, et al.,

                Plaintiffs,

      -against-

PALESTINE LIBERATION ORGANIZATION and
PALESTINIAN AUTHORITY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

04 Civ. 397 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs have moved for reconsideration of this Court's earlier ruling on the applicability

and constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019,

Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082, codified at 18 U.S.C. § 2334 (the

"PSJVTA"). An exercise of jurisdiction pursuant to the PSJVTA's "U.S. activities" prong, 18

U.S.C. § 2334(e)(1)(B)(iii), would breach the limits prescribed by the Due Process Clause. The

statute is therefore determined to be unconstitutional. Plaintiffs' motion for reconsideration, (ECF

No. 1056), is denied.

## BACKGROUND[1]

Plaintiffs brought this action against Defendants in 2004, asserting causes of action for

international terrorism pursuant to the Anti-Terrorism Act ("ATA"), codified at 18 U.S.C. 2333,

and various state law claims. (ECF No. 1.) Defendants moved repeatedly to dismiss the complaint

for lack of personal jurisdiction. (ECF Nos. 45, 66, 93.) This Court denied their motions,

---

[1] The relevant factual and procedural background is set forth in greater detail in this Court's original
determination on the applicability and constitutionality of the PSJVTA, *see Sokolow v. Palestine Liberation
Org.*, No. 04 CIV. 397 (GBD), 2022 WL 719261 (S.D.N.Y. Mar. 10, 2022), and is incorporated by reference
herein.

reasoning that "the totality of activities in the United States by the PLO and the PA justifies the exercise of general personal jurisdiction." *Sokolow v. Palestine Liberation Org.*, No. 04-CV-397 (GBD), 2011 WL 1345086, at *3 (S.D.N.Y. Mar. 30, 2011), *vacated sub nom. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 337 (2d Cir. 2016). Following the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Second Circuit vacated this Court's decision and held that exercise of personal jurisdiction over Defendants violated the Due Process Clause of the Fifth Amendment because neither defendant was "at home" in the United States, and the terrorist attacks at issue "were not sufficiently connected to the United States" to support specific personal jurisdiction. *Waldman*, 835 F.3d at 333–34, 337.

In response to the Second Circuit's decision in *Waldman*, Congress passed a series of statutes expanding the bases on which a defendant can be deemed to have consented to personal jurisdiction, including, as relevant here, the PSJVTA. Specifically, the PSJVTA states that a defendant is deemed to have consented to personal jurisdiction by (1) making payments to the designees of individuals imprisoned or killed as a result of committing any act of terrorism that injured or killed a U.S. citizen (the PSJVTA's "payments prong"), and (2) maintaining any premises in the United States or conducting any activity while physically present in the United States on behalf of the Palestinian Authority or the Palestinian Liberation Organization (the PSJVTA's "U.S. activities prong"). 18 U.S.C.A. § 2334(e)(1). Following the passage of the PSJVTA, the Second Circuit remanded this case to this Court "for the limited purpose of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality." (ECF No. 1006, at 3.) On March 10, 2022, this Court issued a Memorandum Decision and Order in which it held that the factual predicate for application of the PSJVTA's payments prong to this case had

2

been established, and that the exercise of personal jurisdiction pursuant to that prong would be unconstitutional. *Sokolow*, 2022 WL 719261, at *2–6. Shortly after entry of this Court's order, Plaintiffs moved for reconsideration, requesting that this Court undertake a similar analysis with respect to the PSJVTA's U.S. activities prong. (ECF No. 1056.) This decision follows.

## THE PSJVTA DOES NOT CONSTITUTIONALLY PROVIDE FOR PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiffs point to three categories of conduct they contend meet the PSJVTA's test for consent to jurisdiction based on non-exempt (non-United Nations ("U.N.")) activities in the United States. (ECF No. 1057, at 20.) Specifically, Plaintiffs rely on Defendants' provision of consular services in the United States, their interviews with prominent media and social media activity, and their maintenance of an office in New York. (*Id.* at 20–23, 32.) Defendants do not dispute they have engaged in these types of activities. Rather, Defendants argue that their conduct falls within the PSJVTA's exclusions for official U.N. or U.N.-ancillary activities under 18 U.S.C. § 2334(e)(3). (ECF No. 1064, at 15–26.) Defendants also argue that the factual predicates of the U.S. activities prong of the PSJVTA, even if met, are not sufficient to support an exercise of personal jurisdiction consistent with the Due Process Clause of the Fifth Amendment. (*Id.* at 6–12.) This Court agrees with Defendants' latter argument, and in doing so, joins two other courts in concluding that an exercise of jurisdiction under either of the PSJVTA's factual predicates is unconstitutional. *See Fuld v. Palestine Liberation Org.*, No. 20-CV-3374 (JMF), 2022 WL 62088, at *7 (S.D.N.Y. Jan. 6, 2022); *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at *5 (S.D.N.Y. Mar. 18, 2022).[2]

---

[2] Plaintiffs' claim that "[n]o court has addressed" the U.S. activities prong of the PSJVTA, (ECF No. 1057, at 13), is incorrect. Both the *Fuld* and *Shatsky* Courts specifically considered the U.S. activities prong and ultimately held it unconstitutional.

3

Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong—a finding this Court need not make in order to resolve the instant motion—these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States.[3] As the Court explained in *Fuld*, in promulgating the PSJVTA, Congress "simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction in *Waldman* I and *Shatsky* I—and declared that such conduct shall be deemed to be consent." *Fuld*, 2022 WL 62088, at *7. But Congress "cannot simply declare anything it wants to be consent." *Id.* at *12. Consent is not "a legal fiction devoid of content" and neither the courts nor Congress may "engag[e] in circular reasoning that premises consent on the presumption that defendants know the law and then define[] the law so that anyone engaging in the defined conduct is deemed to have consented to personal jurisdiction." *M3 USA Corp. v. Qamoum*, No. CV 20-2903 (RDM), 2021 WL 2324753, at *12 (D.D.C. June 7, 2021). Constitutional due process "requires more than notice and the opportunity to conform ones conduct for effective consent to jurisdiction." *Shatsky*, 2022 WL 826409, at *5. The activities at issue here—primarily the notarization of documents and a handful of interactions with the media—are insufficient to support any meaningful consent to jurisdiction by Defendants.[4]

---

[3] Both this Court in its March 10, 2022 decision and the *Fuld* Court discuss the history of the jurisprudence on jurisdiction by consent. *Sokolow*, 2022 WL 719261, at *2–6; *Fuld*, 2022 WL 62088, at *6. This Court will not belabor the discussion by repeating that history here.

[4] Plaintiffs rely on *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016), for their claim that "the Second Circuit has acknowledged the continued vitality of cases holding that 'a defendant may consent to personal jurisdiction without regard to what a due process analysis of its contacts would yield.'" (ECF No. 1057, at 15 (quoting *Brown*).) *Brown* acknowledged no such theory. To the contrary, the *Brown* Court only noted that other Circuits have so held, and then went on to reject that interpretation: "But as the Supreme Court recognized ... the reach of that coercive power, even when exercised pursuant to a corporation's purported 'consent,' may be limited by the Due Process clause." *Brown*, 814 F.3d at 641.

4

The alternate personal jurisdiction theories Plaintiffs advance do not support their constitutional argument.[5] As Defendants correctly note, *Burnham*'s tag jurisdiction theory only applies to individuals.[6] *See e.g., Estate of Ungar v. Palestinian Auth.*, 400 F.Supp.2d 541, 553 (S.D.N.Y. 2005), *aff'd,* 332 P. App'x 643 (2d Cir. 2009) (citing *Burnham,* 495 U.S. 604); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1064 (9th Cir. 2014). Plaintiffs' secondary suggestion, that Defendants consented to jurisdiction solely by virtue of the fact that Congress permits their presence in the United States, relies heavily on pre-*International Shoe* case law from the nineteenth century that is now obsolete, and in any event, required some transaction of business in the forum that is absent here. *See e.g., Baltimore & Ohio Railroad Co. v. Harris*, 79 U.S. 65, 81 (1870) ("if it does business there, it will be presumed to have assented"); *Hess v. Pawloski*, 274 U.S. 352, 355 (1927) ("transaction of business in state" supports "consent to be bound by the process of its courts"); *Washington v. Superior Ct. of Wash.*, 289 U.S. 361, 364–65 (1933) (state "need not have admitted the corporation to do business within its borders"). Finally, Plaintiffs' argument that Defendants have consented to jurisdiction in the United States because they "receive substantial benefits" from their U.S. activities is misplaced, because a defendant's receipt of benefits is relevant to the issue of specific jurisdiction, not jurisdiction by consent. *C.f. Fuld*, 2022 WL 62088,

---

[5] This Court notes that Plaintiffs could have raised these theories, which rely on personal jurisdiction case law long predating the initiation of this suit, in their responses to any of Defendants' several motions to dismiss. Motions for reconsideration are not to reiterate previous arguments or raise new arguments that could have been raised earlier. *See e.g., Williams v. Romarm*, 751 F. App'x 20, 24 (2d Cir. 2018). This Court further notes that several of these theories have already been foreclosed by the Second Circuit's decision in *Waldman*. *Waldman*, 835 F.3d at 337.

[6] "Tag jurisdiction" refers to a court's exercise of personal jurisdiction over an individual who is served, and thus "tagged," while physically present in the forum. *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (citing *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604 (1990) (plurality opinion)); *see also Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir. 1995) ("Fed. R. Civ. P. 4(e)(2) specifically authorizes personal service of a summons and complaint upon an individual physically present within a judicial district of the United States, and such personal service comports with the requirements of due process for the assertion of personal jurisdiction.").

**SPA-18**

at *12, n. 10 ("reciprocity" or receipt of benefits is not a component of the consent analysis) (collecting cases); *see also, Hess*, 274 U.S. at 356 ("the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved."). Even if Defendants reap benefits from their activities in the United States, jurisdiction is still lacking because, as the Second Circuit has already held, the conduct about which Plaintiffs complain in this suit did not involve (and, in fact, long predates) the PSJVTA's in-territory activities in which Defendants now engage. *Waldman*, 835 F.3d at 344 (jurisdiction does not exist in this case because the terror attacks at issue were not expressly aimed at the United States, death and injuries suffered by U.S. nationals were random, and lobbying activities regarding American policy toward Israel are insufficiently suit-related).

## CONCLUSION

For the reasons set forth above and in this Court's March 10, 2022 decision, *Sokolow*, 2022 WL 719261, at *2-6, the exercise of jurisdiction under either of the PSJVTA's two jurisdiction-triggering prongs would violate due process. The statute is therefore unconstitutional.

The Clerk of the Court is directed to close the open motions at ECF Nos. 1056 and 1068.[7]

Dated: June 15, 2022
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[7] Defendants' request that the Court consider its sur-reply, (ECF No. 1068-1), is granted.

6

# SPA-19

---

United States Code Annotated
   Constitution of the United States
      Annotated
         Amendment V. Grand Jury; Double Jeopardy; Self-Incrimination; Due Process; Takings

U.S.C.A. Const. Amend. V

Amendment V. Grand Jury Indictment for Capital Crimes; Double Jeopardy;
Self-Incrimination; Due Process of Law; Takings without Just Compensation

Currentness

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

<Historical notes and references are included in the full text document for this amendment.>

<For Notes of Decisions, see separate documents for clauses of this amendment:>

<USCA Const. Amend. V--Grand Jury clause>

<USCA Const. Amend. V--Double Jeopardy clause>

<USCA Const. Amend. V--Self-Incrimination clause>

<USCA Const. Amend. V-- Due Process clause>

<USCA Const. Amend. V--Takings clause>

U.S.C.A. Const. Amend. V, USCA CONST Amend. V
Current through P.L. 117-166. Some statute sections may be more current, see credits for details.

---

**End of Document**       © 2022 Thomson Reuters. No claim to original U.S. Government Works.

---

Case 22-1060, Document 66, 10/28/2022, 3409962, Page23 of 49

SPA-20

FURTHER CONSOLIDATED APPROPRIATIONS ACT, 2020, PL 116-94, December 20,...

PL 116-94, December 20, 2019, 133 Stat 2534

UNITED STATES PUBLIC LAWS

116th Congress - First Session

Convening January 03, 2019

Additions and Deletions are not identified in this database.
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

PL 116–94 [HR 1865]

December 20, 2019

FURTHER CONSOLIDATED APPROPRIATIONS ACT, 2020

An Act Making further consolidated appropriations for the fiscal year ending September 30, 2020, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

## SECTION 1. SHORT TITLE.

This Act may be cited as the "Further Consolidated Appropriations Act, 2020".

## SEC. 2. TABLE OF CONTENTS.

Sec. 1. Short title.

Sec. 2. Table of contents.

Sec. 3. References.

Sec. 4. Explanatory statement.

Sec. 5. Statement of appropriations.

Sec. 6. Availability of funds.

Sec. 7. Adjustments to compensation.

Sec. 8. Office of Management and Budget Reporting Requirements.

DIVISION A—DEPARTMENTS OF LABOR, HEALTH AND HUMAN SERVICES, AND EDUCATION, AND RELATED AGENCIES APPROPRIATIONS ACT, 2020

Title I—Department of Labor

Title II—Department of Health and Human Services

Title III—Department of Education

<< 18 USCA § 2333 NOTE >>

### SEC. 903. PROMOTING SECURITY AND JUSTICE FOR VICTIMS OF TERRORISM.

(a) SHORT TITLE.—This section may be cited as the Promoting Security and Justice for Victims of Terrorism Act of 2019.

(b) FACILITATION OF THE SETTLEMENT OF TERRORISM-RELATED CLAIMS OF NATIONALS OF THE UNITED STATES.—

(1) COMPREHENSIVE PROCESS TO FACILITATE THE RESOLUTION OF ANTI-TERRORISM ACT CLAIMS.—The Secretary of State, in consultation with the Attorney General, shall, not later than 30 days after the date of enactment of this Act, develop and initiate a comprehensive process for the Department of State to facilitate the resolution and settlement of covered claims.

(2) ELEMENTS OF COMPREHENSIVE PROCESS.—The comprehensive process developed under paragraph (1) shall include, at a minimum, the following:

(A) Not later than 45 days after the date of enactment of this Act, the Department of State shall publish a notice in the Federal Register identifying the method by which a national of the United States, or a representative of a national of the United States, who has a covered claim, may contact the Department of State to give notice of the covered claim.

(B) Not later than 120 days after the date of enactment of this Act, the Secretary of State, or a designee of the Secretary, shall meet (and make every effort to continue to meet on a regular basis thereafter) with any national of the United States, or a representative of a national of the United States, who has a covered claim and has informed the Department of State of the covered claim using the method established pursuant to subparagraph (A) to discuss the status of the covered claim, including the status of any settlement discussions with the Palestinian Authority or the Palestine Liberation Organization.

(C) Not later than 180 days after the date of enactment of this Act, the Secretary of State, or a designee of the Secretary, shall make every effort to meet (and make every effort to continue to meet on a regular basis thereafter) with representatives of the Palestinian Authority and the Palestine Liberation Organization to discuss the covered claims identified pursuant to subparagraph (A) and potential settlement of the covered claims.

(3) REPORT TO CONGRESS.—The Secretary of State shall, not later than 240 days after the date of enactment of this **\*3083** Act, and annually thereafter for 5 years, submit to the Committee on the Judiciary and the Committee on Foreign Relations of the Senate and the Committee on the Judiciary and the Committee on Foreign Affairs of the House of Representatives a report describing activities that the Department of State has undertaken to comply with this subsection, including specific updates regarding subparagraphs (B) and (C) of paragraph (2).

(4) SENSE OF CONGRESS.—It is the sense of Congress that—

(A) covered claims should be resolved in a manner that provides just compensation to the victims;

(B) covered claims should be resolved and settled in favor of the victim to the fullest extent possible and without subjecting victims to unnecessary or protracted litigation;

(C) the United States Government should take all practicable steps to facilitate the resolution and settlement of all covered claims, including engaging directly with the victims or their representatives and the Palestinian Authority and the Palestine Liberation Organization; and

(D) the United States Government should strongly urge the Palestinian Authority and the Palestine Liberation Organization to commit to good-faith negotiations to resolve and settle all covered claims.

(5) DEFINITION.—In this subsection, the term "covered claim" means any pending action by, or final judgment in favor of, a national of the United States, or any action by a national of the United States dismissed for lack of personal jurisdiction, under section 2333 of title 18, United States Code, against the Palestinian Authority or the Palestine Liberation Organization.

(c) JURISDICTIONAL AMENDMENTS TO FACILITATE RESOLUTION OF TERRORISM-RELATED CLAIMS OF NATIONALS OF THE UNITED STATES.—

(1) IN GENERAL.—Section 2334(e) of title 18, United States Code, is amended—

(A) by striking paragraph (1) and inserting the following:

<< 18 USCA § 2334 >>

"(1) IN GENERAL.—Except as provided in paragraph (2), for purposes of any civil action under section 2333 of this title, a defendant shall be deemed to have consented to personal jurisdiction in such civil action if, regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filed, the defendant—

"(A) after the date that is 120 days after the date of the enactment of the Promoting Security and Justice for Victims of Terrorism Act of 2019, makes any payment, directly or indirectly—

"(i) to any payee designated by any individual who, after being fairly tried or pleading guilty, has been imprisoned for committing any act of terrorism that injured or killed a national of the United States, if such payment is made by reason of such imprisonment; or

"(ii) to any family member of any individual, following such individual's death while committing an act of terrorism that injured or killed a national of **3084** the United States, if such payment is made by reason of the death of such individual; or

"(B) after 15 days after the date of enactment of the Promoting Security and Justice for Victims of Terrorism Act of 2019—

"(i) continues to maintain any office, headquarters, premises, or other facilities or establishments in the United States;

"(ii) establishes or procures any office, headquarters, premises, or other facilities or establishments in the United States; or

"(iii) conducts any activity while physically present in the United States on behalf of the Palestine Liberation Organization or the Palestinian Authority.";

<< 18 USCA § 2334 >>

(B) in paragraph (2), by adding at the end the following: "Except with respect to payments described in paragraph (1)(A), no court may consider the receipt of any assistance by a nongovernmental organization, whether direct or indirect, as a basis for consent to jurisdiction by a defendant."; and

(C) by adding at the end the following:

<< 18 USCA § 2334 >>

"(3) EXCEPTION FOR CERTAIN ACTIVITIES AND LOCATIONS.—In determining whether a defendant shall be deemed to have consented to personal jurisdiction under paragraph (1)(B), no court may consider—

"(A) any office, headquarters, premises, or other facility or establishment used exclusively for the purpose of conducting official business of the United Nations;

"(B) any activity undertaken exclusively for the purpose of conducting official business of the United Nations;

"(C) any activity involving officials of the United States that the Secretary of State determines is in the national interest of the United States if the Secretary reports to the appropriate congressional committees annually on the use of the authority under this subparagraph;

"(D) any activity undertaken exclusively for the purpose of meetings with officials of the United States or other foreign governments, or participation in training and related activities funded or arranged by the United States Government;

"(E) any activity related to legal representation—

"(i) for matters related to activities described in this paragraph;

"(ii) for the purpose of adjudicating or resolving claims filed in courts of the United States; or

"(iii) to comply with this subsection; or

"(F) any personal or official activities conducted ancillary to activities listed under this paragraph.

<< 18 USCA § 2334 >>

"(4) RULE OF CONSTRUCTION.—Notwithstanding any other law (including any treaty), any office, headquarters, premises, or other facility or establishment within the territory of the United States that is not specifically exempted by paragraph (3)(A) shall be considered to be in the United States for purposes of paragraph (1)(B).

**SPA-24**

<< 18 USCA § 2334 >>

"(5) DEFINED TERM.—In this subsection, the term 'defendant' means—

   "(A) the Palestinian Authority;

**\*3085**

   "(B) the Palestine Liberation Organization;

   "(C) any organization or other entity that is a successor to or affiliated with the Palestinian Authority or the Palestine Liberation Organization; or

   "(D) any organization or other entity that—

      "(i) is identified in subparagraph (A), (B), or (C); and

      "(ii) self identifies as, holds itself out to be, or carries out conduct in the name of, the 'State of Palestine' or 'Palestine' in connection with official business of the United Nations.".

(2) PRIOR CONSENT NOT ABROGATED.—The amendments made by this subsection shall not abrogate any consent deemed to have been given under section 2334(e) of title 18, United States Code, as in effect on the day before the date of enactment of this Act.

(d) RULES OF CONSTRUCTION; APPLICABILITY; SEVERABILITY.—

(1) RULES OF CONSTRUCTION.—

   (A) IN GENERAL.—This section, and the amendments made by this section, should be liberally construed to carry out the purposes of Congress to provide relief for victims of terrorism.

   (B) CASES AGAINST OTHER PERSONS.—Nothing in this section may be construed to affect any law or authority, as in effect on the day before the date of enactment of this Act, relating to a case brought under section 2333(a) of title 18, United States Code, against a person who is not a defendant, as defined in paragraph (5) of section 2334(e) of title 18, United States Code, as added by subsection (c)(1) of this section.

(2) APPLICABILITY.—This section, and the amendments made by this section, shall apply to any case pending on or after August 30, 2016.

(3) SEVERABILITY.—If any provision of this section, an amendment made by this section, or the application of such provision or amendment to any person or circumstance is held to be unconstitutional, the remainder of this section, the

Case 22-1060, Document 66, 10/28/2022, 3409962, Page28 of 49

SPA-25

FURTHER CONSOLIDATED APPROPRIATIONS ACT, 2020, PL 116-94, December 20,...

amendments made by this section, and the application of such provisions to any person or circumstance shall not be affected thereby.

### SEC. 904. DEBT RELIEF FOR SOMALIA.

(a) DEBT RELIEF.—(1) Of the funds appropriated under titles III and IV of division G of this Act and under such titles in prior Acts making appropriations for the Department of State, foreign operations, and related programs, not to exceed $35,000,000 may be transferred to the "Department of the Treasury, Debt Restructuring" account for the same purposes and under the same authorities and conditions (other than the period of availability) as other funds provided under that heading for the cost, as defined in section 502 of the Congressional Budget Act of 1974, of modifying loans and loan guarantees, as the President may determine, or for the cost of selling, reducing, or cancelling amounts owed to the United States as a result of loans made to Somalia, in the event that Somalia meets the domestic and internationally-agreed conditions and the transfer is consistent with United States law and foreign policy considerations.

**\*3086**

(2) For the purposes of this section, no amounts may be transferred from amounts designated for Overseas Contingency Operations/Global War on Terrorism or as emergency requirements pursuant to a concurrent resolution on the budget or section 251(b)(2)(A) of the Balanced Budget and Emergency Deficit Control Act of 1985.

(3) Prior to the initial obligation of funds made available pursuant to this section, the Secretary of State shall submit to the appropriate congressional committees a report on the outcome of the Paris Club meeting on debt cancellation for Somalia, the estimate of amounts needed and over what time period, and the proposed sources of funds to be transferred pursuant to this section: *Provided*, That such funds shall also be subject to prior consultation with the appropriate congressional committees and the regular notification procedures of such committees.

<< 22 USCA § 2395a NOTE >>

(b) DEBT RESTRUCTURING.—Section 501(i) of title V of H.R. 3425, as enacted into law by section 1000(a)(5) of Public Law 106–113 (113 Stat. 1501A–313), as most recently amended by section 699H(b)(1) of division J of the Consolidated Appropriations Act, 2008 (Public Law 110–161; 121 Stat. 2372), is further amended by striking "2000–2010" and inserting "2000–2021".

(c) APPROPRIATE CONGRESSIONAL COMMITTEES DEFINED.—In this section, the term "appropriate congressional committees" means—

(1) the Committee on Foreign Relations and the Committee on Appropriations of the Senate; and

(2) the Committee on Foreign Affairs and the Committee on Appropriations of the House of Representatives.

### DIVISIONK—NATIONAL LAW ENFORCEMENT MUSEUM COMMEMORATIVE COIN

SEC. 101. SHORT TITLE.

<< 31 USCA § 5112 NOTE >>

**SPA-26**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

MARK I. SOKOLOW et al.,

             Plaintiffs,

    v.                                04 Civ. 397 (GBD)

PALESTINE LIBERATION ORGANIZATION et al.,    **Notice of Appeal**

             Defendants,

UNITED STATES OF AMERICA,

             Intervenor.

———————————————————————— x

       Intervenor the United States appeals to the United States Court of Appeals for the Second Circuit from the Memorandum Decision and Order entered on March 10, 2022.

Dated:    New York, New York           Respectfully submitted,
            May 9, 2022

                                     DAMIAN WILLIAMS
                                     United States Attorney for the
                                     Southern District of New York
                                     Attorney for Intervenor

                    By:    /s/ Benjamin H. Torrance
                            BENJAMIN H. TORRANCE
                            Assistant United States Attorney
                            86 Chambers Street
                            New York, New York  10007
                            Telephone: 212.637.2703
                            Fax: 212.637.2702
                            E-mail: benjamin.torrance@usdoj.gov

SPA-27

CLOSED,APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:04-cv-00397-GBD-RLE

Sokolow et al v. Palestine Liberation Organization et al          Date Filed: 01/16/2004
Assigned to: Judge George B. Daniels                              Date Terminated: 10/01/2015
Referred to: Magistrate Judge Ronald L. Ellis                     Jury Demand: Plaintiff
Similar Case: 2:18-cv-12213-GBD                                   Nature of Suit: 890 Other Statutory Actions
Cause: 28:1331 Fed. Question: Other                               Jurisdiction: Federal Question

# [List of Counsel through October 15, 2015
# is reproduced at pages JA-1 to JA-54 of
# Volume I of the Joint Appendix]

**Intervenor**                          represented by   **Benjamin Henry Torrance**

**United States Of America**                             U.S. Attorney's Office, SDNY (Chambers
                                                         Street)
                                                         86 Chambers Street
                                                         New York, NY 10007
                                                         212-637-2703
                                                         Fax: 212-637-2702
                                                         Email: benjamin.torrance@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**SPA-28**

# [Docket Entries through October 15, 2015 are reproduced at pages JA-55 to JA-270 of Volume I of the Joint Appendix]

| 11/13/2015 | 987 | MANDATE of USCA (Certified Copy) as to 961 Notice of Interlocutory Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer. USCA Case Number 15-2739.The interlocutory appeal in 15-2739 was taken from the district court's order, issued before entry of final judgment, staying execution of the judgment pending appeal. The consolidated appeals in 15-3135 (L) and 15-3151 (Con) followed entry of final judgment. These appeals are consolidated for purposes of this order. Appellants in 15-2739 ("Plaintiffs") move to modify the district court's order staying execution of the judgment pending appeal, and to expedite briefing of the consolidated appeal and cross-appeal in 15-3135(L) and 15-3151 (Con). Appellees in 15-2739 ("Defendants") cross-move to dismiss that appeal for lack of appellate jurisdiction. Upon due consideration, it is hereby ORDERED that Defendants' cross-motion to dismiss is DENIED as moot because the premature notice of appeal in 15-2739 from the district court's nonfinal stay order ripened into a valid notice of appeal upon the subsequent entry of final judgment. *See In re Barnet,* 737 F.3d 238, 244-45 (2d Cir. 2013). It is further ORDERED that Plaintiffs motion to modify the stay order is DENIED because the district court did not abuse its discretion in setting the amount of the bond upon which execution of the judgment would be stayed. *See In re Nassau Cnty. Strip Search Cases,* 783 F.3d 414, 417 (2d Cir. 2015); *Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1156 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987). Plaintiffs' motion to expedite briefing is GRANTED. Briefing will proceed according to the following schedule: Defendants shall file their opening brief by November 10, 2015; Plaintiffs shall file their opening brief by December 11, 2015; Defendants shall file their second principal brief by January 11, 2016; and Plaintiffs shall file their reply brief by January 25, 2016. Oral argument will be held as early as the week of March 11, 2016. Because there are no issues remaining to be adjudicated, it is hereby ORDERED that the appeal in 15-2739 is DISMISSED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/13/2015. (nd) (Entered: 11/13/2015) |
| 11/19/2015 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 11/16/2015, Receipt Number 164654000109 and placed into CRIS on 11/18/15. (dig) (Entered: 11/19/2015) |

| | | |
|---|---|---|
| 12/17/2015 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 12/11/15, Receipt Number 16465400148 and placed into CRIS on 12/16/15. (dig) (Entered: 12/17/2015) |
| 01/13/2016 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 1/11/16, Receipt Number 16465400206 and placed into CRIS on 1/13/16. (dig) (Entered: 01/13/2016) |
| 02/01/2016 | 988 | TRANSCRIPT of Proceedings re: Conference held on 1/6/2015 before Judge George B. Daniels. Court Reporter/Transcriber: Lisa Picciano Fellis, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/25/2016. Redacted Transcript Deadline set for 3/7/2016. Release of Transcript Restriction set for 5/5/2016. (Siwik, Christine) (Entered: 02/01/2016) |
| 02/01/2016 | 989 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 1/6/15 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 02/01/2016) |
| 02/17/2016 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 2/17/16, Receipt Number 16465400268 and placed into CRIS on 2/17/16. (dig) (Entered: 02/17/2016) |
| 03/16/2016 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 3/10/16, Receipt Number 164654000313 and placed into CRIS on 3/16/16. (dig) (Entered: 03/16/2016) |
| 03/28/2016 | 990 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated 03/28/2016 re: Gilmore Bond. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Leonard Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Morris Waldman, Shmuel Waldman.(Yalowitz, Kent) (Entered: 03/28/2016) |
| 03/30/2016 | 991 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated 03/30/2016 re: Response to Plaintiffs' March 28, 2016 Letter. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Baloul, Gassan) (Entered: 03/30/2016) |
| 04/04/2016 | 992 | ORDER: Plaintiffs' letter request, (ECF No. 990), that this Court order that any funds released by the United States District Court for the District of Columbia in Gilmore v. Palestinian Authority (Docket No. 01 Civ. 853) be added to the registry of this Court as |

# SPA-30

|  |  | additional security is DENIED. SO ORDERED. (Signed by Judge George B. Daniels on 4/04/2016) (ama) (Entered: 04/04/2016) |
|---|---|---|
| 04/21/2016 |  | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 4/14/16, Receipt Number 16465400365 and placed into CRIS on 4/21/16. (dig) Modified on 4/21/2016 (dig). (Entered: 04/21/2016) |
| 05/11/2016 |  | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 5/10/16, Receipt Number 16465400412 and placed into CRIS on 5/10/16. (dig) (Entered: 05/11/2016) |
| 06/15/2016 |  | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 6/13/16, Receipt Number 16465400470 and placed into CRIS on 6/15/16. (dig) (Entered: 06/15/2016) |
| 07/13/2016 |  | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 7/11/16, Receipt Number 16465400512 and placed into CRIS on 7/13/16. (dig) (Entered: 07/13/2016) |
| 08/17/2016 |  | CASHIERS OFFICE CRIS DEPOSIT dated 9/14/15, from Judge Judge George B. Daniels, $1,000,000.00 from PALESTINIAN AUTHORITY deposited on 8/16/16, Receipt Number 16465400622 and placed into CRIS on 8/17/16. (dig) (Entered: 08/17/2016) |
| 08/31/2016 | 993 | OPINION of USCA as to 983 Notice of Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 981 Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization. USCA Case Number 15-3135-cv(L); 15-3151-cv(XAP). The defendants-appellants-cross-appellees ("defendants") appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.) in favor of the plaintiffs-appellees-cross-appellants ("plaintiffs"). A jury found the defendants---the Palestine Liberation Organization and the Palestinian Authority---liable under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), for various terror attacks in Israel that killed or wounded United States citizens. The jury awarded the plaintiffs damages of $218.5 million, an amount that was trebled automatically pursuant to the ATA, 18 U.S.C. § 2333(a), bringing the total award to $655.5 million. The defendants appeal, arguing that the district court lacked general and specific personal jurisdiction over the defendants, and, in the alternative, seek a new trial because the district court abused its discretion by allowing certain testimony by two expert witnesses. The plaintiffs cross-appeal, asking this Court to reinstate claims the district court dismissed. We vacate the judgment of the district court and remand the case with instructions to dismiss the action because the federal courts lack personal jurisdiction over the defendants with respect to the claims in this action. We do not |

| | | reach the remaining issues. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 08/31/2016. (nd) (Entered: 08/31/2016) |
|---|---|---|
| 09/12/2016 | 994 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated 09/12/2016 re: Request to Modify Stay Conditions Pending Mandate. Document filed by Palestine Liberation Organization, Palestinian Authority.(Baloul, Gassan) (Entered: 09/12/2016) |
| 09/19/2016 | 995 | ORDER: That portion of this Court's August 24, 2015 Order which provided that Defendants post a bond or deposit cash with the Clerk of the Court "in the amount of $1 million every thirty (30) days," (see ECF No. 957), is hereby vacated. SO ORDERED. (Signed by Judge George B. Daniels on 9/19/2016) (ama) (Entered: 09/19/2016) |
| 09/19/2016 | | Terminate Transcript Deadlines (ama) (Entered: 09/19/2016) |
| 11/28/2016 | 996 | MANDATE of USCA (Certified Copy) as to 981 Notice of Appeal, filed by Palestine Liberation Organization, Palestinian Authority USCA Case Number 15-3135. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district courts judgment is VACATED and the case is REMANDED to the district court with instructions to DISMISS the case for want of jurisdiction. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/28/2016. (tp) (Entered: 11/28/2016) |
| 11/28/2016 | | Transmission of USCA Mandate/Order to the District Judge re: 996 USCA Mandate. (tp) (Entered: 11/28/2016) |
| 11/28/2016 | 997 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated 11/28/2016 re: Request to Vacate Bond Order and for Immediate Return of Bond Funds. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baloul, Gassan) (Entered: 11/28/2016) |
| 11/29/2016 | 998 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated 11/29/2016 re: Funds on Deposit. Document filed by Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Leonard Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Morris Waldman, Shmuel Waldman.(Yalowitz, Kent) (Entered: 11/29/2016) |
| 11/30/2016 | 999 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated 11/30/2016 re: Proposed Order on Defendants' Request to Vacate Bond Order and for Immediate Return of Bond Funds. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Tab A, # 2 Tab B)(Baloul, Gassan) (Entered: 11/30/2016) |
| 12/01/2016 | 1000 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated 12/1/2016 re: Defendants' Proposed Order. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Leonard Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, |


**SPA-32**

|  |  | Rena M. Sokolow, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Text of Proposed Order)(Yalowitz, Kent) (Entered: 12/01/2016) |
|---|---|---|
| 12/01/2016 | 1001 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated 12/1/2016 re: Letter in Support of Defendants' Proposed Order on Defendants' Request to Vacate Bond Order and for Immediate Return of Bond Funds. Document filed by Palestine Liberation Organization, Palestinian Authority.(Baloul, Gassan) (Entered: 12/01/2016) |
| 12/02/2016 | 1002 | ORDER. It is hereby ORDERED that Defendants' application is granted; and it is further ORDERED that all remaining portions of this Court's Bond Order (ECF No. 957) are hereby vacated; and it is further ORDERED that the Clerk of Court is directed to return forthwith to Defendants all funds deposited by them into the Court's Registry pursuant to the Bond Order, together with all interest accrued thereon, by Treasury check made payable to "Squire Patton Boggs (US) LLP as attorneys for The Palestinian Authority." So ordered. (Signed by Judge George B. Daniels on 12/1/2016) Copy sent interoffice to Finance Dept. Rm. 120 (rjm). (Entered: 12/02/2016) |
| 12/02/2016 | 1003 | ORDER: By order and mandate of the Second Circuit Court of Appeals, the District Court judgment is VACATED and the case is hereby ordered DISMISSED for want of jurisdiction. (Signed by Judge George B. Daniels on 12/1/2016) (tn) (Entered: 12/02/2016) |
| 01/06/2017 |  | CASHIERS OFFICE REGISTRY DISBURSEMENT as per 1002 Order,, dated 12/1/2016, from Judge George B. Daniels, on 12/9/2016 disbursed to pay Squire Patton Boggs $21,032,552.65 Check No. 01056053 dated 12/9/2016 (cla) (Entered: 01/06/2017) |
| 09/21/2018 |  | ***DELETED DOCUMENT. Deleted document number 1004 Transcript. The document was incorrectly filed in this case. (aea) (Entered: 09/21/2018) |
| 09/21/2018 |  | ***DELETED DOCUMENT. Deleted document number 1005 Notice of Filing Transcript. The document was incorrectly filed in this case. (aea) (Entered: 09/21/2018) |
| 09/08/2020 | 1004 | ORDER of USCA (Certified Copy) as to 983 Notice of Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 981 Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization. USCA Case Number 15-3135; 15-3151. By the Supreme Courts Judgment filed on May 29, 2020, the above referenced case is reinstated restoring jurisdiction to this Court. The mandate in this case is hereby recalled and the case is reinstated. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 9/8/2020..(nd) (Entered: 09/09/2020) |
| 09/08/2020 | 1005 | TRUE COPY ORDER of USCA as to 983 Notice of Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, |

| | | |
|---|---|---|
| | | Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 981 Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization. USCA Case Number 15-3135; 15-3151. On remand from the United States Supreme Court. Whereas on April 27, 2020, the Supreme Court of the United States granted a petition for certiorari and vacated this Court's ORDER, dated June 3, 2019, that declined to recall this Court's mandate issued on November 28, 2016; and the Supreme Court remanded the case to this Court for further consideration in light of the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082 (the "PSJVTA"), Now, therefore, this Court REMANDS this case to the district court for the limited purposes of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality. After the district court has concluded its consideration, the case will be returned to this Court for further proceedings. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE. The Clerk should issue the mandate forthwith.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 09/08/2020..(nd) (Entered: 09/09/2020) |
| 09/08/2020 | 1006 | MANDATE of USCA (Certified Copy) as to 983 Notice of Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 981 Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization. USCA Case Number 15-3135; 15-3151. On remand from the United States Supreme Court. Whereas on April 27, 2020, the Supreme Court of the United States granted a petition for certiorari and vacated this Court's ORDER, dated June 3, 2019, that declined to recall this Court's mandate issued on November 28, 2016; and the Supreme Court remanded the case to this Court for further consideration in light of the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082 (the "PSJVTA"), Now, therefore, this Court REMANDS this case to the district court for the limited purposes of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality. After the district court has concluded its consideration, the case will be returned to this Court for further proceedings. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE. The Clerk should issue the mandate forthwith. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 09/08/2020..(nd) (Entered: 09/09/2020) |
| 09/09/2020 | | Transmission of USCA Mandate/Order to the District Judge re: 1006 USCA Mandate, 1005 USCA Order..(nd) (Entered: 09/09/2020) |
| 09/10/2020 | 1007 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated September 10, 2020 re: Discovery to Comply With Second Circuit's Mandate. |

SPA-34

| | | Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibits to Letter).(Yalowitz, Kent) (Entered: 09/10/2020) |
|---|---|---|
| 09/11/2020 | 1008 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated September 11, 2020 re: Response to Plaintiffs' Letter of September 10, 2020 (Dkt. No. 1007). Document filed by Palestine Liberation Organization, Palestinian Authority.. (Baloul, Gassan) (Entered: 09/11/2020) |
| 09/14/2020 | 1009 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated September 14, 2020 re: Reply Letter re Proceedings on Remand from Second Circuit. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 09/14/2020) |
| 09/14/2020 | 1010 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated September 14, 2020 re: Defendants' Reply in Support of Letter of September 11, 2020 (Dkt. No. 1008). Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 09/14/2020) |
| 09/15/2020 | 1011 | ORDER: Consistent with the mandate issued by the Second Circuit Court of Appeals, Plaintiffs shall file briefing by November 2, 2020 regarding the applicability of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082, to this case and address any issues regarding its application, including its constitutionality. Defendants shall file their opposition by December 15, 2020. Plaintiffs shall file any reply by January 15, 2021. (Brief due by 11/2/2020. Responses to Brief due by 12/15/2020. Reply to Response to Brief due by 1/15/2021.) (Signed by Judge George B. Daniels on 9/15/2020) (jwh) (Entered: 09/15/2020) |
| 10/21/2020 | 1012 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated October 21, 2020 re: Letter requesting 10-day enlargement of time to file brief. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. |

| | | |
|---|---|---|
| | | Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 10/21/2020) |
| 10/22/2020 | 1013 | MEMO ENDORSEMENT on re: 1012 Letter. ENDORSEMENT: SO ORDERED. (Brief due by 11/12/2020. Responses to Brief due by 1/8/2021. Reply to Response to Brief due by 2/9/2021.) (Signed by Judge George B. Daniels on 10/22/2020) (jwh) (Entered: 10/22/2020) |
| 11/12/2020 | 1014 | NOTICE OF APPEARANCE by Stephen Wirth on behalf of Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Wirth, Stephen) (Entered: 11/12/2020) |
| 11/12/2020 | 1015 | BRIEF *PLAINTIFFS OPENING MEMORANDUM CONCERNING APPLICATION AND CONSTITUTIONALITY OF THE PROMOTING SECURITY AND JUSTICE FOR VICTIMS OF TERRORISM ACT*. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit A).(Yalowitz, Kent) (Entered: 11/12/2020) |
| 11/12/2020 | 1016 | DECLARATION of Nick Kaufman re: 1015 Brief,,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit A). (Yalowitz, Kent) (Entered: 11/12/2020) |
| 11/12/2020 | 1017 | **FILING ERROR - DEFICIENT DOCKET ENTRY - FILER ERROR (SEE #1020)** DECLARATION of Arieh Spitzen re: 1015 Brief,,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom |

| | | |
|---|---|---|
| | | Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13).(Yalowitz, Kent) Modified on 11/20/2020 (kj). (Entered: 11/12/2020) |
| 11/12/2020 | 1018 | DECLARATION of Kent A. Yalowitz re: 1015 Brief,,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62).(Yalowitz, Kent) (Entered: 11/12/2020) |
| 11/12/2020 | 1019 | NOTICE of Constitutional Question re: 1015 Brief,,,,. Document filed by Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 11/12/2020) |
| 11/19/2020 | 1020 | DECLARATION of Arieh Spitzen re: 1015 Brief,,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. |

| | | |
|---|---|---|
| | | Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13).(Yalowitz, Kent) (Entered: 11/19/2020) |
| 01/08/2021 | 1021 | BRIEF *Concerning the Application of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA)*. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 01/08/2021) |
| 02/09/2021 | 1022 | REPLY MEMORANDUM OF LAW in Support re: 1015 Brief,,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 02/09/2021) |
| 02/09/2021 | 1023 | DECLARATION of Kent A. Yalowitz in Support re: 1015 Brief,,,, 1022 Reply Memorandum of Law in Support,,,,. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H). (Yalowitz, Kent) (Entered: 02/09/2021) |
| 02/10/2021 | 1024 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated February 10, 2021 re: PSJVTA Oral Argument. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 02/10/2021) |
| 02/11/2021 | 1025 | MEMO ENDORSEMENT on re: 1024 Letter,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack |

|  |  | Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Norman Gritz, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer. ENDORSEMENT: The Oral argument is scheduled for May 19, 2021 at 10:30 a.m. ( Oral Argument set for 5/19/2021 at 10:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 2/11/2021) (cf) (Entered: 02/11/2021) |
|---|---|---|
| 05/07/2021 | 1026 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated May 7, 2021 re: Requesting Leave to file Second Supplemental Declaration of Yalowitz Regarding the PSJVTA. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 05/07/2021) |
| 05/07/2021 | 1027 | DECLARATION of Kent A. Yalowitz re: 1026 Letter,,, . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit A - TFA Report, # 2 Exhibit B - Palestinian Ambassador Riyad Mansour On Renewed Diplomatic Relations With The U.S. NPR, # 3 Exhibit C - Surfing in Gaza, # 4 Exhibit D - Blinken Statement, # 5 Exhibit E - US Resumes Aid to Palestinians With $235 Million _ Voice of America - English, # 6 Exhibit F - HRW Report).(Yalowitz, Kent) (Entered: 05/07/2021) |
| 05/13/2021 | 1028 | ORDER: The oral argument scheduled for May 19, 2021 at 10:30 a.m. and shall occur as a videoconference using the Microsoft Teams platform. To optimize the quality of the video feed, only the Court and counsel for each party will appear by video for the proceeding; all others will participate by telephone. Due to the limited capacity of the Microsoft Teams system, only one counsel per party may participate. Co-counsel, members of the press, and the public may access the audio feed of the conference by calling (917) 933-2166 and entering the conference ID 723534424#; as further set forth herein. ( Oral Argument set for 5/19/2021 at 10:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 5/10/2021) (mro) (Entered: 05/13/2021) |
| 05/19/2021 |  | Minute Entry for proceedings held before Judge George B. Daniels: Oral Argument held on 5/19/2021 re: 1015 Brief,,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha |

| | | Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Norman Gritz, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 1021 Brief filed by Palestinian Authority, Palestine Liberation Organization, 1022 Reply Memorandum of Law in Support,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Elana R. Sokolow, Rena M. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Alan J. Bauer, Mark I. Sokolow, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Jessica Rine, Katherine Baker, Rebekah Blutstein, Robert L. Coulter, Sr., Yehonathon Bauer, Eva Waldman, Lauren M. Sokolow, Oz Joseph Guetta, Norman Gritz, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Yehuda Bauer, Ronald Allan Gould. Plaintiffs Counsel: Kent A. Yalowitz; Defendants Counsel: Mitchel Berger and Court Reporter present. (Vega, Elizabeth) (Entered: 05/19/2021) |
| 06/02/2021 | 1029 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/19/2021 before Judge George B. Daniels. Court Reporter/Transcriber: Rose Prater, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/23/2021. Redacted Transcript Deadline set for 7/6/2021. Release of Transcript Restriction set for 8/31/2021.Filed In Associated Cases: 1:04-cv-00397-GBD-RLE, 2:18-cv-12213-GBD. (McGuirk, Kelly) (Entered: 06/02/2021) |
| 06/02/2021 | 1030 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/19/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...Filed In Associated Cases: 1:04-cv-00397-GBD-RLE, 2:18-cv-12213-GBD.(McGuirk, Kelly) (Entered: 06/02/2021) |
| 06/09/2021 | 1031 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated June 9, 2021 re: Post-Argument Developments. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Exhibit A- June 8-9, 2021 Correspondence).(Baloul, Gassan) (Entered: 06/09/2021) |
| 06/10/2021 | 1032 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated June 10, 2021 re: Defendants June 9, 2021 Letter to the Court (ECF 1031). Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, |

| | | Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 06/10/2021) |
|---|---|---|
| 06/10/2021 | 1033 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated June 10, 2021 re: Defendants Response to Plaintiffs June 10, 2021 Letter. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 06/10/2021) |
| 06/15/2021 | 1034 | ORDER: Defendants' letter request that the Court take judicial notice of its Supplemental Brief in Fuld et al. v. Palestinian Liberation Organization et al. ("Fuld Brief"), (ECF No. 1031 ), is GRANTED. Plaintiffs' letter request for leave to file a 15-page brief in response to new arguments in Defendants' Fuld Brief, (ECF No. 1032), is DENIED. Plaintiffs may submit a five page letter response to Defendants' Fuld Brief or may ask this Court to take judicial notice of Plaintiffs' responsive brief filed in the Fuld Action. (Signed by Judge George B. Daniels on 6/15/2021) (rro) (Entered: 06/15/2021) |
| 07/06/2021 | 1035 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated July 6, 2021 re: Response to defendants' arguments in Fuld v. PLO. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Ex. 1 - Letter from Eric Boswell to Abdel Rahman, # 2 Ex. 2 - Hakam Takash Short-Form FARA Registration (05-21-2012), # 3 Ex. 3 - Pre-Printed Contract for Notary Services, # 4 Ex. 4 - Screen Capture of Consular Services on PLODelegation.org, # 5 Ex. 5 - FARA Report 10-09-2018, # 6 Ex. 6 - KPRA Transcript of Interview with Hakam Takash, # 7 Ex. 7 - Al-Quds Article by Said Erekat, # 8 Ex. 8 - United States Brief in Klieman, # 9 Ex. 9 - Deposition of Abu Hbda, # 10 Ex. 10 - Deposition of Ateyeh).(Yalowitz, Kent) (Entered: 07/06/2021) |
| 07/16/2021 | 1036 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated July 16, 2021 re: Filing of Defendants Reply Brief on PSJVTA in Fuld. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 07/16/2021) |
| 08/13/2021 | 1037 | LETTER MOTION to Seal *Letter-Motion to File Under Seal and in Redacted Form* addressed to Judge George B. Daniels from Kent A. Yalowitz dated August 13, 2021. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 08/13/2021) |

# SPA-41

| | | |
|---|---|---|
| 08/13/2021 | 1038 | ***SELECTED PARTIES*** LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated August 13, 2021 re: Supplemental Information on Pending Matter [FILED UNDER SEAL]. Document filed by Daniel Bauer, Morris Waldman, Shoshana Malka Goldberg, Shaun Coffel, Robert L. Coulter, Sr, Elana R. Sokolow, Binyamin Bauer, Yehuda Bauer, Shayna Eileen Gould, Robert L. Coulter, Jr, Yehonathon Bauer, Esther Zahava Goldberg, Ronald Allan Gould, Jessica Rine, Henna Novack Waldman, Mark I. Sokolow, Shmuel Waldman, Larry Carter, Chana Bracha Goldberg, Alan J. Bauer, Tzvi Yehoshua Goldberg, Elise Janet Gould, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Dianne Coulter Miller, Yaakov Moshe Goldberg, Rebekah Blutstein, Nevenka Gritz, Jamie A. Sokolow, Katherine Baker, Lauren M. Sokolow, Rena M. Sokolow, Richard Blutstein, Leonard Mandelkorn, Revital Bauer, Karen Goldberg, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Nurit Mandelkorn, Shaul Mandelkorn. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)Motion or Order to File Under Seal: 1037 .(Yalowitz, Kent) (Entered: 08/13/2021) |
| 08/13/2021 | 1039 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated August 13, 2021 re: Supplemental Information on Pending Matter [REDACTED] Motion or Order to File Under Seal: 1037 . Document filed by Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11).(Yalowitz, Kent) (Entered: 08/13/2021) |
| 08/20/2021 | 1040 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated August 20, 2021 re: Response to Kent A. Yalowitzs letter dated August 13, 2021 (Dkt. No. 1039). Document filed by Palestine Liberation Organization, Palestinian Authority.. (Baloul, Gassan) (Entered: 08/20/2021) |
| 08/31/2021 | 1041 | ORDER: granting 1037 Letter Motion to Seal. Plaintiffs' letter request, (ECF No. 1037), for permission to file a letter in sealed and redacted form, which Defendants do not oppose, is GRANTED.SO ORDERED. (Signed by Judge George B. Daniels on 8/31/2021) (ama) (Entered: 08/31/2021) |
| 09/07/2021 | 1042 | NOTICE of Intervention. Document filed by United States Of America..(Torrance, Benjamin) (Entered: 09/07/2021) |
| 09/07/2021 | 1043 | MEMORANDUM OF LAW re: 1042 Notice (Other) . Document filed by United States Of America..(Torrance, Benjamin) (Entered: 09/07/2021) |
| 09/07/2021 | 1044 | LETTER addressed to Judge George B. Daniels from Benjamin H. Torrance dated 7 September 2021 re: intervention of the United States. Document filed by United States Of America..(Torrance, Benjamin) (Entered: 09/07/2021) |
| 09/07/2021 | 1045 | NOTICE OF APPEARANCE by Benjamin Henry Torrance on behalf of United States Of America..(Torrance, Benjamin) (Entered: 09/07/2021) |
| 09/08/2021 | 1046 | LETTER MOTION for Leave to File Brief in Response to United States of Americas |

| | | |
|---|---|---|
| | | Memorandum of Law (Dkt. No. 1043) addressed to Judge George B. Daniels from Gassan A. Baloul dated September 8, 2021. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 09/08/2021) |
| 09/20/2021 | 1047 | ORDER: granting 1046 Letter Motion for Leave to File Document. Defendant's letter request, (ECF No. 1046), that this Court take judicial notice of Defendants' brief in response to the Government's brief in defense of the Promotions Security and Justice for Victims of Terrorism Act of 2019 in Fuld et al. v. Palestinian Liberation Organization et al., (ECF No. 58), which Plaintiffs have not opposed, is GRANTED. SO ORDERED. (Signed by Judge George B. Daniels on 9/20/2021) (ama) (Entered: 09/20/2021) |
| 01/06/2022 | 1048 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated January 6, 2022 re: Notice of Supplemental Authority. Document filed by Palestine Liberation Organization, Palestinian Authority.Filed In Associated Cases: 1:04-cv-00397-GBD-RLE, 2:18-cv-12213-GBD.(Baloul, Gassan) (Entered: 01/06/2022) |
| 01/06/2022 | 1049 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated January 6, 2022 re: Notice of Supplemental. Document filed by Palestine Liberation Organization, Palestinian Authority.Filed In Associated Cases: 1:04-cv-00397-GBD-RLE, 2:18-cv-12213-GBD.(Baloul, Gassan) (Entered: 01/06/2022) |
| 01/14/2022 | 1050 | LETTER MOTION for Leave to File Supplemental Memorandum addressed to Judge George B. Daniels from Kent A. Yalowitz dated January 14, 2022. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit PSJVTA Supplemental Brief).(Yalowitz, Kent) (Entered: 01/14/2022) |
| 01/18/2022 | 1051 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated January 18, 2022 re: Plaintiffs' Jan. 14, 2022 Letter. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 01/18/2022) |
| 01/24/2022 | 1052 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated January 24, 2022 re: Defendants' Reply to Plaintiffs' Supplemental Brief. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Defendants' Reply to Plaintiffs' Brief Addressing the Fuld Decision on the PSJVTA).(Baloul, Gassan) (Entered: 01/24/2022) |
| 02/03/2022 | 1053 | ORDER granting 1050 Letter Motion for Leave to File Document. Plaintiff's letter request for leave to file a supplemental memorandum discussing Judge Furman's decision in Fuld et. al. v. Palestinian Liberation Organization et al., (ECF 61), which Defendants oppose is GRANTED. The Clerk of Court is directed to close the motion at ECF 1050 accordingly. (Signed by Judge George B. Daniels on 2/3/2022) (ate) (Entered: 02/03/2022) |
| 03/10/2022 | 1054 | MEMORANDUM DECISION AND ORDER: The PSJVTA of 2019 is applicable to this case. The statute is unconstitutional. SO ORDERED. (Signed by Judge George B. Daniels on 3/10/2022) (ama) (Entered: 03/10/2022) |
| 03/24/2022 | 1055 | ORDER of USCA (Certified Copy) as to 983 Notice of Appeal,,, filed by Dianne |

| | | |
|---|---|---|
| | | Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, <u>981</u> Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization. USCA Case Number 15-3135(L), 15-3151(CON). By order dated September 8, 2020, this Court remanded this matter to the district court for further proceedings pursuant to United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). By letter dated March 14, 2022, the Appellants-Cross-Appellees indicated that the district court has fulfilled the terms of this Court's limited remand. Appellants-Cross-Appellees also request that this case be consolidated with Fuld v. Palestine Liberation Organization, 22-76(L), 22-496(Con). Upon consideration thereof, IT IS HEREBY ORDERED that the mandate is RECALLED and the appeal is REINSTATED. The request to consolidate this appeal with Fuld is DENIED. Briefing shall proceed in the ordinary course. Appellants-Cross-Appellees are directed to file a Local Rule 31.2 Scheduling Notification Letter within 14 days of this order.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 03/24/2022..(nd) (Entered: 03/24/2022) |
| 03/24/2022 | <u>1056</u> | MOTION for Reconsideration re; <u>1054</u> Memorandum & Opinion . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 03/24/2022) |
| 03/24/2022 | <u>1057</u> | MEMORANDUM OF LAW in Support re: <u>1056</u> MOTION for Reconsideration re; <u>1054</u> Memorandum & Opinion . . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman..(Yalowitz, Kent) (Entered: 03/24/2022) |
| 03/25/2022 | <u>1058</u> | LETTER addressed to Judge George B. Daniels from Gassan A. Balou dated March 25, 2022 re: Reconsideration Motion, ECF 1056, 1057. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 03/25/2022) |
| 03/25/2022 | <u>1059</u> | RESPONSE in Support of Motion re: (1056 in 1:04-cv-00397-GBD-RLE) MOTION for |

**SPA-44**

|  |  | Reconsideration re; (1054) Memorandum & Opinion . *Appendix to Plaintiff's Motion for Reconsideration and Additional Findings of Fact*. Document filed by Katherine Baker, Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Richard Blutstein, Larry Carter, Larry Carter, Shaun Coffel, Ann Marie K. Coulter, Robert L. Coulter, Jr, Dianne Coulter Miller, Robert L. Coulter, Jr., Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Gould Elliott, Nevenka Gritz, Nevenka Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Dianne Coulter Miller, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman, Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Richard Blutstein, Larry Carter, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Jamie A. Sokolow, Mark I. Sokolow, Rena M. Sokolow. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)Filed In Associated Cases: 1:04-cv-00397-GBD-RLE, 2:18-cv-12213-GBD.(Yalowitz, Kent) (Entered: 03/25/2022) |
| 03/25/2022 | 1060 | LETTER addressed to Judge George B. Daniels from Kent A. Yalowitz dated March 25, 2022 re: Pending Motion for Reconsideration. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Motion to Stay). (Yalowitz, Kent) (Entered: 03/25/2022) |
| 04/07/2022 | 1061 | RESPONSE to Motion re: 1056 MOTION for Reconsideration re; 1054 Memorandum & Opinion . . Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Exhibit).(Baloul, Gassan) (Entered: 04/07/2022) |
| 04/15/2022 | 1062 | ORDER of USCA (Certified Copy) as to 983 Notice of Appeal,,, filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 981 Notice of Appeal, filed by Palestinian Authority, Palestine Liberation Organization USCA Case Number 15-3135(L), 15-3151(Con). Plaintiffs-Appellees-Cross-Appellants move to hold this appeal in abeyance pending the |

# SPA-45

|  |  |  |
|---|---|---|
|  |  | district court's decision on their motion for reconsideration. Defendants-Appellants-Cross- Appellees oppose the motion. IT IS HEREBY ORDERED that the motion is GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 04/15/2022..(nd) (Entered: 04/15/2022) |
| 04/15/2022 | 1063 | LETTER addressed to Judge George B. Daniels from Gassan A. Baloul dated April 15, 2022 re: The briefing schedule for the motion for reconsideration. Document filed by Palestine Liberation Organization, Palestinian Authority..(Baloul, Gassan) (Entered: 04/15/2022) |
| 04/29/2022 | 1064 | OPPOSITION BRIEF re: 1056 MOTION for Reconsideration re; 1054 Memorandum & Opinion . . Document filed by Palestine Liberation Organization, Palestinian Authority.. (Baloul, Gassan) (Entered: 04/29/2022) |
| 05/09/2022 | 1065 | NOTICE OF APPEAL from 1054 Memorandum & Opinion. Document filed by United States Of America. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Torrance, Benjamin) (Entered: 05/09/2022) |
| 05/09/2022 |  | Appeal Fee Not Required for 1065 Notice of Appeal. Appeal filed by U.S. Government. (tp) (Entered: 05/09/2022) |
| 05/09/2022 |  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1065 Notice of Appeal. (tp) (Entered: 05/09/2022) |
| 05/09/2022 |  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1065 Notice of Appeal filed by United States Of America were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/09/2022) |
| 05/25/2022 | 1066 | RESPONSE re: 1059 Response in Support of Motion,,,,,,, *APPENDIX (CORRECTED AND SUPPLEMENTED) IN SUPPORT OF MOTION FOR RECONSIDERATION AND ADDITIONAL FINDINGS OF FACT*. Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9).(Yalowitz, Kent) (Entered: 05/25/2022) |
| 05/25/2022 | 1067 | REPLY MEMORANDUM OF LAW in Support re: 1056 MOTION for Reconsideration re; 1054 Memorandum & Opinion . . Document filed by Katherine Baker, Alan J. Bauer, Binyamin Bauer, Daniel Bauer, Revital Bauer, Yehonathon Bauer, Yehuda Bauer, Rebekah Blutstein, Richard Blutstein, Larry Carter, Shaun Coffel, Robert L. Coulter, Sr, Robert L. Coulter, Jr, Dianne Coulter Miller, Chana Bracha Goldberg, Eliezer Simcha Goldberg, Esther Zahava Goldberg, Karen Goldberg, Shoshana Malka Goldberg, Tzvi Yehoshua Goldberg, Yaakov Moshe Goldberg, Yitzhak Shalom Goldberg, Elise Janet Gould, Ronald Allan Gould, Shayna Eileen Gould, Nevenka Gritz, Norman Gritz, Oz Joseph Guetta, Varda Guetta, Leonard Mandelkorn, Nurit Mandelkorn, Shaul Mandelkorn, Henna Novack Waldman, Jessica Rine, Elana R. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Mark I. Sokolow, Rena M. Sokolow, Eva Waldman, Morris Waldman, Shmuel Waldman. (Attachments: # 1 Exhibit Russell Declaration (2022)).(Yalowitz, Kent) (Entered: 05/25/2022) |

**SPA-46**

| | | |
|---|---|---|
| 06/03/2022 | 1068 | LETTER MOTION for Leave to File SUR-REPLY IN OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION addressed to Judge George B. Daniels from Gassan A. Baloul dated June 3, 2022. Document filed by Palestine Liberation Organization, Palestinian Authority. (Attachments: # 1 Exhibit PROPOSED SUR-REPLY IN OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION). (Baloul, Gassan) (Entered: 06/03/2022) |
| 06/15/2022 | 1069 | MEMORANDUM DECISION AND ORDER: denying 1056 Motion for Reconsideration re 1056 MOTION for Reconsideration re; 1054 Memorandum & Opinion filed by Dianne Coulter Miller, Shayna Eileen Gould, Robert L. Coulter, Jr., Jamie A. Sokolow, Yaakov Moshe Goldberg, Eliezer Simcha Goldberg, Yitzhak Shalom Goldberg, Larry Carter, Esther Zahava Goldberg, Varda Guetta, Shaul Mandelkorn, Shmuel Waldman, Rena M. Sokolow, Elana R. Sokolow, Shaun Coffel, Elise Janet Gould, Nurit Mandelkorn, Henna Novack Waldman, Morris Waldman, Daniel Bauer, Mark I. Sokolow, Alan J. Bauer, Richard Blutstein, Leonard Mandelkorn, Tzvi Yehoshua Goldberg, Shoshana Malka Goldberg, Katherine Baker, Jessica Rine, Rebekah Blutstein, Eva Waldman, Yehonathon Bauer, Robert L. Coulter, Sr., Lauren M. Sokolow, Oz Joseph Guetta, Norman Gritz, Revital Bauer, Karen Goldberg, Binyamin Bauer, Nevenka Gritz, Chana Bracha Goldberg, Ronald Allan Gould, Yehuda Bauer, 1068 LETTER MOTION for Leave to File SUR-REPLY IN OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION. addressed to Judge George B. Daniels from Gassan A. Baloul dated June 3, 2022 filed by Palestinian Authority, Palestine Liberation Organization; granting 1068 Letter Motion for Leave to File Document. For the reasons set forth above and in this Court's March 10, 2022 decision, Sokolow, 2022 WL 719261, at *2-6, the exercise of jurisdiction under either of the PSJVT A's two jurisdiction triggering prongs would violate due process. The statute is therefore unconstitutional. The Clerk of the Court is directed to close the open motions at ECF Nos. 1056 and 1068. SO ORDERED. (Signed by Judge George B. Daniels on 6/15/2022) (ama) Modified on 6/15/2022 (ama). (Entered: 06/15/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/18/2022 09:11:03 | | |
| **PACER Login:** | kayalowitz4496 | **Client Code:** | 0070510.00400/06367 |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00397-GBD-RLE |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |