# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-3135(L), 15-3151 (XAP), 22-1060(C)

**Caption [use short title]**

**Motion for:** leave to file amicus curiae brief

**Set forth below precise, complete statement of relief sought:**

Abraham D. Sofaer and Louis J. Freeh seek leave to file an amicus brief supporting appellants and reversal

Sokolow v. Palestine Liberation Organization

**MOVING PARTY:** Abraham D. Sofaer & Louis J. Freeh     **OPPOSING PARTY:** Appellees

☐ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Tejinder Singh     **OPPOSING ATTORNEY:** Mitchell R. Berger

[name of attorney, with firm, address, phone number and e-mail]

Sparacino PLLC     Squire Patton Boggs (US) LLP
1920 L Street, NW. Suite 835     2550 M Street NW
Washington, DC 20036     Washington, DC 20037

**Court- Judge/ Agency appealed from:** SDNY (Judge Daniels)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**

/s Tejinder Singh     **Date:** 11/4/2022     Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| EVA WALDMAN, et al., <br>     Plaintiffs-Appellants, <br> UNITED STATES OF AMERICA, <br>     Intervenor-Appellant, <br>     v. <br> PALESTINE LIBERATION ORGANIZATION, et al., <br>     Defendants-Appellees | No. 15-3135 (L) <br> 15-3151 (XAP) <br> 22-1060 (CON) |

**MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Pursuant to Federal Rules of Appellate Procedure 27 and 29, and this Court's corresponding local rules, movants Abraham D. Sofaer and Louis J. Freeh respectfully move this honorable Court for leave to file the attached amicus brief in support of appellants and reversal. Counsel for the movants sought consent from all parties. Plaintiffs-appellants consented; the United States also consented. The defendants did not consent, and will file a response.

Amici are former federal officials with legal and policy expertise in the fields of foreign affairs and separation of powers. Both were United States District Judges in the Southern District of New York, and both also served in the Executive Branch—Mr. Sofaer as the Legal Adviser of

1

the Department of State, and Mr. Freeh as the Director of the Federal Bureau of Investigation.

Amici have an interest in preserving the federal government's ability to protect American nationals abroad, as well as an interest in ensuring that Americans harmed by terrorist attacks have access to U.S. courts, as intended by Congress. To that end, they have previously filed amicus briefs supporting plaintiffs in similar actions, including in the currently pending appeal in *Fuld v. Palestine Liberation Organization*, No. 22-76.

The attached amicus brief is desirable because it focuses on the issue at the heart of this case, *i.e.*, the relationship between Congress and the judiciary in cases involving civil claims that relate to issues of foreign affairs and national security. By resort to historical and international legal sources, amici show that Congress has the power to enact laws that apply to extraterritorial conduct—especially, as in the case of the Anti-Terrorism Act (ATA), where the laws are to protect U.S. nationals and national interests abroad. Amici walk through several such laws, showing how Congress has repeatedly exercised its extraterritorial powers to authorize the use of force, economic sanctions, and other

2

enforcement efforts against foreign actors that injured Americans abroad.

Amici further show that Congress's power to enact such extraterritorial laws necessarily entails the corresponding ability to open federal courthouse doors so that these laws can be enforced. And they explain how the ATA and the jurisdictional consent provisions of the Promoting Security and Justice for the Victims of Terrorism Act of 2019, 18 U.S.C. § 2334(e), fall neatly within the scope of that well-established Fifth Amendment power.

Amici also make a practical argument, informed by their experience, that requiring defendants like those here to defend civil actions under the ATA constitutes one of the most measured and least drastic responses to these defendants' historical support for terrorism that Congress could pursue. The alternatives available to Congress, including the use of force, sanctions, criminal liability, exclusion from the United States, and other measures, are all more coercive—and yet none would raise a due process problem. Courts should not hold that Congress lacks the power to take measured, incremental steps to redress foreign affairs problems, and thus place Congress in the untenable position of

3

choosing between leaving Americans unprotected and taking more extreme steps. Placing such fetters on Congress would be the opposite of judicial restraint.

These arguments are fleshed out in the attached amicus brief. Movants respectfully request that this Court grant them leave to file it.

Respectfully submitted,

s/Tejinder Singh
Tejinder Singh
SPARACINO PLLC
1920 L Street NW
Suite 835
Washington, DC 20036
(202) 629-3520
tejinder@sparacinopllc.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I caused the foregoing document to be electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered users of that system and that service will be accomplished by that system.

/s/ Tejinder Singh
Tejinder Singh