# 15-3135(L)

## 15-3151 (XAP); 22-1060 (CON)

## United States Court of Appeals
### FOR THE
## Second Circuit

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, MINOR, BY HIS NEXT FRIEND AND GUARDIAN VARDA GUETTA, VARDA GUETTA, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA, NORMAN

*(Caption Continued on Inside Cover)*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

**DEFENDANTS' OPPOSITION TO MOTIONS FOR LEAVE TO FILE *AMICUS* BRIEFS BY ASSOCIATION FOR JUSTICE; PHILLIP C. BOBBITT, MICHAEL C. DORF AND H. JEFFERSON POWELL; STRENGTH TO STRENGTH, CANADIAN COALITION AGAINST TERROR, OMAGH SUPPORT AND SELF HELP GROUP, MANCHESTER SURVIVORS CHOIR, V-EUROPE, SARZ SANCTUARY PART LTD., SARZ SPIRIT FOUNDATION LTD, IRAQI AL-AMAL ASSOCIATION AND ONEPULSE FOUNDATION; CHARLES E. GRASSLEY, JERROLD NADLER, RICHARD BLUMENTHAL, JAMES LANKFORD, SHELDON WHITEHOUSE, KATHLEEN RICE, BRADLEY E. SCHNEIDER AND GRACT MENT; AND ABRAHAM DAVID SOFAER AND LOUIS J. FREEH**

GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAMIE A. SOKOLOW, RENA M. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR, BY HER NEXT FRIENDS AND GUARDIAN MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, RABBI LEONARD MANDELKORN, KATHERINE BAKER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT GOLDBERG/NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG,TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT

FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*PLAINTIFFS - APPELLANTS,*

V.

UNITED STATES OF AMERICA,

*INTERVENOR - APPELLANT,*

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY AND OR PALESTINIAN COUNCIL AND OR PALESTINIAN NATIONAL AUTHORITY,

*DEFENDANTS -APPELLEES,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESATATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*DEFENDANTS.*

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rule 26.1, counsel for Defendants-Appellees Palestinian Authority and Palestine Liberation Organization ("Defendants") hereby certify that they do not have a parent corporation or corporate shareholders.

Dated: November 14, 2022

SQUIRE PATTON BOGGS US (LLP)

*/s/ Gassan A. Baloul*

Gassan A. Baloul
Mitchell R. Berger
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Counsel for Defendants-Appellees*

Defendants Palestinian Authority and Palestine Liberation Organization oppose the motions of (1) American Association for Justice ("AAJ") (ECF 451); (2) Law Professors Philip C. Bobbitt, Michael C. Dord and H. Jefferson Powell (ECF 456); (3) Victims Advocacy Groups Strength to Strength, Canadian Coalition Against Terror, Omagh Support and Self Help Group, Manchester Survivors Choir, V-Europe, Sarz Sanctuary Party Ltd., Sarz Spirit Foundation Ltd., Iraqi Al-Amal Association and onePULSE Foundation (ECF 462); (4) eight U.S. Representatives and Senators (ECF 465); and (5) Former Federal Officials Abraham David Sofaer and Louis J. Freeh (ECF 473), for leave to file *amicus* briefs in support of the Appellants, who are Plaintiffs and the United States as Intervenor. Defendants respectfully request that this Court exercise its discretion under Fed. R. App. P. 29 to deny those motions for three reasons:

1. The United States Government itself is already defending the constitutionality of the federal statute at the heart of this appeal, in a brief that is more than 8,500 words, augmented by the brief of private Plaintiffs that is nearly 14,000 words. Under these circumstances, it can hardly be said that the principal parties are "not represented competently" or that any "*amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1062-63 (7th Cir. 1997). Accordingly, "leave to file an *amicus curiae* brief should be denied." *Id.*

Totaling nearly 30,000 words (substantially more than the two Appellants' briefs put together), the five tendered *amicus* briefs consist almost exclusively of legal argument, and either duplicate the principal parties' arguments or make arguments that the principal parties did not advance or preserve below. If allowed, the proposed *amicus* briefs combined with the briefs of the Appellants would result in over 51,000 words of old, new, and unpreserved arguments for Defendants to address. That scenario cannot possibly advance the efficient resolution of these appeals, and ultimately undermines the word limitations imposed by this Court. Plaintiffs and the U.S. Government hardly need their word-count doubled to set out arguments in defense of the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA").

Despite their combined length, the proposed *amicus* briefs do not add any useful analytical framework for considering these issues. They fail to engage the substance of the district court's decision or the core constitutional standards before this Court, which hinge on whether "deemed consent" to jurisdiction under the PSJVTA satisfies the established due process test of "knowing and voluntary" consent to jurisdiction. Save for the AAJ's inaccurate claim that Defendants "expressly" consented to jurisdiction, none of the *amicus* briefs substantively discusses the meaning of consent to personal jurisdiction under the Fifth Amendment's Due Process Clause—which is the central issue in this case.

The *amici* instead digress into soliloquies on whether policy considerations justify circumventing due process protections by imposing "deemed" consent to personal jurisdiction. *See* Law Prof. Br. (ECF 456) at 27. But such musings aside, the fact is that the Government does not lack tools for fighting terrorism and terror financing, including criminal prosecutions and regulatory sanctions, that are unaffected by the decision below. As the D.C. Circuit explained: "[A]dher[ence] to the status quo of personal jurisdiction doctrine" in civil Anti-Terrorism Act ("ATA") cases "do[es] not diminish any law-enforcement tools that currently exist." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017). Legislative history reflects congressional recognition that ATA criminal cases more directly advance the Government's interests in antiterrorism law enforcement than civil cases. *See* 138 Cong. Rec. S17260 (daily ed. Oct. 7, 1992); Antiterrorism Act of 1990: Hearing on S. 2465 Before the S. Comm. on the Judiciary, 101st Cong. 46-47 (1990). Aside from their own policy preferences, the *amici* fail to present any reason why the Government's general interest in fighting terrorism (apparently, through a federal statute expressly targeting *only* these Defendants) should alter the constitutional due process standard by which a defendant's consent to jurisdiction must be "knowing and voluntary."

2. Where the proposed *amicus* briefs venture beyond the positions taken by the Appellants, the *amici* promote extreme legal views regarding the Due Process Clause that fail to add unique information or relevant perspective regarding what

- 3 -

constitutes constitutionally-sufficient consent. For example, the AAJ disclaims *any* limits on the reach of Congressionally-created "deemed consent" jurisdiction, arguing that Congress could specify "that Defendants could communicate their consent to U.S. jurisdiction by hanging a blue banner from the second-story window their headquarters." ECF 452 at 12. In the AAJ's view, "deemed consent" is a lever that Congress can pull to force Defendants to stop implementing domestic policies *in Palestine* on pain of "consenting" to personal jurisdiction.

The AAJ also argues that Defendants "expressly consented" to jurisdiction, and that failing to exercise personal jurisdiction over Defendants would violate *Plaintiffs'* due process rights. *Id*. at 24. But neither Plaintiffs nor the Government embraced these absurd positions below, nor have they ever argued that Congress can manufacture consent to personal jurisdiction from entirely "arbitrary" conduct like AAJ's "blue banner" example.

The Law Professors and Former Federal Officials similarly stray far afield in advocating the same type of "universal jurisdiction" that other *amicus* parties urged in *Waldman I. See Waldman*, No. 15-3135, Former Federal Officials Br., ECF 116, p. 7-8 (2d Cir. Dec. 18, 2015). The Former Federal Officials argue that because Congress can pass extraterritorial legislation, the courts must have jurisdiction over anyone alleged to have violated those laws regardless of due process constraints on

- 4 -

personal jurisdiction.[1] ECF 473-2 at 2, 15. That false equation was rejected by this Court in *Waldman v. PLO*, 835 F.3d 317, 343 (2d Cir. 2016), and repeating it here serves no purpose. The Law Professors similarly state that the "territorial" due process limits on jurisdiction under the Fifth Amendment do not apply in cases alleging terrorism. ECF 456 at 15-16, 20-21. Both *amicus* parties ultimately reject longstanding precedent that "the personal jurisdiction requirement" is "a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).[2] So even if Congress has power to proscribe extraterritorial conduct, that type of subject-matter "universal jurisdiction" does not overcome due-process limits on jurisdiction over the person of the defendant. Arguments to the contrary will not be helpful to this Court's consideration of the "knowing and voluntary" consent issues presented by the PSJVTA.

The brief of the eight Representatives and Senators relies on outdated and inaccurate factual assertions that no party supports, such as the claim that the PA and PLO "continue to operate freely on U.S. soil" and "enjoy[] the benefits of operating in the United States." ECF 465-2 at 3, 5. As the Government concedes in its own

---

[1] Parties typically resort to "former" officials when current officials will not support their extreme positions. *See Boumediene v. Bush*, 476 F.3d 934, 934-35 (D.C. Cir. 2006) (denying motion for leave to file *amicus* brief of former federal judges).

[2] The Law Professors, however, do concede that due process may require "purposeful availment with respect to the United States as a whole" or an action that manifests "consent to jurisdiction" in the United States. ECF 456 at 24.

- 5 -

brief, the PA and PLO do not operate freely or maintain any office (other than Palestine's UN Mission) in the United States. *See* U.S. Br. at 7. The Government ordered the PLO to close its Washington, D.C. mission under statutory provisions that specifically forbid the PLO from operating in the United States without a waiver (22 U.S.C. §§ 5201-03)—and it is uncontested that there is no such waiver. Palestine's UN Mission, by contrast, operates as a UN "invitee" under the United Nations Headquarters Agreement, which long pre-dates the PSJVTA.

The Government has never argued that the activities of Palestine's UN Mission and personnel violate the limits of 22 U.S.C. §§ 5201-03, or that Defendants "operate freely on U.S. soil." The brief of the U.S. Representatives and Senators thus proceeds from the false premise (contradicted by the PSJVTA itself) that the longstanding activities of Palestine's UN Mission and personnel can constitutionally support the imposition of legislatively-manufactured "consent" to jurisdiction.

Finally, the brief of the Victims Advocacy Groups does not address the analysis of the PSJVTA and the core constitutional issues before the Court. Instead, the brief largely summarizes testimony from trial that is already in the record and discusses the effect of a retrial on the family members of the victims. ECF 462. But an *amicus* party is not needed to address evidence in the record or the impact of the case on existing parties—all of which is information "the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1062-63. The concerns raised in the proposed *amicus* brief are properly addressed to the district court in the event of a retrial, as

- 6 -

there are other ways to mitigate any potential harm from retrial, such as having a lawyer read the testimony from the first trial. These considerations do not warrant reviving an unconstitutional verdict issued without personal jurisdiction, which this Court vacated over six years ago. *Waldman v. PLO*, 835 F.3d 317, 344 (2d Cir. 2016).

3. Where, as here, a proposed *amicus* brief "does not tell us anything we don't know already" and "adds nothing to the already amply proportioned brief of the petitioner," that brief should be rejected. *Ryan*, 125 F.3d at 1062-64; *see also Halo Wireless, Inc. v. Alenco Communs. Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (striking *amicus* brief because it "contains no information or arguments that the Appellees did not already provide to the Court"). Not only are Plaintiffs and the Government amply represented, the *amici* have identified no other pending cases in which they have an interest that may be affected by this case, and the *amici* do not offer any unique information. *See, e.g., Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 465 n.3 (E.D.N.Y. 2019) (denying leave to file where *amicus* "does not appear to be in possession of any unique information or perspective that would assist the Court"); *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding*, 2014 U.S. Dist. LEXIS 11179, *6-8 (S.D.N.Y. Jan. 23, 2014) (denying leave to file where *amicus* brief "does not present 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'" (quoting *Ryan*)).

- 7 -

Furthermore, the interests of the proposed *amici* are already represented. For example, it hardly can be said that the United States Government is not already advancing the claimed interests of the former officials and congressional *amici* "in preserving the federal government's ability to protect American nationals abroad, as well as an interest in ensuring that Americans harmed by terrorist attacks have access to U.S. courts, as intended by Congress." ECF 473-2 at 1. Similarly, the U.S. Government's brief already addresses the "U.S. foreign policy interests" and "Congress's enumerated powers" purportedly addressed by the law professors. ECF 456 at 2. And Plaintiffs' principal brief already advances the interest claimed by the AAJ to "protect access to the courts for those who have been wrongfully injured," ECF 452 at 1, and the Victims Advocacy Groups' interests in providing "support to victims of terrorism," ECF 462 at 1. These perspectives are hardly unique and are abundantly represented by the briefs of the Plaintiffs and the U.S. Government.

Ultimately, the proposed *amicus* briefs offer this Court nothing unique to assist its decision because they avoid the meat of the due process issues and rely instead on a "strongly held view" that the decision below should be reversed. *See Ryan*, 125 F.3d at 1064 (noting that such views are decidedly unhelpful). In doing so, the proposed *amicus* briefs also make a muddle of the arguments that the Court and Defendants must rebut, because they cover the spectrum of new, old, and unpreserved contentions.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny the motions for leave to file the proposed *amicus* briefs.

Dated: November 14, 2022

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29 and Local Rule 29.1 because this brief contains 2,022 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Microsoft Word, Times New Roman 14-point.

Dated: November 14, 2022

*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: November 14, 2022            */s/ Gassan A. Baloul*
                                                    *Counsel for Defendants-Appellees*