**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): **15-3135(L), -3151(XAP), 22-1060(C)** _____ Caption [use short title] _____

Motion for: **Designation of Third Member to Merits Panel**

_____

_____

_____

Set forth below precise, complete statement of relief sought:

**Plaintiffs Appellants move for an order adding a third**            **Sokolow v. Palestine Liberation Organization**

**Judge to the Merits Panel. The Government does not**

**oppose. Defendants-Appellees oppose.**

_____

_____

_____

MOVING PARTY: **Sokolow**                          OPPOSING PARTY: **Palestine Liberation Organization**

☑ Plaintiff            ☐ Defendant

☑ Appellant/Petitioner            ☐ Appellee/Respondent

MOVING ATTORNEY: **Kent A. Yalowitz**            OPPOSING ATTORNEY: **Gassan A. Baloul**

[name of attorney, with firm, address, phone number and e-mail]

**Arnold & Porter Kaye Scholer LLP**            **Squire Patton Boggs (US) LLP**

**250 West 55th Street**            **2550 M Street NW**

**New York, NY 10019**            **Washington, DC 20037**

Court- Judge/ Agency appealed from: **SDNY (Judge Daniels)**

**Please check appropriate boxes:**            **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND**
                                                 **INJUCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below?   ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____   Has this relief been previously sought in this court?   ☐ Yes ☐ No
_____   Requested return date and explanation of emergency:  _____

Opposing counsel's position on motion:            _____
☐ Unopposed ☑ Opposed ☐ Don't Know            _____
Does opposing counsel intend to file a response:            _____
☑ Yes ☐ No ☐ Don't Know            _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

**/s/ Kent A. Yalowitz** _____ Date: **11/21/22** _____ Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

# 15-3135(L)

## 15-3151(XAP), 22-1060(C)

### UNITED STATES COURT OF APPEALS
#### *for the*
### SECOND CIRCUIT

_____

### MARK I. SOKOLOW, *ET AL.*,

*Plaintiffs-Appellants,*

### UNITED STATES OF AMERICA,

*Intervenor-Appellant,*

v.

### PALESTINE LIBERATION ORGANIZATION, *ET AL.*,

*Defendants-Appellees.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 2004 CIV. 397
HONORABLE GEORGE B. DANIELS

## MOTION TO ADD THIRD JUDGE TO MERITS PANEL

Plaintiffs-Appellants (Plaintiffs) respectfully move for an order adding a third judge to the merits panel.

### POSITIONS OF THE PARTIES

The Government does not oppose the motion. Defendants-Appellees (Defendants) oppose the motion.

### BACKGROUND

Case Nos. 15-3135 and 15-3151 came to this Court from a final judgment of the United States District Court for the Southern District of New York. This Court

vacated and remanded with instructions to dismiss for want of personal jurisdiction.

After Congress enacted the Anti-Terrorism Clarification Act (codified at 18 U.S.C. § 2334(e)) (ATCA), Plaintiffs moved to recall this Court's mandate in light of the new statute. This Court denied the motion on June 3, 2019.

Plaintiffs petitioned for review in the Supreme Court. While the petition was pending, Congress passed the Promoting Security and Justice for Victims of Terrorism Act (PSJVTA), which amended the ATCA. The Supreme Court then granted Plaintiffs' petition, vacated this Court's judgment, and remanded for further consideration in light of the PSJVTA.

While the case was awaiting decision in the Supreme Court one member of the merits panel (Judge Droney) retired.

After the Supreme Court's vacatur, this Court remanded the case to the district court for the limited purposes of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality. The order, issued by the two remaining members of the merits panel, stated:

> After the district court has concluded its consideration, the case will be returned to this Court for further proceedings. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE.
>
> The Clerk should issue the mandate forthwith.

A copy of this order is attached as Exhibit 1.

2

In the district court, the Government intervened to defend the PSJVTA's constitutionality. The district court issued a Memorandum Decision and Order finding that Defendants' conduct met at least one of the PSJVTA's factual predicates and concluding that the PSJVTA is unconstitutional under the Due Process Clause of the Fifth Amendment.

This Court then issued orders reinstating the appeal and holding it in abeyance pending the district court's ruling on a motion for reconsideration. Exs. 2, 3.

The Government filed a notice of appeal, docketed as No. 22-1060. The Court consolidated all three appeals and held the Government's appeal in abeyance. Ex. 4. After the district court denied Plaintiffs' motion for reconsideration, this Court granted motions to lift the appeal from abeyance, realign the parties, and require the parties to brief all issues without incorporation by reference to prior briefs. Ex. 5.

The Government and Plaintiffs have filed their opening briefs. Five amicus briefs have been filed. Defendants' responding brief is due January 27, 2023.

## DISCUSSION

The circumstances of this case favor designating a third judge to serve on the merits panel. Defendants will suffer no prejudice if the Court grants this motion, and no delay will ensue as the case is not argument-ready and will not be for several months.

**1.** "[I]n the normal course of adjudicating appeals, consideration by three judges is preferable." *Murray v. National Broadcasting Co.*, 35 F.3d 45, 48 (2d Cir. 1994) (Newman, J.). Three-judge panels facilitate "the traditional collegiality

3

of the decisional process normal to a multi-member appellate court" and the "pluralism that is the benchmark of the appellate process." *United States v. Glover*, 731 F.2d 41, 48, 51 (D.C. Cir. 1984) (Mikva, J., dissenting). "[D]ecisions are likely to be sounder and stronger when they have been refined in the crucible of active engagement and debate among three judges who are determined to reach common ground in the panel's judgment." Harry T. Edwards, *Collegial Decision Making in the US Court of Appeals* at 25 (2017), available at: SSRN: https://ssrn.com/abstracct=3071875.

Three-judge panels also "preserve both the appearance and the reality of justice." S. Rep. 97-275 at 9, 1982 U.S.C.C.A.N. 11, 19. "Knowledge that multiple judges check each other helps to sustain confidence and to protect individual judges from public criticism. The solemn dignity of learned judges listening and conferring together engenders public confidence." Robert A. Leflar, *The Multi-Judge Decisional Process*, 42 Md. L. Rev. 722, 723 (1983).

Consistent with these norms, the Judicial Code authorizes each Circuit to decide cases by panels "each consisting of three judges." 28 U.S.C. § 46(b). The statute also provides that a "majority" of the judges authorized to constitute a panel "shall constitute a quorum." *Id.* § 46(d). The Senate Judiciary Committee Report accompanying the Federal Courts Improvement Act of 1982 stated that this statute reflects the view that "[t]he disposition of an appeal should be the collective product of at least three minds," except "in situations in which one of the three judges dies or becomes disabled." S. Rep. 97-275 at 9, 1982 U.S.C.C.A.N. 11, 19.

Thus, appeals "must be assigned in the first instance to a panel of three judges," but the statute provides "sufficient flexibility to permit disposition by two members of a three-judge panel, at least in those situations where the third judge becomes unavailable" for unanticipated reasons in such "close proximity to the start of oral argument that replacement in time to maintain the date of the scheduled argument is not practical." *Murray*, 35 F.3d at 48; *see Yovino v. Rizo*, 139 S. Ct. 706, 709 (2019); *Nguyen v. United States*, 539 U.S. 69, 82-83 (2003) (quoting *Murray*); *United States v. Desimone*, 140 F.3d 457, 459 (2d Cir. 1998). This flexibility is "intended to permit the Court to conduct its business expeditiously despite the unanticipated unavailability of one member of a three-judge panel." *Murray*, 35 F.3d at 47.

But when time permits the Court to designate a third panel member, the better practice is to do so. As this Court explained in *Murray*, "[w]here a replacement judge can be secured without burdening the court or the parties, it will normally be preferable to do so." *Id.*, at 48. Returning the panel to the standard size when time permits serves the salutary purposes described above, and may save time if two members of the panel divide.[1] Adding a third judge where time permits is common

---

[1] Constitutional challenges can produce divided opinions. *E.g., Alliance for Open Soc'y Int'l, Inc. v. USAID*, 911 F.3d 104 (2d Cir. 2018), *rev'd*, 140 S. Ct. 2082 (2020); *Halleck v. Manhattan Cmty. Access Corp.*, 882 F.3d 300, 310 (2d Cir. 2018), *rev'd*, 139 S. Ct. 1921 (2019); *Bronx Household of Faith v. Bd. of Ed.*, 750 F.3d 184 (2d Cir. 2014); *Alliance for Open Soc'y Int'l, Inc. v. USAID*, 651 F.3d 218, (2d Cir. 2011), *aff'd*, 570 U.S. 205 (2013); *United States v. Caronia*, 703 F.3d 149 (2d Cir. 2012); *Bronx Household of Faith v. Bd. of Educ.*, 650 F.3d 30 (2d Cir. 2011); *IMS Health Inc. v. Sorrell*, 630 F.3d 263, 266 (2d Cir. 2010), *aff'd*, 564 U.S. 552 (2011).

practice in this and other Circuits. *See* David G. Knibb*, Fed. Ct. App. Manual §* 33:5 (7th ed. 2022) ("commonly, if a panel member cannot attend oral argument, the court will designate a replacement"); Howard J. Bashman, *Recusal on Appeal: An Appellate Advocate's Perspective*, 7 J. App. Prac. & Process 59, 61 (2005) (in the Third Circuit, "[i]f a judge recuses after a case has been assigned to a panel but before oral argument occurs, a replacement judge will typically be assigned to hear that case"); *see, e.g.*, *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 387 n.\* (2d Cir. 2011) (noting that the Chief Judge "was designated as the third member of the panel" to "replac[e]" a panel member who recused herself); *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 64 n.\* (2d Cir. 2011) (noting that a Circuit Judge "was designated as the third member of the panel" when "[o]ne of the original members of the panel recused himself prior to oral argument"); *Tr. for Certificate Holders of Merrill Lynch Mortg. Invs., Inc. v. Love Funding Corp.*, 591 F.3d 116, 117 n.1 (2d Cir. 2010) (similar); *Ascencio-Rodriguez v. Holder*, 595 F.3d 105, 107 n.\*\* (2d Cir. 2010) (similar designation of third member after elevation of original panel member to the Supreme Court); *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 378 n.\* (2d Cir. 2000) (similar after recusal).

**2.** The Government's appeal in No. 22-1060 presents another reason why the Court should add a third member to the panel. The Government was not a party until it intervened as of right in the district court during remand proceedings. At that point, it because "a full participant in the lawsuit," entitled to be treated on appeal "as if it were an original party." *See Wayne Land & Min. Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 521 n.6 (3d Cir. 2018) (quoting *Schneider v.*

*Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985)).

When the Government filed a notice of appeal, it started a new appeal in this Court.[2] Although the Court consolidated the Government's appeal with the original appeals under Federal Rule of Appellate Procedure 3(b)(2), such consolidation is merely administrative—done "for the sake of efficiency and to promote consistent treatment." 16A *Fed. Prac. & Proc. Juris.* § 3949.2 (5th ed. 2022). "In consolidated appeals the separate appeals do not merge into one." 1998 Advisory Committee Note to Fed. R. App. P. 3(b). Thus, in *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018), the Supreme Court explained that consolidation has always been understood "not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." Because the Government's appeal retains its "distinct identity," *id.*, it "must be assigned in the first instance to a panel of three judges." *Murray*, 35 F.3d at 48.

**3.** A third panel member may also be required because of the procedural posture of Case Nos. 15-3135 and 15-3151, which have been reinstated by the Court following a *Jacobson* remand. A "*Jacobson* remand" is a technique to bring a case back to the original panel without the need for a new notice of appeal. *See*

---

[2] An intervenor "may maintain an appeal even if the original party does not appeal, as long as the intervenor has standing to invoke the appellate court's jurisdiction." *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 791 (D.C. Cir. 2018). The Government has an independent right to sue to protect its sovereign interests. *See Wyandotte Transp. Co. v. United States*, 389 U.S. 191, 201 (1967); *In re Debs*, 158 U.S. 564, 586 (1895).

7

*United States v. Jacobson*, 15 F.3d 19, 21-23 (2d Cir. 1994). When the Court reinstates such cases after remand, the original panel is almost always fully constituted with three judges.

But what must the Court do if all three judges are no longer available? The answer to this question is not free from doubt. Some members of this Court have stated that the Court *retains* jurisdiction during district court proceedings on a *Jacobson* remand: "In typical *Jacobson* remands, we remand partial jurisdiction to the district court to supplement the record on a discrete factual or legal issue while retaining jurisdiction over the original appeal." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, J., concurring). Panels have sometimes stated that "the *Court* retains jurisdiction" to decide the appeal once the remand proceedings are completed. *E.g.*, *United States v. Aregbeyen*, 251 F.3d 337, 339 (2d Cir. 2001) (emphasis added). Federal Rule of Appellate Procedure 12.1(b) also indicates that a court of appeals may retain jurisdiction during the course of certain remands. Under these authorities, an argument could be made that the appeal continues, so that a two-judge quorum is permitted after a *Jacobson* remand.

However, other members of this Court have expressed the view that it is "jurisdictionally incorrect" to suggest that the Court can "retain" jurisdiction during a remand. Jon O. Newman, *Decretal Language: Last Words of an Appellate Opinion*, 70 Brook. L. Rev. 727, 734 (2005). As Judge Newman explained:

> A court of appeals cannot simultaneously "retain" jurisdiction and send the case back to a district court for some further action. Whenever the panel wants a district court

8

> to take any further action in the case, jurisdiction must be restored to the district court. This occurs by means of the issuance of a mandate by the court of appeals. The "retain" wording is a euphemism that really means "This panel will reacquire jurisdiction after the required action has been taken."

*Id.* Under that view, issuance of the mandate "remove[s] a case from the jurisdiction of this Court." *United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996) (Newman, J.). "The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court…." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). On this view, the *Jacobson* procedure is an exercise of this Court's power to permit the "restoration of appellate jurisdiction without the need for a new notice of appeal." *Salameh*, 84 F.3d at 50.

Proponents of this view describe a case restored under the *Jacobson* procedure as a "subsequent appeal" that "will be assigned to [the same] panel." *United States v. Crosby*, 397 F.3d 103, 120 (2d Cir. 2005) (Newman, J.); *see, e.g., Peterson v. Islamic Republic of Iran*, 963 F.3d 192, 196 (2d Cir. 2020). Under this view, a restored/subsequent appeal has a sufficiently separate existence that a duly constituted panel of three judges should decide it. That is especially true where, as here: the controlling legal issue is new. Here the central legal issue derives from a statute enacted *after* the initial appeal was decided; the Court has set the case down for plenary briefing; and no material delay will result from the addition of a third judge to the panel. At minimum, there is room to question whether the quorum rule applies.

The uncertainty described above provides strong reason for adding a third member to the merits panel. Most important, nothing would prevent Defendants from later challenging the legality of a two-judge panel if they are unhappy with this Court's decision. The Supreme Court's decision in *Nguyen* is instructive. There, the defect in panel composition was not brought to the attention of the Court of Appeals at all. 539 U.S. at 73. Nonetheless, the Supreme Court rejected the Government's argument that the defendant's objection—made for the first time in his petition for certiorari—was untimely. *Id.* at 77. The Court held that the issue was one of "the proper administration of judicial business," *id.* at 78, so that it would be incorrect to think that "some action (or inaction) on [the complaining party's] part could create authority Congress has quite carefully withheld," *id.* at 80, and even "a stipulation would not have cured the plain defect in the composition of the panel," *id.* at 81. Even though Defendants are now *opposing* the addition of a third judge to the panel, nothing would prevent them from later objecting to the *absence* of a third judge if they lose. Thus, the addition of a third member of the panel will ensure that this Court's disposition of the consolidated appeals is immune to a challenge for improper composition.

A third panel-member was designated in similar circumstances in *Rotimi v. Gonzalez*, 473 F.3d 55 (2d Cir. 2007). In that case, this Court remanded to the Board of Immigration Appeals, stating: "This panel retains jurisdiction to decide the issues on appeal after the disposition of the remand." *Id.* at 58. By the time the case returned, one member of the panel had died. Judges Feinberg and Katzman requested designation of a third member of the panel, which then decided the case.

10

*Rotimi v. Holder*, 577 F.3d 133, 133 n.** (2d Cir. 2009). Notably, the Court added a third panel member even though Judges Feinberg and Katzman were in complete agreement on the merits. *Id.* at 139-43.[3]

---

[3] The question on this motion is a different question than whether it was previously proper for the panel to proceed with a two-judge quorum on remand from the Supreme Court. This Court has so proceeded in the past. *See In re Am. Exp. Merchants' Litig.*, 667 F.3d 204, 206 n.2 (2d Cir. 2012), *rev'd sub nom. Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013), in which a two-judge panel decided a case on remand from Supreme Court following the third member's elevation to Supreme Court. However, this practice is not universal. For example, the Seventh Circuit's practice is to replace a missing third judge. Federal Judicial Center, *Case Management Procedures in the Federal Courts of Appeals* at 141 (2d ed. 2011).

In any event, we see the completion by a two-judge quorum of an appeal sent back from the Supreme Court as raising a different question. When a judgment has been set aside by a reviewing court, the parties are in the "position they occupied before entry of the [vacated] judgment"—namely, "the case remains open." *Ditto v. McCurdy*, 510 F.3d 1070, 1077 & n.4 (9th Cir. 2007); *see Brownlee v. Hospira, Inc.*, 869 F.3d 509, 510 (7th Cir. 2017) ("the case remains open in the district court" following vacatur); *United States v. Lentz*, 383 F.3d 191, 223 (4th Cir. 2004) (Michael, J., concurring) ("reversal of the judgment of acquittal means that the case … remains open").

## **CONCLUSION**

This Court should designate a third judge to the merits panel.

Dated: November 21, 2022
    New York, New York

Respectfully submitted,

Kent A. Yalowitz
   KENT.YALOWITZ@ARNOLDPORTER.COM
ARNOLD & PORTER
    KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8344

*Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF COMPLIANCE WITH FRAP 27**

I hereby certify that the foregoing Motion to Add Third Judge To Merits Panel contains 2,953 words (excluding caption and signature block), according to the Word Count feature in Microsoft Word.

Kent A. Yalowitz

# MANDATE

Exhibit 1

**UNITED STATES COURT OF APPEALS**

**FOR THE**

**SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty.

---

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, MINOR, BY HIS NEXT FRIEND AND GUARDIAN VARDA GUETTA, VARDA GUETTA, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA, NORMAN GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAMIE A. SOKOLOW, RENA M. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR, BY HER NEXT FRIENDS AND GUARDIAN MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND

**ORDER**

Docket Nos.
15-3135-cv (Lead);
15-3151-cv (XAP)

AND GUARDIANS DR. ALAN J. BAUER AND
REVITAL BAUER, RABBI LEONARD MANDELKORN,
KATHERINE BAKER, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN,
RICHARD BLUTSTEIN, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
BENJAMIN BLUTSTEIN, LARRY CARTER,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF DIANE
("DINA") CARTER, SHAUN COFFEL, DIANNE
COULTER MILLER, ROBERT L COULTER, JR.,
ROBERT L. COULTER, SR., INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JANIS RUTH COULTER, CHANA BRACHA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG,
INDIVIDUALLY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF STUART SCOTT
GOLDBERG/NATURAL GUARDIAN OF PLAINTIFFS
CHANA BRACHA GOLDBERG, ESTHER ZAHAVA
GOLDBERG, YITZHAK SHALOM GOLDBERG,
SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA
GOLDBERG, YAAKOV MOSHE GOLDBERG, TZVI
YEHOSHUA GOLDBERG, SHOSHANA MALKA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM
GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ,
SOLE HEIR OF NORMAN GRITZ, DECEASED,

Plaintiffs – Appellees – Cross-Appellants,

v.

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN
AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT
AUTHORITY AND OR PALESTINIAN COUNCIL AND OR
PALESTINIAN NATIONAL AUTHORITY,

*Defendants – Appellants – Cross-Appellees,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED
TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER
MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU
MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN
SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK
MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM
ABDULLAH, ESTATE OF SAID RAMADAN, DECEASED, ABDEL
KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA
SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A
MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF
MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL
NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF
MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU
HALAWA, DECEASED, JOHN DOES, 1–99, HASSAN ABDEL
RAHMAN,

*Defendants.*

Before: LEVAL, Circuit Judge, AND KOELTL, District Judge.*†

On remand from the United States Supreme Court.

Whereas on April 27, 2020, the Supreme Court of the United States
granted a petition for certiorari and vacated this Court's ORDER,
dated June 3, 2019, that declined to recall this Court's mandate
issued on November 28, 2016; and the Supreme Court remanded the case
to this Court for further consideration in light of the Promoting
Security and Justice for Victims of Terrorism Act of 2019, Pub. L.
No. 116-94, div. J, tit. IX, § 903, 133 State. 3082 (the "PSJVTA"),

Now, therefore, this Court REMANDS this case to the district court
for the limited purposes of determining the applicability of the
PSJVTA to this case, and, if the PSJVTA is determined to apply, any
issues regarding its application to this case including its
constitutionality.

---

*     Judge John G. Koeltl, of the United States District Court for the Southern
District of New York, sitting by designation.
†     Judge Christopher Droney, who was originally a member of this panel, retired
from the Court effective January 1, 2020, before the determination of this matter.
The remaining two members of the panel, who are in agreement, have determined this
matter.  See 28 U.S.C. § 46(d); 2d Cir. IOP E(b); United States v. Desimone, 140
F.3d 457, 458-59 (2d Cir. 1998).

After the district court has concluded its consideration, the case will be returned to this Court for further proceedings. See <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994). The plaintiffs-appellees-cross-appellants' motion, filed on October 8, 2018, to recall the mandate, issued on November 28, 2016, will be held in ABEYANCE.

The Clerk should issue the mandate forthwith.

                              For the Court:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

<div align="right">
**Exhibit 2**
</div>

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-two.

Before:      Pierre N. Leval,
               *Circuit Judge.*

---

Eva Waldman, et al.,

          Plaintiffs - Appellees - Cross - Appellants,

v.

Palestine Liberation Organization, Palestinian Authority, AKA Palestinian Interim Self-Government Authority and or Palestinian Council and or Palestinian National Authority,

          Defendants - Appellants - Cross - Appellees,

---

**ORDER**

Docket Nos. 15-3135(L), 15-3151(CON)

By order dated September 8, 2020, this Court remanded this matter to the district court for further proceedings pursuant to United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). By letter dated March 14, 2022, the Appellants-Cross-Appellees indicated that the district court has fulfilled the terms of this Court's limited remand. Appellants-Cross-Appellees also request that this case be consolidated with Fuld v. Palestine Liberation Organization, 22-76(L), 22-496(Con). Upon consideration thereof,

IT IS HEREBY ORDERED that the mandate is RECALLED and the appeal is REINSTATED. The request to consolidate this appeal with Fuld is DENIED. Briefing shall proceed in the ordinary course. Appellants-Cross-Appellees are directed to file a Local Rule 31.2 Scheduling Notification Letter within 14 days of this order.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court



<div style="text-align: right; border: 1px solid black; display: inline-block;">**Exhibit 3**</div>

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-two.

Before:     Pierre N. Leval,
            *Circuit Judge.*

_____

Eva Waldman, et al.,

        Plaintiffs - Appellees - Cross - Appellants,

v.

Palestine Liberation Organization, Palestinian Authority, AKA Palestinian Interim Self-Government Authority and or Palestinian Council and or Palestinian National Authority,

        Defendants - Appellants - Cross - Appellees,

_____

**ORDER**

Docket Nos.
15-3135(L),
15-3151(Con)

Plaintiffs-Appellees-Cross-Appellants move to hold this appeal in abeyance pending the district court's decision on their motion for reconsideration. Defendants-Appellants-Cross-Appellees oppose the motion.

IT IS HEREBY ORDERED that the motion is GRANTED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

<div style="text-align: right">**Exhibit 4**</div>

# UNITED STATES COURT OF APPEALS
## FOR THE
### SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-two.

Before:       Pierre N. Leval,
               *Circuit Judge.*

_____

Eva Waldman, et al.,

         Plaintiffs - Appellees - Cross - Appellants,

v.

Palestine Liberation Organization, et al.,

         Defendants - Appellants - Cross -
Appellees,

_____

Norman Gritz, et al.,

         Plaintiffs - Appellees,

v.

United States of America,

         Intervenor - Appellant,

_____

**ORDER**

Docket Nos. 15-3135(L),
15-3151(Con)

Docket No. 22-1060

The Government moves to consolidate the above-captioned appeals and to hold docket number 22-1060 in abeyance on the same terms as the appeals under 15-3135(L).

IT IS HEREBY ORDERED that the motion is GRANTED.

                         For the Court:
                         Catherine O'Hagan Wolfe,
                         Clerk of Court



Exhibit 5

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-two.

Before:      Pierre N. Leval,
            *Circuit Judge.*

_____

Eva Waldman, Revital Bauer, individually and as natural guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer, Shaul Mandelkorn, Nurit Mandelkorn, Oz Joseph Guetta, minor, by his next friend and guardian Varda Guetta, Varda Guetta, individually and as natural guardian of plaintiff Oz Joseph Guetta, Norman Gritz, individually and as personal representative of the Estate of David Gritz, Mark I. Sokolow, individually and as a natural guardian of Plaintiff Jamie A. Sokolow, Rena M. Sokolow, individually and as a natural guardian of plaintiff Jaime A. Sokolow, Jamie A. Sokolow, minor, by her next friends and guardian Mark I. Sokolow and Rena M. Sokolow, Lauren M. Sokolow, Elana R. Sokolow, Shayna Eileen Gould, Ronald Allan Gould, Elise Janet Gould, Jessica Rine, Shmuel Waldman, Henna Novack Waldman, Morris Waldman, Alan J. Bauer, individually and as natural guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer, Yehonathon Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Binyamin Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Daniel Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Yehuda Bauer, minor, by his next friend and guardians Dr. Alan J. Bauer and Revital Bauer, Rabbi Leonard Mandelkorn, Katherine Baker, individually and as personal representative of the Estate of Benjamin Blutstein, Rebekah Blutstein, Richard Blutstein, individually and as personal representative of the Estate of Benjamin Blutstein, Larry Carter, individually and as personal representative of the Estate of Diane ("Dina") Carter, Shaun Coffel, Dianne Coulter Miller, Robert L Coulter, Jr., Robert L. Coulter, Sr., individually and as personal representative of the Estate of Janis Ruth Coulter, Chana Bracha Goldberg, minor, by her next friend and guardian

**ORDER**

Docket Nos. 15-3135(L),
15-3151(XAP),
22-1060(CON),

Karen Goldberg, Eliezer Simcha Goldberg, minor, by her next
friend and guardian Karen Goldberg, Esther Zahava Goldberg,
minor, by her next friend and guardian Karen Goldberg, Karen
Goldberg, individually, as personal representative of the Estate
of Stuart Scott Goldberg/natural guardian of plaintiffs Chana
Bracha Goldberg, Esther Zahava Goldberg, Yitzhak Shalom
Goldberg, Shoshana Malka Goldberg, Eliezer Simcha
Goldberg, Yaakov Moshe Goldberg, Tzvi Yehoshua Goldberg,
Shoshana Malka Goldberg, minor, by her next friend and
guardian Karen Goldberg, Tzvi Yehoshua Goldberg, minor, by
her next friend and guardian Karen Goldberg, Yaakov Moshe
Goldberg, minor, by her next friend and guardian Karen
Goldberg, Yitzhak Shalom Goldberg, minor, by her next friend
and guardian Karen Goldberg, Nevenka Gritz, sole heir of
Norman Gritz, deceased

   Plaintiffs - Appellants,


United States of America
   Intervenor - Appellant,

v.

Palestine Liberation Organization, Palestinian Authority, AKA
Palestinian Interim Self-Government Authority and or
Palestinian Council and or Palestinian National Authority,

   Defendants - Appellees.

Yasser Arafat, Marwin Bin Khatib Barghouti, Ahmed Taleb
Mustapha Barghouti, AKA Al-Faransi, Nasser Mahmoud
Ahmed Aweis, Majid Al-Masri, AKA Abu Mojahed,
Mahmoud Al-Titi, Mohammed Abdel Rahman Salam
Masalah, AKA Abu Satkhah, Faras Sadak Mohammed
Ghanem, AKA Hitawi, Mohammed Sami Ibrahim Abdullah,
Esatate of Said Ramadan, deceased, Abdel Karim Ratab Yunis
Aweis, Nasser Jamal Mousa Shawish, Toufik Tirawi, Hussein
Al-Shaykh, Sana'a Muhammed Shehadeh, Kaira Said Ali Sadi,
Estate of Mohammed Hashaika, deceased, Munzar Mahmoud
Khalil Noor, Estate of Wafa Idris, deceased, Estate of Mazan
Faritach, deceased, Estate of Muhanad Abu Halawa, deceased,
John Does, 1-99, Hassan Abdel Rahman,

   Defendants.

_____

Defendants move to lift this appeal from abeyance. Plaintiffs oppose the motion and request that the Court continue to hold the appeal in abeyance pending the Court's decision in *Fuld v. Palestine Liberation Organization*, 22-76(L). Plaintiffs have also filed a cross-motion to realign the parties and to require the parties to brief all issues without incorporation by reference to prior briefs. Defendants oppose the cross-motion.

IT IS HEREBY ORDERED that the motions are GRANTED. The appeal is hereby lifted from abeyance. Plaintiffs and the Government shall file the opening briefs, Defendants shall respond, and the Plaintiffs and Government may file reply briefs. The caption shall be amended to conform with the caption listed above.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court