# 15-3135(L)

## 15-3151 (XAP); 22-1060 (CON)

# United States Court of Appeals

### FOR THE

# Second Circuit

❖

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL
GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER,
DANIEL BAUER AND YEHUDA BAUER, SHAUL MANDELKORN, NURIT
MANDELKORN, OZ JOSEPH GUETTA, MINOR, BY HIS NEXT FRIEND AND
GUARDIAN VARDA GUETTA, VARDA GUETTA, INDIVIDUALLY AND AS
NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA, NORMAN

*(Caption Continued on Inside Cover)*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

## DEFENDANTS' RESPOSE TO PLAINTIFFS' MOTION
## TO ADD THIRD JUDGE TO MERITS PANEL

GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS
A NATURAL GUARDIAN OF PLAINTIFF JAMIE A. SOKOLOW, RENA M.
SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF
PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR, BY HER
NEXT FRIENDS AND GUARDIAN MARK I. SOKOLOW AND RENA M.
SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA
EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA
RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS
WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL
GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER,
DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR,
BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND
REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND
GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL
BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J.
BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT
FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER,
RABBI LEONARD MANDELKORN, KATHERINE BAKER, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN
BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN,
INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA")
CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L
COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH
COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND
AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG,
MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG,
ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND
GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY,
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT
GOLDBERG/NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA
GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM
GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA
GOLDBERG, YAAKOV MOSHE GOLDBERG,TZVI YEHOSHUA
GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT
FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA
GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN
GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT

FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*PLAINTIFFS - APPELLANTS,*

v.

UNITED STATES OF AMERICA,

*INTERVENOR - APPELLANT,*

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY AND OR PALESTINIAN COUNCIL AND OR PALESTINIAN NATIONAL AUTHORITY,

*DEFENDANTS -APPELLEES,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESATATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*DEFENDANTS.*

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

As Defendants advised Plaintiffs during the pre-motion conferral process, Defendants' position is that the decision to designate a third member of the Panel lies entirely within this Court's discretion. The Court, rather than the parties, is in the best position to determine whether doing so would hinder or aid the resolution of a case that has been on and off the Court's docket—in one form or another—for more than seven years. Accordingly, Defendants do not join in Plaintiffs' request to direct the Court's own internal processes.

For the past two years, the Panel has acted through its present quorum when it ruled on the impact of the Supreme Court's GVR order (Doc. 349), ordered briefing on the PSJVTA and remanded to the lower court (Doc. 362, 366), stayed the case pending the district court's disposition of Plaintiffs' motion for reconsideration (Doc. 397), declined to consolidate this case with the *Fuld* appeals (Doc. 376), and recently granted the motions to file amicus briefs (Doc. 486). Neither Defendants nor the Government ever objected to the determination of those issues by the current panel, nor to the disposition of the appeal on the merits by the current panel. Plaintiffs' reticence, until now, reflects the well-established fact that there is nothing at all unusual or improper about a quorum of an existing panel continuing to consider a case remanded by the Supreme Court for further consideration.

While Defendants fully defer to the Court's decision whether to appoint a third member, it is necessary to respond to Plaintiffs' mischaracterizations of the law:

1.     This Court's cases on panel composition are chiefly concerned with institutional efficiency—not achieving any particular result.  For example, *Murray v. Nat'l Broad.*, 35 F.3d 45, 48 (2d Cir. 1994), one of Plaintiffs' authorities, focuses on reducing the burdens on the Court and the parties when deciding whether to add a new, third judge.  That burden may be lifted when a short-handed panel adds a third judge to help decide its assigned set of cases for a particular sitting.  By contrast, the panel in *Murray* decided not to add a third member to consider a petition for rehearing based on efficiency concerns.  *Id.* at 48.  After all, the "remaining two members of the panel, [are] explicitly authorized to constitute a quorum eligible to act."  *Id*.

Practicality and efficiency may also counsel against adding a third member when a quorum has authored opinions, decided a host of inter-related issues over many years, gained deep knowledge of prior proceedings, and is asked by the parties to reconsider their earlier decisions—as do Plaintiffs in their opening brief (at 1-3, 14-16, 19-37), which is focused on the history and prior decisions of this panel.

The other authorities cited by Plaintiffs also do not presume that this Court should add a third judge.  To the contrary, those decisions emphasize that when a member of a prior panel is no longer available, the remaining quorum may continue to adjudicate the case.  *See, e.g., Yovino v. Rizo*, 139 S. Ct. 706, 709 (2019) ("innumerable court of appeals decisions hold that when one of the judges on a three-judge panel dies, retires, or resigns after an appeal is argued or is submitted for decision without argument, the other two judges on the panel may issue a decision if

they agree"); *Khanh Phuong Nguyen v. United States*, 539 U.S. 69, 82, 123 S. Ct. 2130, 2138 (2003) ("settled law permits a quorum to proceed to judgment when one member of the panel dies or is disqualified").  Plaintiffs cite Judge Harry T. Edwards, Robert A. Leflar, and a dissent from Judge Abner J. Mikva on the general importance of pluralism (Motion at 4-5) as well as David A. Knibb, Howard J. Bashman, and various cases that address replacing a judge that leaves the panel before substantive decisions are made (Motion at 6).  But none of these authorities advocates for changing the panel composition many years after the original notice of appeal and ensuing substantive decisions.

Plaintiffs argue that a newly-constituted panel would be proper because the "controlling legal issue" of the PSJVTA is "new" to this appeal.  Motion at 9.  But this is not the case.  The Supreme Court remanded on the PSJVTA, this Court received briefing on the PSJVTA (Doc. 351, 354, 356), and remanded for findings on the PSJVTA, and the parties are now back before the panel on appeal on that same issue.  The present panel is fully aware and familiar with the statute.

In the end, the Court knows better than the parties whether appointing a new judge might introduce delay or additional burdens.  Plaintiffs did not ask for an additional judge after the remand in May 2020, nor when the Court reinstated the appeal earlier this year, nor when Plaintiffs filed their principal brief.  This Court's internal policies should govern the issue, as envisioned by Second Circuit Internal Operating Procedure § E(b), which the current quorum of this panel invoked in

- 3 -

directing further proceedings following the Supreme Court's remand. Doc. 355, citing *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

2. This panel has jurisdiction over the appeal. Plaintiffs' suggestion that the panel may have lost jurisdiction to decide this appeal by engaging in a *Jacobson* remand should be rejected. Motion at 7-11 (suggesting "uncertainty" and "doubt" regarding jurisdiction). Plaintiffs claim that there is uncertainty in this Circuit regarding whether a panel "retains" or gives up jurisdiction during a *Jacobson* remand. *Id*. Plaintiffs then argue that if the panel did relinquish jurisdiction during the *Jacobson* remand, then the post-remand appeal is "sufficiently separate" from the original to require a "duly-constituted panel of three judges." Motion at 9. In other words, they claim that a third judge may be jurisdictionally *necessary*.

But Plaintiffs cannot identify any authority to support this novel argument. This Court's decisions variously say that the original panel will "retain," "reacquire," or "restore" jurisdiction in a *Jacobson* remand—but the language is irrelevant because every case universally agrees that *the original panel has jurisdiction after the remand is completed*.[1] And that is exactly what happened here: The Court's

---

[1] *See, e.g, Corp. Mexicana De Mantenimiento Integral v. Pemex-Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, J., concurring) (panel will "retain jurisdiction"); Jon O. Newman, *Decretal Language: Last Words of an Appellate Opinion*, 70 Brook. L. Rev. 727, 734 (2005) (arguing that the same panel will "reacquire" jurisdiction); *United States v. Galanis*, 759 F. App'x 88, 93 (2d Cir. 2019) ("full jurisdiction will be restored to this Court and this panel"); *United States v. Ventura*, 747 F. App'x 20, 22 (2d Cir. 2018) ("this matter shall be restored to this Court's active docket, without the filing of a new notice of appeal"); *United States v.*

Order of March 24, 2022 covered all relevant bases in recommencing this appeal by both recalling the mandate issued for the remand and by reinstating the appeal directly. *See* Doc. 376 ("IT IS HEREBY ORDERED that the mandate is RECALLED and the appeal is REINSTATED.").

This Court's actions agreed with longstanding practice in *Jacobson* remands for cases with complex issues and a long history. For example, in *Peterson v. Islamic Republic of Iran*, 963 F.3d 192, 196 (2d Cir. 2020), which Plaintiffs cite, the panel directed that "in light of the history of this litigation, the vacatur and remand of this Court's judgment by the Supreme Court, and this panel's long-standing familiarity with the matter and the very complex issues to which it gives rise, we respectfully direct the Clerk of this Court to return the matter to this panel for further review and adjudication." The panel took the same approach in this case.

None of Plaintiffs' authorities supports their claim that the soundness of this Court's procedures during *Jacobson* remands are clouded by "uncertainty" or are "not free from doubt" (Motion at 7-9). Not one of their cases question a panel's jurisdiction to resume its deliberations after a *Jacobson* remand without a third member or a new notice of appeal.[2]

---

*Zukerman*, 710 F. App'x 499, 500-01 (2d Cir. 2018) ("either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal" and "the matter will be referred to this panel").

[2] Plaintiffs cite to a panel's choice appoint a third member in *Rotimi v. Holder*, 577 F.3d 133 (2d Cir. 2009), *see* Motion at 10-11, but that panel did not explain its choice, nor question its jurisdiction to continue without a third member.

Plaintiffs also argue that the Government's appeal qualifies as a "new appeal" that requires a three-judge panel. Motion at 6-7. But the Government did *not* file a new case—it intervened as a party in a case that was before the trial court on a *Jacobson* remand. As Plaintiffs admit, the Government is thus "entitled to be treated on appeal 'as if it were an original party.'" Motion at 6-7 (citation omitted). As a party before the trial court on a *Jacobson* remand from a pending appeal, in the same position as Plaintiffs, the Government had no more need to file a notice of appeal than did Plaintiffs. Plaintiffs cite to no case, statute, or rule showing that the Government's appeal somehow requires a "duly-constituted panel of three judges." Motion at 9.

3.    Plaintiffs' concerns about a challenge to appellate jurisdiction under *Nguyen*, 539 U.S. at 73, are similarly misplaced. That decision involved the inclusion of non-Article III judges on Ninth Circuit panels. *Id*. There is no basis for any similar concern here, given that all three judges comprising the original panel were Article III judges. Plaintiffs do not explain how they could raise a *Nguyen*-style challenge. Here, too, it is noteworthy that neither the Government nor Plaintiffs raised any such concern when seeking consolidation of the appeals, when recommending post-GVR procedures to the panel, or in any of the motions made after the district court's decisions pursuant to the *Jacobson* remand. Contrary to Plaintiffs' intimation (Motion at 10), Defendants do not object to disposition of this case by the present panel.

## <u>CONCLUSION</u>

This Court is in the best position to determine, in its own discretion, whether the appointment of a new panel member at this stage of the litigation would hinder or aid its decisional process. Accordingly, Defendants do not join in Plaintiffs' motion.

Dated: December 1, 2022

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1.     This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,725 words, excluding the parts exempted by Rule 32(f).

2.     This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.


Dated: December 1, 2022                    */s/ Gassan A. Baloul*
                                           Gassan A. Baloul

                                           *Counsel for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2022, the foregoing document was filed

with the Clerk of the Court and served via CM/ECF upon all counsel of record.


Dated: December 1, 2022                    */s/ Gassan A. Baloul*
                                          *Counsel for Defendants-Appellees*