# 15-3135(L)

### 15-3151(XAP), 22-1060(C)

**UNITED STATES COURT OF APPEALS**
*for the*
**SECOND CIRCUIT**

---

**MARK I. SOKOLOW, *ET AL.*,**

*Plaintiffs-Appellants,*

**UNITED STATES OF AMERICA,**

*Intervenor-Appellant,*

v.

**PALESTINE LIBERATION ORGANIZATION, *ET AL.*,**

*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 2004 CIV. 397
HONORABLE GEORGE B. DANIELS

---

**REPLY IN SUPPORT OF
MOTION TO ADD THIRD JUDGE TO MERITS PANEL**

---

Defendants do not oppose Plaintiffs' motion to add a third judge to the merits panel. Nor do Defendants claim that granting the motion would prejudice them, interfere with the Court's consideration of these appeals, or otherwise cause harm. For those reasons alone, the motion should be granted.

Indeed, Defendants have no dispute with the basic premise that "in the normal course of adjudicating appeals, consideration by three judges is preferable." *Murray v. National Broadcasting Co.*, 35 F.3d 45, 48 (2d Cir. 1994). They do not deny that decisions by three-judge panels are more likely to be sound. *Id.* They do

not disagree that three-judge panels "preserve both the appearance and the reality of justice." S. Rep. 97-275 at 9, 1982 U.S.C.C.A.N. 11, 19. And they acknowledge that the Court often adds a third member to the panel in analogous circumstances, including in *Rotimi v. Holder*, 577 F.3d 133, 133 n.** (2d Cir. 2009), where Judges Feinberg and Katzman were in harmony as to the correct disposition.

Defendants nevertheless take issue with some of Plaintiffs' arguments, offering responses that merit this brief reply.

**1.** The Government's appeal in No. 22-1060 is an additional reason to grant the motion. The Government filed a notice of appeal from the district court's final decision on remand, initiating a separate appeal that has been consolidated with the appeals in Nos. 15-3135 and -3151. Although Defendants say that filing a notice of appeal was not *necessary*, they do not deny that doing so was *proper*; nor that the Government's appeal kept its "distinct identity" after consolidation. *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). It is axiomatic that "an appeal is commenced by the filing of the notice of appeal," *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), and indisputable that Section 46(b) "requires the inclusion of at least three judges in the first instance," *Nguyen v. United States*, 539 U.S. 69, 82 (2003).

Thus, the Government's properly filed notice of appeal commenced a distinct proceeding in this Court; that appeal retained its distinct identity when consolidated with the other appeals; and the Government's appeal should be assigned in the first instance to a three-judge panel.

**2.** Defendants focus most of their Response on the nature of the case now that the mandate has been recalled. Because Defendants do not oppose the present

motion, most of this discussion is superfluous. It suffices here to say that no party raises any question about the soundness of the Court's *Jacobson* procedure, nor about the Court's jurisdiction following the recall of its mandate. Rather, Plaintiffs' concern—which will be fully resolved by granting the motion—arises because some cases have deemed the post-remand proceedings a "subsequent appeal," *e.g.*, *United States v. Crosby*, 397 F.3d 103, 120 (2d Cir. 2005) (Newman, J.), and an objection to the constitution of the panel cannot be waived or forfeited, as the Supreme Court held in *Nguyen*, 539 U.S. 69, including because Section 46(b) "embodies a strong policy concerning the proper administration of judicial business," *id.* at 78 (quotation marks omitted). A third panel member will ensure that this Court's disposition is immune to an after-the-fact challenge for improper constitution of the panel.

## CONCLUSION

This Court should designate a third judge to the merits panel.

Dated: December 2, 2022
    New York, New York

                      Respectfully submitted,

                      Kent A. Yalowitz
                        KENT.YALOWITZ@ARNOLDPORTER.COM
                      ARNOLD & PORTER
                          KAYE SCHOLER LLP
                      250 West 55th Street
                      New York, NY 10019
                      (212) 836-8344

                      *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE WITH FRAP 27

I hereby certify that the foregoing Reply in Support of Motion to Add Third Judge To Merits Panel contains 682 words (excluding caption and signature block), according to the Word Count feature in Microsoft Word.

Kent A. Yalowitz