**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 15-3135, 15-3151, 22-1060 _____    _____ Caption [use short title]_____

Motion for: Motion to File Oversize Brief _____

_____

_____

Set forth below precise, complete statement of relief sought:

Defendants-Appellees seek an enlargement of the word

limit for their principal brief to 21,000 words, to allow them     Sokolow v. Palestine Liberation Organization

to respond to the opening briefs of both Plaintiffs-Appellants

and Intervenor-Appellant the United States, as well as five

separate amici.

_____

MOVING PARTY: Palestine Liberation Organization, et al.    OPPOSING PARTY: Sokolow, et al.

☐ Plaintiff          ☑ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

MOVING ATTORNEY: Gassan A. Baloul _____    OPPOSING ATTORNEY: Kent A. Yalowitz _____

[name of attorney, with firm, address, phone number and e-mail]

Squire Patton Boggs (US) LLP _____    Arnold & Porter Kaye Scholer LLP _____

2550 M Street, N.W. _____    250 West 55th Street _____

Washington, D.C. 20037 _____    New York, NY  10019 _____

Court- Judge/ Agency appealed from: SDNY (Judge Daniels)

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):    Has this request for relief been made below?    ☐ Yes ☐ No
☑ Yes ☐ No (explain): Intervenor-Appellant the United States    Has this relief been previously sought in this court?  ☐ Yes ☐ No
does not oppose. Plaintiffs-Appellants offered a conditional response.    Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                 _____
☐ Unopposed ☑ Opposed ☐ Don't Know             _____
Does opposing counsel intend to file a response:         _____
☑ Yes ☐ No ☐ Don't Know                        _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

Signature of Moving Attorney:

Gassan A. Baloul _____ Date: 12/14/2022    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

# 15-3135(L)

## 15-3151 (XAP); 22-1060

## United States Court of Appeals

### FOR THE

## Second Circuit

◆◆

*MARK I. SOKOLOW, ET AL.,*

*Plaintiffs-Appellants,*

*UNITED STATES OF AMERICA,*

*Intervenor-Appellant,*

v.

*PALESTINE LIBERATION ORGANIZATION, ET AL.,*

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

## DEFENDANTS-APPELLEES' MOTION TO FILE OVERSIZE BRIEF

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

In these consolidated appeals, Defendants-Appellees the Palestinian Authority and the Palestine Liberation Organization respectfully request an enlargement of the word limits for their principal brief to 21,000 words, pursuant to Federal Rule of Appellate Procedure 27 and Local Rules 27.1(e) and 31.2(c). Defendants are responding to briefs filed by Plaintiffs-Appellants, Intervenor-Appellant the United States, and five separate amici, which total more than 51,000 words. *See* Pls. Br., ECF No. 448 (13,812 words); Gov't Br., ECF No. 447 (8,596 words); Amicus Brs., ECF No. 452 (6,495 words), ECF No. 456 (6,025 words), ECF No. 462 (3,510 words), ECF No. 465-2 (6,861 words), ECF No. 473-2 (5,998 words). An enlargement of the word limits is necessary to allow Defendants-Appellees to adequately address the various arguments raised by appellants and amici.

This is the second appeal addressing the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903 (codified at 18 U.S.C. § 2334(e))—a complex federal statute with important ramifications for both consent-based jurisdiction under the Due Process Clause and for personal jurisdiction over foreign defendants more generally. Plaintiffs-Appellants and the United States, as Intervenor-Appellant, have each filed separate briefs addressing their distinct views on the constitutionality of the PSJVTA. In addition, five separate amici have filed briefs presenting alternative

1

arguments and theories on the constitutionality of the PSJVTA, many of which diverge from the arguments presented by the parties themselves. *See, e.g.*, Am. Ass'n of Justice Br., ECF No. 452 (asserting the PSJVTA is an "express consent" statute—a position no party in this case has ever advocated); Former Federal Officials Br., ECF No. 473-2 (arguing the PSJVTA is consistent with the original meaning of the Fifth Amendment); U.S. Reps. & Sens. Br., ECF 465-2 (presenting expansive view of deference to Congress on foreign policy issues).

In the first such appeal addressing the constitutionality of the PSJVTA, this Court permitted Defendants to file an oversized brief not to exceed 19,000 words. *See* ECF No. 145, *Fuld v. PLO*, No. 22-76 (2d Cir. Sept. 28, 2022). The issues in this case are similar to those in *Fuld*, with two notable additions. First, in addition to the constitutionality of the PSJVTA, this case involves the separate question whether this Court should recall the mandate issued after the first appeal, which directed the dismissal of Plaintiffs' claims for lack of personal jurisdiction. *See Waldman v. PLO*, 835 F.3d 317, 344 (2d Cir. 2016). Plaintiffs dedicate nearly half of their argument section to this question, which is not at issue in the *Fuld* appeal. *See* Pls. Br. at 19-37. Second, pursuant to this Court's July 29, 2022 order, the parties' opening briefs also must address "all issues" raised in the prior appeal, "without incorporation by reference." *See* ECF No. 436. In addition to the constitutionality of the PSJVTA and Plaintiffs' request to recall the mandate,

Defendants' brief therefore must address the other "issue" raised in the original appeal, but which the Court did not reach: the district court's decision to admit improper expert testimony on liability during the 2015 jury trial. *See Waldman*, 835 F.3d at 322, 344. Accordingly, Defendants request a slightly greater enlargement of the word limits (21,000 words) than this Court granted in *Fuld* (19,000 words), to allow them to address both the PSJVTA issues and these additional issues.

Beyond the analogous *Fuld* order, this Court regularly grants leave for parties to file oversized briefs in complex cases. *See, e.g., United States v. Raniere,* No. 20-3520 (Jan. 3, 2022) (granting 30,000 words to respond to 37,000 words from briefs in consolidated appeals); *Wood v. Mutual Redev. Houses*, No. 21-2617 (July 19, 2022) (granting 26,000 words); *United States v. Discala*, No. 22-675 (Aug. 12, 2022) (granting both appellant and appellee 25,000 words); *In re: Purdue Pharma*, No. 22-110 (Mar. 1, 2022) (granting 25,000 words); *Behrens v. JP Morgan Chase Bank,* No. 21-2603 (Apr. 4, 2022) (granting 24,000 words); *United States v. McPartland*, No. 21-1999 (Mar. 22, 2022) (granting 24,000 words). In appropriate cases, this Court also regularly grants leave to file briefs of the same size requested by Defendants in this case. *See, e.g.*, *Harris v. Am. Accounting Assoc.*, No. 22-811 (July 25, 2022) (granting 21,000 words); *United States v. Kidd*, No. 22-287 (June 15, 2022) (granting 21,000 words). An enlargement to 21,000 words in this case equates

3

to less than half the words used in the seven briefs to which Defendants are responding.

Defendants notified counsel for Appellants of their intent to make this request. The United States does not oppose Defendants' motion, and requests leave to file a reply brief of half the length of Defendants' principal brief (i.e., a reply brief not to exceed 10,500 words). Defendants agree with the United States' request for a proportionate enlargement of the word limits for its reply brief to 10,500 words.

Counsel for Plaintiffs-Appellants stated that, "Plaintiffs have no objection to the request provided that the Court grants Plaintiffs a reply of 13,000 words and a 45-day period for filing the reply." As Defendants informed Plaintiffs during the pre-motion conferral process, it would be disproportionate to allow Plaintiffs to file a reply brief nearly equal in length to their principal brief, and exceeding more than half the word limit applicable to Defendants' principal brief. Accordingly, Defendants do not agree with Plaintiffs' request, and respectfully submit that Plaintiffs-Appellants' reply brief instead should be subject to the same conditions agreed to by the United States.

### CONCLUSION

This Court should grant Defendants-Appellees' motion to file an oversized brief not to exceed 21,000 words. In addition, this Court should grant a proportionate

enlargement of the word limits for Plaintiffs-Appellants' and Intervenor-Appellant the United States' reply briefs, each not to exceed 10,500 words.

Respectfully Submitted,

December 14, 2022

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1.     This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 958 words, excluding the parts exempted by Rule 32(f).

2.     This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.


*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2022, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs-Appellants.


*/s/ Gassan A. Baloul*
Gassan A. Baloul