# UNITED STATES COURT OF APPEALS
*for the*
## SECOND CIRCUIT

### MARK I. SOKOLOW, *ET AL.*

*Plaintiffs-Appelants,*

### UNITED STATES OF AMERICA,

*Intervenor-Appellant.*

v.

### PALESTINE LIBERATION ORGANIZATION, *ET AL.*,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 04 CIV. 397 (GBD)
HONORABLE GEORGE B. DANIELS

### MIRIAM FULD, *ET AL.*

*Plaintiffs-Appelants,*

### UNITED STATES OF AMERICA,

*Intervenor-Appellant.*

v.

### PALESTINE LIBERATION ORGANIZATION, *ET AL.*,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 20 CIV. 3374 (JMF)
HONORABLE JESSE M. FURMAN

**REPLY IN SUPPORT OF MOTION FOR AN ORDER
DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BREIFS
TO ADDRESS THE EFFECT OF *MALLORY v. NORFOLK SOUTHERN RY.***

Plaintiffs-Appellants respectfully submit this reply in support of their request that the Court order the parties to submit supplemental briefing of no more than 1,500 words each, addressing the effect of *Mallory v. Norfolk Southern Ry.*, No. 21-

1168 (U.S. June 27, 2023). If the Court chooses to authorize briefs to be filed sequentially rather simultaneously, Plaintiffs respectfully request that they (and the United States) be permitted to file a reply of half the length of Defendants' brief.

1. Permitting the parties to file simultaneous briefs of no more than 1,500 words addressing the Supreme Court's opinion in *Mallory* would aid the Court in determining the constitutionality of the PSJVTA. In their opposition, Defendants respond that such briefing is unnecessary because "the Supreme Court's holding in *Mallory* is quite narrow." Opp. 1. They say the case produced a "single holding," namely "that '*Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917) controls this case' and is still good law." *Id.* (brackets omitted). That is, indeed, the barest holding of *Mallory*, and by itself it suffices to reject Defendants' constitutional challenge to the PSJVTA. But the Supreme Court's *reasoning* in the upholding the Pennsylvania deemed-consent statute at issue in the case, as well as in Justice Gorsuch's plurality opinion and Justice Alito's concurrence, speaks especially clearly to the PSJVTA's constitutionality here. Beyond that, Justice Barrett's dissent advanced many of the arguments that appear in the decisions under review and that Defendants press on appeal. Because those arguments did not win the day at the Supreme Court, they cannot prevail here. Additional words are important to explain the relevance of the Court's holding and reasoning.

3. Defendants argue that the fact that we "did not immediately file a Rule 28(j) letter after *Mallory* was decided" (Opp. 1)—and instead requested additional briefing—somehow shows that *Mallory* is of limited relevance. That makes no sense. We decided not to file a standard Rule 28(j) letter because we determined that the 350 words permitted under the rule were insufficient to address fully the

import of the Supreme Court's decision. Defendants cherry pick one line from our brief in which we distinguished the Pennsylvania statute from the PSJVTA (*see* Opp. 1), but the distinction shows why the outcome here follows *a fortiori* from *Mallory*: the distinction between the expansive powers and interests of the National Government (on the one hand) and the more limited powers and interests of the various States (on the other) makes the Supreme Court's decision upholding the Pennsylvania statute *all the more* relevant to the constitutionality of the PSJVTA.

4. Defendants' alternative to a 350-word submission is to request a 3,000 word double-length brief for themselves, to be filed after Plaintiffs' and the Government's briefs. But simultaneous and equal supplemental briefs are the norm. There is no reason to "top up" Defendants with a double-sized brief just because the Department of Justice, as an institutional matter, does not file joint briefs or divide issues with its co-litigants. It is appropriate for the United States to have the opportunity to present its views on *Mallory*, and Defendants do not provide any reason why doubling their word allotment would serve an actual need. Indeed, their opposition suggests otherwise: If Defendants believe *Mallory* "can be adequately addressed" in 350 words, Op. 1, then surely Defendants can do so in 1,500 words. As for Defendants suggestion that they be permitted to file a responsive brief, rather than filing simultaneously, Plaintiffs submit that simultaneous briefing is not only the norm but more efficient. However, if the court permits Defendants to file a responsive brief, Plaintiffs request that they (and the United States) be permitted to file a reply of half the length of Defendants' brief.

## **CONCLUSION**

The Court should order the parties to submit supplemental briefing of no more than 1,500 words each addressing the effect of *Mallory v. Norfolk Southern Ry.* on this case. Each party should file an identical brief in both cases, which have not been consolidated but which were argued in tandem. If the court permits Defendants to file a responsive brief, Plaintiffs request that they (and the United States) be permitted to file a reply of half the length of Defendants' brief.

Dated: July 13, 2023
    New York, New York

                    Respectfully submitted,

                    Kent A. Yalowitz
                        *KENT.YALOWITZ@ARNOLDPORTER.COM*
                    ARNOLD & PORTER
                        KAYE SCHOLER LLP
                    250 West 55th Street
                    New York, NY 10019
                    (212) 836-8344

                    *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE WITH FRAP 27

I hereby certify that the foregoing Reply contains 709 words, according to the Word Count feature in Microsoft Word.

Kent A. Yalowitz