# 15-3135(L)

## 15-3151(XAP), 22-1060(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆◆◆

Eva Waldman, Revital Bauer, individually and as natural guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer, Shaul Mandelkorn, Nurit Mandelkorn, Oz Joseph Guetta, minor, by his next friend and guardian Varda Guetta, Varda Guetta, individually and as natural guardian of plaintiff Oz Joseph Guetta, Norman Gritz, individually and as personal representative of the Estate of David Gritz, Mark I. Sokolow, individually and as a natural guardian of Plaintiff Jamie A. Sokolow, Rena M. Sokolow, individually and as a natural guardian of plaintiff Jaime A. Sokolow, Jamie A. Sokolow, minor, by her next friends and guardian

(*Caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUPPLEMENTAL BRIEF FOR PLAINTIFFS-APPELLANTS

Kent A. Yalowitz
Arnold & Porter Kaye
  Scholer LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000

Allon Kedem
Dirk C. Phillips
Stephen K. Wirth
Bailey Roe
Arnold & Porter Kaye
  Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000

*Attorneys for Plaintiffs-Appellants*

MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, RABBI LEONARD MANDELKORN, KATHERINE BAKER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT GOLDBERG/ NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG,TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*Plaintiffs-Appellants,*

UNITED STATES OF AMERICA,

*Intervenor-Appellant,*

—against—

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY and or PALESTINIAN COUNCIL and or PALESTINIAN NATIONAL AUTHORITY,

*Defendants-Appellees,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESATATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*Defendants.*

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016) ....................................................................... 4, 6

*College Savings Bank v. Florida Prepaid Postsecondary
    Education Expense Bd.*,
    527 U.S. 666 (1999) ..................................................................................... 4

*Florez v. Cent. Intel. Agency*,
    829 F.3d 178 (2d Cir. 2016) ......................................................................... 9

*Fuld v. Palestine Liberation Org.*,
    578 F. Supp. 3d 577 (S.D.N.Y. 2022) ................................................ 2, 3, 4, 6

*Goldberg v. UBS AG*,
    660 F. Supp. 2d 410 (E.D.N.Y. 2009) ......................................................... 2

*In re Terrorist Attacks on Sept. 11, 2001*,
    714 F.3d 659 (2d Cir. 2013) ......................................................................... 8

*Insurance Corp. of Ireland v. Compagnie des Bauxites de
    Guinee*,
    456 U.S. 694 (1982) .................................................................................1, 3

*Katz v. Donna Karan Co., L.L.C.*,
    872 F.3d 114 (2d Cir. 2017) ......................................................................... 8

*Mallory v. Norfolk Southern Railway Co.*,
    143 S. Ct. 2028 (2023) ........................................................................ *passim*

*Pennsylvania Fire Insurance Co. v. Gold Issue Mining &
    Milling Co.*,
    243 U.S. 93 (1917) ................................................................................... 7, 8

*Sokolow v. Palestine Liberation Org.*,
    607 F. Supp. 3d 323 (S.D.N.Y. 2002) ....................................................... 5, 6

*United States v. Palestine Liberation Org.*,
    695 F. Supp. 1456 (S.D.N.Y. 1988) ............................................................ 7

*United States v. Yousef,*
    327 F.3d 56 (2d Cir. 2003) ................................................................................ 2

## Statutes

22 U.S.C. § 4309a .................................................................................................. 6

PSJVTA § 903 ....................................................................................................... 6

## Other Authorities

*Application of Anti-Terrorism Act of 1987 to Diplomatic Visit of
    Palestinian Delegation*, 46 Op. O.L.C. __, slip op. (2022) ......................... 6, 7

*Statutory Restrictions on the PLO's Washington Office*, 42 Op.
    O.L.C. __, slip op. (2018) ............................................................................ 6, 7

In *Mallory v. Norfolk Southern Railway Co.*, 143 S. Ct. 2028 (2023), the Supreme Court held that by merely filing a business registration statement in Pennsylvania, a corporate defendant "agreed to be found in Pennsylvania and answer any suit there" even if its contacts with the state did not support general or specific jurisdiction. *Id.* at 2037. That is because business registration statutes are among the "'variety of legal arrangements [that] have been taken to represent express or implied consent' to personal jurisdiction consistent with due process." *Id.* at 2038 n.5 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982)) (cleaned up).

Justice Alito's concurrence stated that, when the defendant's conduct triggers a deemed-consent statute, the relevant limitation on state power to adjudicate is not found in the Due Process Clause. Rather, horizontal federalism—arising from the structure of "our constitutional order" and expressed in *other* textual provisions—"restricts a State's power to reach out and regulate conduct that has little if any connection with the State's legitimate interests." *Id.* at 2049-51 & nn.3-4. In *Mallory*, it was difficult "to identify any legitimate local interest" in adjudicating a case between non-citizens of the State arising elsewhere. *Id.* at 2054 (emphasis omitted). Here, in contrast, the United States' interest in adjudicating anti-terrorism cases involving American victims plainly supplies the requisite federal interest. *See United States v. Yousef*,

1

327 F.3d 56, 112 (2d Cir. 2003) ("it cannot be argued seriously that the defendants' conduct was so unrelated to American interests as to render their prosecution in the United States arbitrary or fundamentally unfair"); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 431 (E.D.N.Y. 2009) (similar, in civil ATA case).

**1.** The *Fuld* district court's decision cannot be reconciled with *Mallory*. That court held that an inference of consent to personal jurisdiction may be drawn "only where the defendant's statements or conduct actually signal approval or acceptance." *Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 586 (S.D.N.Y. 2022). The court relied specifically on the Pennsylvania Supreme Court's (now-reversed) holding that the statutory regime "does not render the consent voluntary." *Id.* at 589 n.6. The Supreme Court held the opposite:

> [A] legion of precedents … attach jurisdictional consequences to what some might dismiss as mere formalities…. The truth is, under our precedents a variety of "actions of the defendant" that may seem like technicalities nonetheless can "amount to a legal submission to the jurisdiction of a court." That was so before *International Shoe*, and it remains so today.

*Mallory*, 143 S. Ct. at 2044 (plurality) (quoting *Bauxites*, 456 U.S. at 704-05). Justice Alito agreed on this point to form a majority: no Due Process Clause violation arose, because Norfolk Southern "acted with knowledge of state law when it registered," so the Court may "presume that by registering, it

2

consented to all valid conditions imposed by state law." *Id.* at 2047 (cleaned up).

Indeed, the *dissent* in *Mallory* resembles the *Fuld* opinion. Just as the district court suggested that the PSJVTA reflected "extorted" consent rather than "actual consent," 578 F. Supp. 3d at 587, the dissent asserted that the Pennsylvania statute reflected "manufacture[d] 'consent' " rather than "actual consent," 143 S. Ct. at 2055, 2057. Just as the district court argued that "Congress should not be permitted to circumvent fundamental constitutional rights through such sleight of hand," 578 F. Supp. 3d at 591, the dissent argued that the Court should "not permit state governments to circumvent constitutional limits so easily," 143 S. Ct. at 2055. The district court said that the PSJVTA was attempting to " 'rob' the case law conditioning personal jurisdiction on sufficient contacts with the forum 'of meaning by a back-door thief,' " 578 F. Supp. 3d at 590 (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640 (2d Cir. 2016)) (cleaned up), and the dissent quoted the exact same language, 143 S. Ct. at 2056-57. This argument did not carry the day in *Mallory* and cannot carry the day here.

The *Fuld* district court also relied on *dicta* from *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd.*, 527 U.S. 666 (1999), and on its characterization of the right at issue as "fundamental." But

3

neither *College Savings* nor "fundamental rights" analysis made any appearance in *Mallory*—not even in the dissent.

**2.** The *Sokolow* district court's decision cannot be reconciled with *Mallory*, either. That court struck down the PSJVTA's U.S.-activities prong on the ground that its constitutionality "relies heavily on pre-*International Shoe* case law from the nineteenth century that is now obsolete." *Sokolow v. Palestine Liberation Org.*, 607 F. Supp. 3d 323, 327 (S.D.N.Y. 2002). *Mallory* held that these cases remain good law, 142 S. Ct. at 2037, and reiterated that "a lower court 'should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions,'" *id.* at 2038 (citation omitted). The *Sokolow* district court also misread *Brown* as holding that consent-to-jurisdiction statutes were inconsistent with "the Due Process clause." 607 F. Supp. 3d at 326 n.4. Even if *Brown* had so held, *Mallory* controls now.

**3.** Defendant's "benefit" theory cannot be reconciled with *Mallory*, either. As the plurality explained, while "accepting an in-state benefit with jurisdictional strings attached" is *one* way to consent to personal jurisdiction, it is not the *only* way; even a "trivial thing" like taking "one step" across an "invisible state line" can lead to "jurisdictional consequences [that] are immediate and serious." 143 S. Ct. at 2044. Consent thus may lawfully rest on types of conduct that "may seem like technicalities." *Id.* Business-registration statutes

4

are a good example: they "justify the exercise of general jurisdiction over a corporation in a state in which the corporation ha[s] done *no business at all*." *Brown*, 814 F.3d at 640. Thus, Judge Furman's reason for rejecting Defendants' benefit theory remains sound: "Defendants do not cite, and the Court has not found, any case holding that such receipt of a benefit is a necessary condition" to the exercise of personal jurisdiction. 578 F. Supp. 3d at 595 n.10.

**4.** If this Court were to break new ground by adopting Defendants' novel "benefit" theory, remands would be required. Defendants received numerous benefits from the United States after the PSJVTA's trigger date. Indeed, while this appeal was pending, the Government allowed them to make "expenditures" notwithstanding the statutory bar. *Application of Anti-Terrorism Act of 1987 to Diplomatic Visit of Palestinian Delegation*, 46 Op. O.L.C. __, slip op. at 2 (2022). Defendants' U.S.-based notary activities also reflect a benefit. *See* 607 F. Supp. 3d at 326. Even maintaining their UN mission is a gratuity from the United States Government—which has unilateral power to "expel" Defendants or to "determine the conditions under which they may operate" here. *See Statutory Restrictions on the PLO's Washington Office*, 42 Op. O.L.C. __, slip op. at 2, 9 (2018). "Congress has the power to enact statutes abrogating prior treaties or international obligations," *United States v. Palestine Liberation Org.*, 695 F. Supp. 1456, 1465 (S.D.N.Y. 1988) (emphasis

5

omitted), and UN invitees are "subject to reasonable regulation," 22 U.S.C. § 4309a(a)(1)(B).

*Mallory* also confirms that Defendants cannot claim unfairness if the PSJVTA is "liberally construed to carry out the purposes of Congress to provide relief for victims of terrorism." PSJVTA § 903(d)(1)(A). *Mallory* endorsed *Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917), in which the Court not only upheld implied consent by registration, but also held that a party who engages in a voluntary act in the face of a consent statute—as Defendants did here—"takes the risk of the interpretation that may be put upon it by the courts." *Id.* at 96.

Given the U.S. activities described in the record and additional facts such as those set out in the OLC opinions cited above, remands would be required if this Court adopts Defendants' unprecedented "benefit" theory. Neither district court allowed any discovery concerning Defendants' U.S. activities, which have expanded even while the appeals have been pending; neither court made any findings about those activities; neither construed the statute in light of the facts. It is thus premature to resolve the statutory jurisdictional issues now. District courts "oversee the appropriate extent of fact-finding necessary to resolve…contested jurisdictional issue[s]" and should give Plaintiffs "ample opportunity to secure and present evidence relevant to the existence

6

of jurisdiction where necessary." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (quotation marks omitted). Whether jurisdictional facts exist "is a matter for the District Court to decide after jurisdictional discovery is completed and motions are filed with the benefit of a more complete record." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 679 n.15 (2d Cir. 2013). Moreover, this Court ordinarily asks district courts to address novel legal arguments in the first instance. *Florez v. Cent. Intel. Agency*, 829 F.3d 178, 189 (2d Cir. 2016).

                                        Respectfully submitted,

July 26, 2023            ARNOLD & PORTER KAYE SCHOLER LLP
New York, New York

                                      By: _____
                                             Kent A. Yalowitz
                                             250 West 55th Street
                                             New York, NY 10019-9710
                                             212-836-8000
                                             kent.yalowitz@arnoldporter.com

                                              – and –

                                             Allon Kedem
                                             Dirk C. Phillips
                                             Stephen K. Wirth
                                             Bailey Roe
                                             601 Massachusetts Ave., NW
                                             Washington, DC 20001-3743

                                             *Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and the Court's order dated July 14, 2023, that the foregoing document contains 1496 words and complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century font.

Dated: July 26, 2023                       */s/ Stephen K. Wirth*
                                                              Stephen K. Wirth