# 15-3135(L)

## 15-3151 (XAP); 22-1060 (CON); 22-76(L); 22-496(CON)

# United States Court of Appeals
### FOR THE
## Second Circuit

◆━━━◆◆◆━━━◆

EVA WALDMAN, REVITAL BAUER, individually and as natural guardian of plaintiffs YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, minor, by his next friend and guardian VARDA GUETTA, VARDA GUETTA, individually and as natural guardian of OZ JOSEPH GUETTA, NORMAN GRITZ, individually and as personal representative of the ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, individually and as a natural guardian of plaintiff JAMIE A. SOKOLOW, RENA M. SOKOLOW, individually and as a natural guardian of plaintiff JAIME A. SOKOLOW,

### *(Caption Continued on Inside Cover)*

On Appeal from the United States District Court for the Southern District of New York, Case No. 2004 Civ. 0397

## Defendants' Reply in Support of Their Motion for Supplemental Briefing

JAMIE A. SOKOLOW, minor, by her next friends and guardian MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, individually and as natural guardian of plaintiffs YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER, YEHONATHON BAUER, minor, by his next friend and guardians DR. ALAN J. BAUER and REVITAL BAUER, BINYAMIN BAUER, minor, by his next friend and guardians DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, minor, by his next friend and guardians DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, minor, by his next friend and guardians DR. ALAN J. BAUER and REVITAL BAUER, RABBI LEONARD MANDELKORN, KATHERINE BAKER, individually and as personal representative of the ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN, individually and as personal representative of the ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, individually and as personal representative of THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., individually and as personal representative of the ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, KAREN GOLDBERG, individually, as personal representative of the ESTATE OF STUART SCOTT GOLDBERG/natural guardian of plaintiffs CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG, TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, minor, by her next friend and guardian KAREN GOLDBERG, NEVENKA GRITZ, sole heir of NORMAN GRITZ, DECEASED,

*Plaintiffs - Appellants,*

UNITED STATES OF AMERICA,

*Intervenor - Appellant,*

v.

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, a/k/a PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY and/or PALESTINIAN COUNCIL and/or PALESTINIAN NATIONAL AUTHORITY,

*Defendants - Appellees,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, a/k/a AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, a/k/a ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, a/k/a ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, a/k/a HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESTATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, deceased, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, deceased, ESTATE OF MAZAN FARITACH, deceased, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*Defendants.*



MIRIAM FULD, individually, as natural guardian of plaintiff NATAN SHAI FULD, and as personal representative and administrator of the ESTATE OF ARI YOEL FULD, deceased; NATAN SHAI FULD, minor, by his next friend and guardian MIRIAM FULD; NAIOMI FULD; TAMAR GILA FULD; ELIEZER YAKIR FULD,

*Plaintiffs-Appellants,*

UNITED STATES OF AMERICA,

*Intervenor-Appellant,*

v.

PALESTINE LIBERATION ORGANIZATION; PALESTINIAN AUTHORITY, a/k/a PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY and/or PALESTINIAN COUNCIL and/or PALESTINIAN NATIONAL AUTHORITY,

*Defendants-Appellees.*

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Counsel for Defendants-Appellees*

The briefing on the Motion to Remand demonstrates the complex issues that stand between Plaintiffs and their attempt to impose jurisdiction created by a recent statute on a closed case, and to reinstate a judgment made without personal jurisdiction. Plaintiffs' motion devotes nearly twenty pages to the mandate recall issue, and Plaintiffs will likely use yet more pages in their reply on that issue—but they touch on other important subjects only briefly. Plaintiffs repeatedly attack Defendants ("transparent delay tactic," "not a genuine effort," "makeweight," "rehash") for asking for briefing, though such briefing is commonly ordered by this Court after a Supreme Court decision. *Sokolow* is not like *Fuld* or other cases where the application of the decision is straightforward.

Nor have Defendants delayed this case, as Plaintiffs claim. The case itself was closed many years ago. This collateral litigation has only continued because Plaintiffs cling to a flawed verdict entered a decade ago, which was the product of improper expert testimony that effectively relieved them of their burden of proof. That it has taken years to resolve personal jurisdiction (overturning long-established precedent in every circuit) does not excuse Plaintiffs from defending their use of improper

1

expert testimony, nor can it resuscitate a void judgment in a closed case. Plaintiffs, at least, concede that Defendants have preserved those arguments. Pl. Mot., Doc. 631 at 5; Pl. Opp., Doc. 633 at 3.

The mandate recall issue has been discussed in Plaintiffs' motion to remand, though Defendants believe that separate briefing would be beneficial. And if this Court has sufficient input from the parties on the issue of whether it can reimpose a judgment made without personal jurisdiction, despite this being a closed case for years, Defendants will stand on their arguments. But as explained in Defendants' response to the motion to remand, the issue is novel and complicated – and nearly untouched by Plaintiffs in their 20-page motion – and so would benefit from full briefing.

The expert witness issue, however, is different for two reasons. First, when the issue was briefed earlier in this mandate-recall satellite litigation, Defendants addressed the expert issue in their *appellee* brief on the PSJVTA to avoid any later claims of waiver. *See* Def. Br., Doc. 523 at 79-88. But in their *reply* brief *to which Defendants could not respond* Plaintiffs devoted twenty pages to the issue, with brand-new arguments and cases they did not use in their original response brief in 2015.

2

*Compare* Pl. Br., Doc. 542 at 40-61 *with* Pl. Br., Doc. 96 at 52-68. It is thus Plaintiffs that already had a second bite at the apple and Defendants, because they were the appellees in the PSJVTA briefing, never had an opportunity to file a reply. At a minimum, Defendants should be allowed to file a reply brief on the expert issue responding to Plaintiffs' arguments.

Second, recent developments throw additional light on Defendants' arguments since their last brief addressing the expert witness issue in January 2023. In particular, many opinions in the last two years have discussed the prohibitions on ultimate-issue experts in terrorism litigation. Contrary to Plaintiffs' claims, Defendants referenced one new decision in their motion (at 14), but there are many others. *See, e.g., In re Terrorist Attacks on September 11, 2001*, No. 03-md-01570, 2025 WL 2476303, at *1-2, 6-12 (S.D.N.Y. Aug. 28, 2025) (completely excluding three proffered terrorism experts), 2025 WL 2383768 (Aug. 18, 2025) & 2024 WL 5077293, at *14 (Dec. 11, 2024); *see also Lane v. Am. Airlines, Inc.*, No. 18-6110, 2024 WL 1200074, at *19 (E.D.N.Y. Mar. 20, 2024) (excluding opinion constructing a "factual narrative" by "rehash[ing] … evidence about which he has no personal knowledge") (citations omitted);

3

*Hayden v. IBM Corp.*, No. 21-2485, 2025 WL 1697021 at *9 (S.D.N.Y. June 17, 2025).

The increasing recognition of the impropriety of such testimony led to the amendment of Fed. R. Evid. 702 in December 2023 to ensure courts understood that Plaintiffs bear the burden to establish all four criteria (helpfulness, sufficiency, methodology, and application) by a preponderance of the evidence, rather than simply presenting some evidence of reliable methods. Fed. R. Evid. 702, note to 2023 amendment ("But many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).").

Defendants believe supplemental briefing on the effects of the Supreme Court's decision on this case would be helpful to this Court and would create a more fulsome record in the event of any additional review. At the least, however, this Court should allow Defendants to file the reply brief on the experts described above about why the testimony of Plaintiffs' experts—the only liability witnesses they presented at trial—should have been excluded.

4

Respectfully Submitted,

September 2, 2025

SQUIRE PATTON BOGGS (US) LLP

/s/ *Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

5

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1.     This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 802 words, excluding the parts exempted by Rule 32(f).

2.     This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook, 14-Point font.

*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellees*

6

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs.

*/s/ Gassan A. Baloul*
Gassan A. Baloul

7