15-3135-cv (L)
Waldman v. Palestine Liberation Organization

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term 2022
Argued: May 3, 2023
Decided: September 8, 2023

Docket Nos. 15-3135-cv (L), 15-3151-cv (XAP), 22-1060-cv (Con)

_____

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF
PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA
BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, MINOR,
BY HIS NEXT FRIEND AND GUARDIAN VARDA GUETTA, VARDA GUETTA,
INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA,
NORMAN GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN
OF PLAINTIFF JAMIE A. SOKOLOW, RENA M. SOKOLOW, INDIVIDUALLY AND AS A
NATURAL GUARDIAN OF PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR,
BY HER NEXT FRIENDS AND GUARDIAN MARK I. SOKOLOW AND RENA M. SOKOLOW,
LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD
ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA
NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS
NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER,
DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT
FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN
BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND
REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR.
ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND
AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, RABBI LEONARD
MANDELKORN, KATHERINE BAKER, INDIVIDUALLY AND AS PERSONAL

REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT GOLDBERG/NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG, TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*Plaintiffs – Appellants,*

UNITED STATES OF AMERICA,

*Intervenor – Appellant,*

—v.—

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY AND/OR PALESTINIAN COUNCIL AND/OR PALESTINIAN NATIONAL AUTHORITY,

*Defendants – Appellees,*

2

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESTATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*Defendants.*\*

_____

Before: LEVAL AND BIANCO, *Circuit Judges*, AND KOELTL, *District Judge*.\*\*

The plaintiffs, a group of United States citizens injured during terror attacks in Israel and the estates or survivors of United States citizens killed in such attacks, brought this action against the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, seeking damages for alleged violations of the ATA related to those attacks. This Court concluded on appeal that the district court lacked both general and specific jurisdiction over the PLO and the PA, and we therefore vacated the judgment entered against the defendants and remanded the action for dismissal. The plaintiffs later moved to recall the mandate in this case based on a new statute, the Anti-Terrorism Clarification Act of 2018, Pub. L. No. 115-253, 132 Stat. 3183. We denied that motion because the statute's prerequisites had not been met.

Congress responded with the statute now at issue, the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, § 903(c), 133 Stat. 2534, 3082. The PSJVTA provides that the PLO and the PA "shall be deemed to have consented to personal jurisdiction" in any civil ATA action if, after a specified time, those entities either (1) make payments, directly or

_____

\* The Clerk of Court is directed to amend the official caption as set forth above.

\*\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

3

indirectly, to the designees or families of incarcerated or deceased terrorists, respectively, whose acts of terror injured or killed a United States national, or (2) undertake any activities within the United States, subject to limited exceptions. 18 U.S.C. § 2334(e). In light of this new statute, the Supreme Court vacated and remanded our decision denying the motion to recall the mandate, and we in turn remanded the case to the district court for the limited purpose of considering the PSJVTA. The district court (Daniels, J.) concluded that the defendants had engaged in jurisdiction-triggering conduct under the statute, but that the PSJVTA violated constitutional due process requirements. Both the plaintiffs and the Government now dispute the latter conclusion, and the plaintiffs argue generally that the PSJVTA justifies recalling the mandate.

In Fuld v. Palestine Liberation Organization, __ F.4th __, No. 22-76 (2d Cir. Sept. 8, 2023), which we also decide today, we conclude that the PSJVTA's provision for "deemed consent" to personal jurisdiction is inconsistent with the Fifth Amendment's Due Process Clause. Thus, no basis exists to recall the mandate in this case, and the plaintiffs' motion to recall the mandate is **DENIED**.

_____

KENT A. YALOWITZ, Arnold & Porter Kaye Scholer LLP, New York, NY (Avishai D. Don, Arnold & Porter Kaye Scholer LLP, New York, NY, Allon Kedem, Dirk C. Phillips, Stephen K. Wirth, Bailey M. Roe, Arnold & Porter Kaye Scholer LLP, Washington, D.C., *on the brief*), *for Plaintiffs-Appellants.*

MITCHELL R. BERGER, Squire Patton Boggs (US) LLP, Washington, D.C. (Gassan A. Baloul, Squire Patton Boggs (US) LLP, Washington, D.C., *on the brief*), *for Defendants-Appellees.*

BENJAMIN H. TORRANCE, Assistant United States Attorney, Of Counsel *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY (Brian M. Boynton, Principal Deputy Assistant Attorney General, Sharon Swingle, Attorney, Appellate Staff, Civil Division, U.S. Department of Justice,

Washington, D.C., *on the brief*), *for Intervenor-Appellant United States of America.*

Tejinder Singh, Sparacino PLLC, Washington, D.C., *for Amici Curiae Abraham D. Sofaer and Louis J. Freeh in Support of Plaintiffs-Appellants and Intervenor-Appellant.*

J. Carl Cecere, Cecere PC, Dallas, TX, *for Amici Curiae Senators and Representatives Charles E. Grassley, Jerrold Nadler, Richard Blumenthal, James Lankford, Sheldon Whitehouse, Kathleen Rice, Bradley E. Schneider, and Grace Meng in Support of Plaintiffs-Appellants and Intervenor Appellant.*

Joshua E. Abraham, Abraham Esq. PLLC, New York, NY, *for Amici Curiae Constitutional Law Scholars Philip C. Bobbitt, Michael C. Dorf, and H. Jefferson Powell in Support of Plaintiffs-Appellants.*

Dina Gielchinsky, Osen LLC, Hackensack, NJ, *for Amici Curiae Organizations Providing Support to Victims of Terror in Support of Plaintiffs-Appellants.*

Tad Thomas, Jeffrey R. White, American Association for Justice, Washington, D.C., *for Amici Curiae American Association for Justice in Support of Plaintiffs-Appellants.*

———————

PER CURIAM:

The plaintiffs, a group of United States citizens injured during terror attacks in Israel and the estates or survivors of United States citizens killed in such attacks, brought this action against the Palestine Liberation Organization ("PLO") and the

Palestinian Authority ("PA") pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, seeking damages for alleged violations of the ATA related to those attacks. See id. § 2333(a). On appeal from a substantial post-trial judgment entered against the defendants, this Court concluded that the district court lacked both general and specific personal jurisdiction over the PLO and the PA. See Waldman v. Palestine Liberation Org., 835 F.3d 317, 344 (2d Cir. 2016) ("Waldman I"), cert. denied sub nom. Sokolow v. Palestine Liberation Org., 138 S. Ct. 1438 (2018) (mem.). We accordingly vacated the judgment and remanded the action for dismissal of the plaintiffs' claims. Id. Our mandate issued on November 28, 2016.

Since that time, Congress has twice enacted statutes purporting to establish personal jurisdiction over the PLO and the PA on the basis of consent, which, when validly given, may constitute an independent basis for subjecting a defendant to suit in a forum lacking general and specific jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 & n.14 (1985); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703–04 (1982); see also Mallory v. Norfolk S. Ry. Co., 143 S. Ct. 2028, 2039 (2023) (plurality opinion). After the passage of the first such statute, the Anti-Terrorism Clarification Act of 2018 ("ATCA"), Pub. L. No. 115-253, 132 Stat. 3183, the plaintiffs moved to recall the

mandate in this case. In June 2019, we denied that motion because the ATCA's prerequisites for personal jurisdiction had not been satisfied. See Waldman v. Palestine Liberation Org., 925 F.3d 570, 574–76 (2d Cir. 2019) ("Waldman II") (per curiam), cert. granted, judgment vacated sub nom. Sokolow v. Palestine Liberation Org., 140 S. Ct. 2714 (2020) (mem.).

Congress responded with the enactment of the statute now at issue, the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, § 903(c), 133 Stat. 2534, 3082. The PSJVTA provides that the PLO and the PA "shall be deemed to have consented to personal jurisdiction" in any civil ATA action, irrespective of "the date of the occurrence" of the underlying "act of international terrorism," upon engaging in certain forms of post-enactment conduct, namely (1) making payments, directly or indirectly, to the designees or families of incarcerated or deceased terrorists, respectively, whose acts of terror injured or killed a United States national, or (2) undertaking any activities within the United States, subject to a handful of exceptions. 18 U.S.C. § 2334(e)(1).

The Supreme Court vacated and remanded our decision in Waldman II in light of the PSJVTA's enactment, see Sokolow, 140 S. Ct. 2714, and we in turn remanded to the district court for the limited purpose of considering the new

statute's effect on this case. The district court (Daniels, <u>J.</u>) concluded that the defendants had engaged in jurisdiction-triggering conduct under the statute, but that the PSJVTA's "deemed consent" provision violated constitutional due process requirements. The plaintiffs dispute the latter conclusion, and they argue generally that the PSJVTA justifies recalling this Court's mandate. The Government, as intervenor pursuant to 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 5.1(c), joins the plaintiffs in defending the PSJVTA's constitutionality.

We address the very same constitutional issue in <u>Fuld v. Palestine Liberation Organization</u>, __ F.4th __, No. 22-76 (2d Cir. Sept. 8, 2023), which we also decide today. In <u>Fuld</u>, we conclude that the PSJVTA's provision for "deemed consent" to personal jurisdiction is inconsistent with the Due Process Clause of the Fifth Amendment. Thus, the statute cannot be applied to establish personal jurisdiction over the PLO or the PA, and as a result, no basis exists to recall the mandate in this case.

## I. BACKGROUND

We assume familiarity with <u>Waldman I</u>, <u>Waldman II</u>, and our decision today in <u>Fuld</u>, which collectively detail the history of this litigation and the relevant statutory background.

8

The plaintiffs commenced this action against the PLO and the PA in 2004, invoking the ATA's civil damages remedy for "national[s] of the United States injured . . . by reason of an act of international terrorism."[1] 18 U.S.C. § 2333(a). Throughout the pretrial proceedings, the PLO and the PA repeatedly moved to dismiss the claims against them for lack of personal jurisdiction. All of those motions were denied. The district court determined that it could exercise general jurisdiction over the defendants, see Sokolow v. Palestine Liberation Org., No. 04-cv-397, 2011 WL 1345086, at *7 (S.D.N.Y. Mar. 30, 2011), even after the Supreme Court narrowed the applicable test for general jurisdiction in Daimler AG v. Bauman, 571 U.S. 117 (2014).[2] See Sokolow v. Palestine Liberation Org., No. 04-cv-397, 2014 WL 6811395, at *1 (S.D.N.Y. Dec. 1, 2014).

After a seven-week trial beginning in January 2015, a jury found the defendants liable for six of the terror attacks at issue and awarded damages of

---

[1] As explained in Fuld, the PA was established under the 1993 Oslo Accords to serve as the non-sovereign and interim governing body of parts of the Gaza Strip and the West Bank (collectively referred to here as "Palestine"). The PLO, an entity founded in 1964, conducts Palestine's foreign affairs and serves as a Permanent Observer to the United Nations on behalf of the Palestinian people.

[2] For procedural reasons not relevant here, the proceedings before the district court are captioned differently, as Sokolow v. Palestine Liberation Organization, No. 04-cv-397 (S.D.N.Y.).

$218.5 million, an amount automatically trebled to $655.5 million pursuant to the ATA. See Waldman I, 835 F.3d at 322, 324; 18 U.S.C. § 2333(a). During the trial and again in post-trial briefing, the defendants unsuccessfully reasserted their argument that the case should be dismissed for lack of personal jurisdiction. The district court rejected those arguments and entered final judgment. The defendants then made the same arguments on appeal to this Court.

In Waldman I, this Court agreed with the defendants. The decision explained that the PLO and the PA have a Fifth Amendment due process right not to be sued in a forum with which they have insufficient contacts, see Waldman I, 835 F.3d at 329, and that the personal jurisdiction analysis is "basically the same under both the Fifth and Fourteenth Amendments," id. at 330. Applying Daimler, we determined that the district court lacked general jurisdiction because the PLO and the PA are not "at home" in the United States, but "in Palestine, where these entities are headquartered and from where they are directed." Id. at 334 (emphasis omitted) (citing Daimler, 571 U.S. at 139 n.20). We also found that the district court could not subject the defendants to specific jurisdiction, given the absence of any "substantial connection" between their "suit-related conduct — their role in the six terror attacks at issue — [and] . . . the forum." Id. at 335 (citing Walden v. Fiore,

10

571 U.S. 277, 284 (2014)). Thus, "[t]he district court could not constitutionally exercise either general or specific personal jurisdiction over the defendants." Id. at 344. We vacated the judgment of the district court and remanded the action "with instructions to dismiss the case for want of personal jurisdiction."[3] Id. at 322.

Our mandate issued on November 28, 2016. See Judgment Mandate, No. 15-3135, Doc. No. 248 (2d Cir. Nov. 28, 2016). The plaintiffs then filed a petition for a writ of certiorari, which was denied in April 2018. See Sokolow, 138 S. Ct. at 1438.

Congress responded to Waldman I and similar decisions with the enactment of the ATCA, Pub. L. No. 115-253, 132 Stat. 3183, a precursor to the statute at issue here. The ATCA amended the ATA to include a new subsection, 18 U.S.C. § 2334(e), which provided that a defendant would "be deemed to have consented to personal jurisdiction in . . . [a civil ATA] action if," following a 120-day period after the ATCA's enactment, the defendant (1) "accept[ed]" certain "form[s] of

---

[3] As discussed in Fuld, the United States Court of Appeals for the District of Columbia Circuit similarly concluded that federal courts lacked both general and specific jurisdiction over the PLO and the PA in civil ATA cases related to terrorist activity abroad. See Livnat v. Palestinian Auth., 851 F.3d 45, 54–58 (D.C. Cir. 2017) (concluding that exercising general or specific jurisdiction over the PA would not "meet the requirements of the Fifth Amendment's Due Process Clause"), cert. denied, 139 S. Ct. 373 (2018) (mem.); see also Shatsky v. Palestine Liberation Org., 955 F.3d 1016, 1036–37 (D.C. Cir. 2020) (same as to both the PLO and the PA); Est. of Klieman v. Palestinian Auth., 923 F.3d 1115, 1123–26 (D.C. Cir. 2019) (same), judgment vacated on other grounds, 140 S. Ct. 2713 (2020) (mem.), opinion reinstated in part, 820 F. App'x 11 (D.C. Cir. 2020) (mem.).

assistance" from the United States, or (2) "maintain[ed]" an office "within the jurisdiction of the United States" pursuant to a waiver or suspension of 22 U.S.C. § 5202, a provision barring the PLO from operating any such office. ATCA § 4, 132 Stat. at 3184. The ATCA took effect on October 3, 2018.

Several days later, on October 8, 2018, the plaintiffs filed a motion to recall the November 2016 mandate issued in this action. The plaintiffs argued that the ATCA established personal jurisdiction over the defendants with regard to the previously dismissed claims. We rejected that contention in Waldman II, reasoning that "[t]he plaintiffs ha[d] not shown that either factual predicate . . . of the ATCA [was] satisfied." 925 F.3d at 574. Specifically, the plaintiffs did not dispute that the PLO and the PA were no longer "accept[ing] qualifying assistance" from the United States, and they had failed to show that the defendants were maintaining any offices "within the jurisdiction of the United States" while "benefit[ing] from a waiver or suspension" of 22 U.S.C. § 5202. Id. at 574–75. For these reasons, and in light of "[t]his Court's interest in finality," we concluded that the circumstances did not "warrant invoking the extraordinary remedy of recalling a mandate issued two and a half years" earlier. Id. at 575–76.

12

Accordingly, on June 3, 2019, the plaintiffs' motion to recall the mandate was denied. Id. at 576.

While the plaintiffs' petition for a writ of certiorari from Waldman II was pending, Congress acted again, this time enacting the PSJVTA on December 20, 2019. See Pub. L. No. 116-94, § 903(c), 133 Stat. 2534, 3082. A detailed description of the PSJVTA is set forth in Fuld. Briefly, § 903(c) of the PSJVTA superseded the ATCA provision codified at 18 U.S.C. § 2334(e), resulting in a narrowed definition of the term "defendant," which now refers solely to the PLO, the PA, and any "successor[s]" or "affiliate[s]" thereof.[4] 18 U.S.C. § 2334(e)(5). The PSJVTA also specified new post-enactment conduct that would be "deemed" to constitute "consent" to personal jurisdiction in civil ATA actions, "regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filed." Id. § 2334(e)(1).

These new factual predicates for "deemed consent" are listed in two prongs, subparagraphs (A) and (B) of 18 U.S.C. § 2334(e)(1). The first prong provides that

---

[4] As stated in Fuld, the PSJVTA also includes a number of additional provisions, but we do not pass on the constitutionality of any portion of the PSJVTA other than § 903(c). For purposes of clarity, this opinion refers to § 903(c) as the PSJVTA, which is consistent with the opinion in Fuld, as well as with the nomenclature used in the district court's decisions and the parties' briefs on appeal.

"a defendant shall be deemed to have consented to personal jurisdiction" if, after

April 18, 2020, the defendant "makes any payment, directly or indirectly":

> (i) to any payee designated by any individual who, after being fairly
> tried or pleading guilty, has been imprisoned for committing any act
> of terrorism that injured or killed a national of the United States, if
> such payment is made by reason of such imprisonment; or

> (ii) to any family member of any individual, following such
> individual's death while committing an act of terrorism that injured
> or killed a national of the United States, if such payment is made by
> reason of the death of such individual.

Id. § 2334(e)(1)(A). Under the second prong, "a defendant shall be deemed to have

consented to personal jurisdiction" if, after January 4, 2020, the defendant

"continues to maintain," "establishes," or "procures any office, headquarters,

premises, or other facilities or establishments in the United States," or otherwise

"conducts any activity while physically present in the United States on behalf of

the [PLO] or the [PA]." Id. § 2334(e)(1)(B). The PSJVTA exempts "certain activities

and locations" from the reach of this second prong, including, among others,

conduct related to "official business of the United Nations."[5]  Id. § 2334(e)(3).

---

[5] In particular, and as discussed in Fuld, the PSJVTA includes exceptions for facilities and
activities devoted "exclusively [to] the purpose of conducting official business of the
United Nations," id. § 2334(e)(3)(A)–(B), specified activities related to engagements with
United States officials or legal representation, id. § 2334(e)(3)(C)–(E), and any activities
"ancillary to [those] listed" in these exceptions, id. § 2334(e)(3)(F). Congress also provided

14

Several months after the PSJVTA's enactment, the Supreme Court granted the plaintiffs' petition for a writ of certiorari, vacated the judgment in Waldman II, and remanded the case "for further consideration in light of the [PSJVTA]." Sokolow, 140 S. Ct. at 2714. On September 8, 2020, this Court in turn issued an order pursuant to United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), remanding the action to the district court "for the limited purposes of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality," Order, No. 15-3135, Doc. No. 368 (Sept. 8, 2020). We stated that "[a]fter the district court has concluded its consideration, the case will be returned to this Court for further proceedings," and that in the meantime, the plaintiffs' motion to recall the November 2016 mandate would be "held in abeyance." Id.

After this limited remand to the district court, the Government intervened in the action to defend the constitutionality of the PSJVTA. See 28 U.S.C. § 2403(a); Fed. R. Civ. P. 5.1(c). Several months later, on March 10, 2022, the district court issued a decision related to the questions presented in our Jacobson remand order. See Sokolow v. Palestine Liberation Org., 590 F. Supp. 3d 589 (S.D.N.Y.),

---

that the PSJVTA "shall apply to any case pending on or after August 30, 2016," PSJVTA § 903(d)(2), 133 Stat. at 3085, just one day before this Court's decision in Waldman I.

reconsideration denied, 607 F. Supp. 3d 323 (S.D.N.Y. 2022). The district court found that the defendants had triggered the PSJVTA's first prong, 18 U.S.C. § 2334(e)(1)(A), because the "[p]laintiffs ha[d] presented sufficient evidence to support the determination that [the] [d]efendants . . . made [qualifying] payments after April 18, 2020."[6] Id. at 594. Nonetheless, the district court determined that "[t]he conduct identified in the [first prong] is insufficient to support a finding that [the] [d]efendants have consented to personal jurisdiction," id. at 596, and accordingly, the statute "violate[s] [constitutional] due process," id. at 597.

On March 24, 2022, we reinstated the proceedings concerning the plaintiffs' motion to recall the mandate. The plaintiffs then moved for reconsideration of the district court's March 10, 2022 decision, specifically requesting that the district court make factual findings under the PSJVTA's second prong and consider its constitutionality. We stayed the proceedings in this Court pending the resolution of that motion.

---

[6] Specifically, the district court found that the defendants had made payments "to the families of individuals killed while committing acts of terrorism . . . [that] harmed U.S. nationals," thereby triggering 18 U.S.C. § 2334(e)(1)(A)(ii). Sokolow, 590 F. Supp. 3d at 594. The district court did not address whether the defendants had made payments to the designees of incarcerated terrorists, see 18 U.S.C. § 2334(e)(1)(A)(i), and it also declined to "reach the issue of whether the factual predicates in . . . 18 U.S.C. § 2334(e)(1)(B)," the PSJVTA's second prong, "ha[d] been met." Sokolow, 590 F. Supp. 3d at 595 n.3.

16

The district court denied the motion for reconsideration on June 15, 2022. See Sokolow v. Palestine Liberation Org., 607 F. Supp. 3d 323, 324 (S.D.N.Y. 2022). It declined to resolve the parties' factual dispute as to whether the defendants' United States activities were exempt from the PSJVTA's second prong, because "[e]ven accepting [the] [p]laintiffs' argument" that no exception applied, the "types of conduct" at issue did not evince "any intention on the part of [the] [d]efendants to legally submit to suit in the United States."[7] Id. at 326. In light of that determination and its March 10, 2022 decision, the district court concluded that "the exercise of [personal] jurisdiction under either of the PSJVTA's two jurisdiction-triggering prongs would violate due process." Id. at 327–28.

With the plaintiffs' motion for reconsideration resolved, we lifted the stay on these proceedings concerning the motion to recall the mandate.

---

[7] To support their argument that the defendants had engaged in nonexempt activities "while physically present in the United States," 18 U.S.C. § 2334(e)(1)(B)(iii), the plaintiffs pointed to the defendants' "provision of consular services in the United States, their interviews with prominent media and social media activity, and their maintenance of an office in New York." Sokolow, 607 F. Supp. 3d at 325. The defendants did "not dispute" that they had engaged in these activities; instead, the defendants argued that all of the conduct in question fell within the PSJVTA's exemptions for UN-related conduct. Id. at 325–26; see 18 U.S.C. § 2334(e)(3)(A), (F). The district court found that it was unnecessary to resolve this issue, and we need not resolve it on appeal.

17

## II.  DISCUSSION

Our principal task is to give "further consideration" to the motion at issue in <u>Waldman II</u> — that is, the plaintiffs' October 2018 motion to recall this Court's November 2016 mandate — "in light of the [PSJVTA]." <u>Sokolow</u>, 140 S. Ct. at 2714.

"We possess an inherent power to recall a mandate, subject to review for abuse of discretion." <u>Taylor v. United States</u>, 822 F.3d 84, 90 (2d Cir. 2016) (internal quotation marks omitted and alteration adopted). However, "[i]n recognition of the need to preserve finality in judicial proceedings, . . . we exercise [this] authority sparingly and only in exceptional circumstances." <u>Id.</u> (internal quotation marks omitted and alteration adopted); <u>see also</u> <u>Calderon v. Thompson</u>, 523 U.S. 538, 550 (1998). In some cases, the enactment of a new statute might justify the exercise of our power to recall a previously issued mandate. <u>Cf.</u> <u>Sargent v. Columbia Forest Prods., Inc.</u>, 75 F.3d 86, 90 (2d Cir. 1996) (noting that a recall may be warranted where changes in governing law cast serious doubt on a previous judgment). But given today's decision in <u>Fuld</u>, this case is not one of them.

The plaintiffs make a variety of arguments in support of their position that "[t]his Court should recall the mandate, apply the PSJVTA in this case, and remand to the district court with instructions to reinstate its original judgment

18

based on the jury's verdict." Pls.' Br. at 2. All of those arguments, however, flow from the premise that the PSJVTA "establishes [consent-based] personal jurisdiction" over the PLO and the PA in a manner consistent with due process. Id. at 26. We reach the opposite conclusion today in Fuld, and we incorporate the entirety of Fuld's analysis here. Thus, as set forth in Fuld, the PSJVTA's provision for "deemed consent" to personal jurisdiction violates the Fifth Amendment's Due Process Clause.

Because we find in Fuld that the PSJVTA is unconstitutional, the statute cannot be applied to establish personal jurisdiction over the PLO or the PA in this case. Accordingly, no basis exists to recall the November 2016 mandate that issued after Waldman I, where we determined that the plaintiffs' claims had to be "dismiss[ed] . . . for want of personal jurisdiction." 835 F.3d at 322. In view of this conclusion, it is unnecessary to address the parties' various disputes that assume the constitutionality of the PSJVTA.

We reiterate that the terror attacks at issue in this litigation were "unquestionably horrific." Id. at 344. But as we stated in Waldman I and reaffirm today in Fuld, "the federal courts cannot exercise jurisdiction in a civil case beyond the limits" of the Due Process Clause, "no matter how horrendous the underlying

19

attacks or morally compelling the plaintiffs' claims." Id. The PSJVTA's provision for "deemed consent" to personal jurisdiction exceeds those constitutional limits, and accordingly, the statute supplies no basis for taking the extraordinary step of recalling this Court's mandate.

## CONCLUSION

We have considered all of the arguments of the parties and their amici. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion to recall the November 2016 mandate is **DENIED.**